UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW BOROWSKI

                Plaintiff,                23-CV-257

v.

U.S. CUSTOMS AND BORDER
PROTECTION

                Defendant.
_____


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS


                TRINI E. ROSS
                United States Attorney

BY:    MARY K. ROACH
          Assistant United States Attorney
          Western District of New York
          138 Delaware Avenue
          Buffalo, New York 14202
          716-843-5866
          Mary.K.Roach@usdoj.gov

## TABLE OF CONTENTS

I. BACKGROUND...................................................................................................2

    A. CBP'S Trusted Travel Program........................................................................2

    B. Plaintiff's NEXUS Membership .......................................................................4

    C. Plaintiff's FOIA Request .................................................................................4

II. LEGAL STANDARDS.........................................................................................5

III. ARGUMENT........................................................................................................5

    A. Plaintiff's Claim Under the APA Must Be Dismissed for Lack of Subject Matter Jurisdiction.........................................................................................................5

    B. Plaintiff's FOIA Claim Must Be Dismissed for Lack of Subject Matter Jurisdiction .......................................................................................................10

IV. CONCLUSION...................................................................................................12

# TABLE OF AUTHORITIES

**Federal Cases**

*Abbott Laboratories v. Gardner*, 387 U.S. 136, 140 (1967) ............................................................... 9

*Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) ............................................................................... 10

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015) ........................................................................... 5

*Department of Homeland Sec. v. Regents of the Univ. of California*, 1405 Ct. 1891, 1905 (2020) ........................................................................... 9

*Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) ........................................... 11

*Farm Sanctuary v. United States Department of Agriculture*, __ F.Supp. 3d ___, 2023 WL 2673141 (W.D.N.Y. Mar. 28, 2023) ........................................................................... 6

*Fero v. Excellus Health Plan, Inc.*, 236 F.Supp.3d 735, 746 (W.D.N.Y. 2017) ............................... 5

*Ferranti v. Gilfillan*, No. 04-CV-339, 2005 U.S. Dist. LEXIS 11131 (D. Conn. May 31, 2005) ........................................................................... 12

*Harvey v. Lynch*, 123 F. Supp. 3d 3, 7 (D.D.C. 2015) (quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ........................................................................... 11

*Heckler v. Chaney*, 470 U.S. 821, 830 (1985) ............................................................................... 6,9

*Heily v. DOD*, 896 F. Supp. 2d 25, 37 (D.D.C. 2012) ................................................................... 12

*Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir. 1998) ................................... 10

*Jajati v. Customs and Border Protection*, 22-CV-175, 2022 WL 9529850 at *5 (S.D. Cal. Oct. 14, 2022) ........................................................................... 8

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ......................................................... 5

*McLean v. Morgan*, 20-CV-2145, 2020 U.S. Dist. LEXIS 157303 (D. Kan. Aug. 28, 2020) ........ 8

*McLeod v. United States Department of Homeland Security*, No. 15-CV-1792, 2017 WL 4220398*2 (KBJ)(D.D.C. Sept. 21, 2017) ........................................................................... 4

*Perry v. Block*, 684 F.2d 121, 125 (D.C.Cir.1982) ........................................................................ 11

*Roberts v. Napolitano*, 792 F. Supp. 2d 67, 73 (D.D.C. 2011) ..................................................... 6,7

*Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) ........................................ 5

*Tandon v. Captains Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) ............. 5

*Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) ................................................................ 11

*United States v. Bond*, 762 F.3d 225, 263 (2d Cir. 2014) ................................................................ 5

*Woodward v. Customs and Border Protection*,
CV-20-00151, 2022 WL 294214 at *4 (D. Az. Feb 1, 2022) ................................................. 8,9, 10

**Statutes**

5 U.S.C. § 552 .................................................................................................................... 1, 11

5 U.S.C. § 552(a)(4)(B) ........................................................................................................... 11

5 U.S.C. § 701(a)(2) .................................................................................................................. 6

5 U.S.C. § 706(2)(A) ................................................................................................................. 6

5 U.S.C. §§ 701 .......................................................................................................................... 1

8 U.S.C. § 1365b(k)(3) .............................................................................................................. 7

8 U.S.C. § 1753 ..................................................................................................................... 2, 7

Fed.R.Civ.P. 12(b)(1) ................................................................................................................ 5

**Regulations**

8 C.F.R. 235.12 .......................................................................................................................... 8

74 Fed. Reg. 59932, 59934 (Nov. 19, 2009) ............................................................................. 7

75 Fed. Reg. 82,202 (Dec. 29 2010) ............................................................................... 2, 3, 8, 9

85 Fed. Reg. 55597, 55598 (Sept. 9, 2020) ............................................................................. 10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW BOROWSKI

                          Plaintiff,                        23-CV-257

v.

U.S. CUSTOMS AND BORDER
PROTECTION

                          Defendant.
_____

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

      Plaintiff seeks review of U.S. Customs and Border Protection's ("CBP") discretionary decision to deny the renewal of his membership in one of CBP's trusted traveler programs under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, *et seq.* However, this Court lacks subject matter jurisdiction over Plaintiff's claim because the APA does not authorize judicial review of this decision, which is left to CBP's sole discretion, and because plaintiff has not sustained a legal wrong.

      Plaintiff further asks the Court to order disclosure of records sought in his request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. However, this claim is now moot because CBP has provided plaintiff a copy of the documents responsive to his FOIA request. Accordingly, this Court also lacks subject matter jurisdiction over Plaintiff's claim under FOIA.

      Therefore, CBP requests that this Court dismiss Plaintiff's complaint in its entirety.

## I. BACKGROUND

### A. CBP's Trusted Traveler Programs

CBP operates four Trusted Traveler Programs ("TTP")— NEXUS, Secure Electronic Network for Travelers Rapid Inspection ("SENTRI"), Free and Secure Trade ("FAST") and Global Entry—that provide pre-approved, low-risk travelers with facilitated processing into the United States through dedicated lanes and kiosks. Declaration of Michael J. Millich ("Millich Dec.") filed herewith, ¶6-7. NEXUS' authorizing statute, 8 U.S.C. § 1753, provides:

> United States border inspections, agencies, including the Immigration and Naturalization Service, acting jointly and under an agreement of cooperation with the Government of Canada, may conduct joint United States-Canada inspections projects on the international border between the two countries. Each such project may provide alternative inspections services and shall undertake to harmonize the criteria for inspections applied by the two countries in implementing those projects.

8 U.S.C. § 1753(a). Section 1753(c) further specifies that the APA "shall not apply to fee setting for services and other administrative requirements relating to projects described in subsection (a)."

NEXUS, established under this statute in 2002, is jointly administered by the United States and Canada and "allows pre-approved low-risk travelers expedited processing for travel between the United States and Canada at dedicated processing lanes, at designated northern border ports of entry, at NEXUS kiosks at U.S. preclearance airports in Canada, and at marine reporting locations." See 75 Fed. Reg. 82,202, 82,202 (Dec. 29, 2010).

NEXUS requires applicants to be approved independently by both CBP and the Canada Border Services Agency. Id.; Millich Dec., ¶ 9. With respect to CBP, applicants apply through the Trusted Traveler Program website (https://ttp.cbp.dhs.gov). Id. CBP

then reviews the applicants' information and checks it against various government databases. *Id.* Applicants with complete applications that meet the eligibility criteria are notified that they have been conditionally approved and can schedule a personal interview at a CBP Enrollment Center. *Id.* The approval for NEXUS membership is contingent on the final decisions regarding the vetting of the application, the submission of fingerprints, and the results of the interview. *Id.*

An individual may be disqualified from NEXUS participation based on any of the following risk factors:

-Provides false or incomplete information on the application;

-Has been convicted of any criminal offense or has pending criminal charges, including outstanding warrants (to include driving under the influence);

-Has been found in violation of any customs, immigration or agriculture regulations or laws in any country;

-Is the subject of an ongoing investigation by any federal, state or local law enforcement agency;

-Has been denied for the purchase of a firearm;

-Has received a criminal pardon from any country;

-Is inadmissible to the U.S. under immigration regulation, including applicants with approved waivers of inadmissibility or parole documentation; or

- if he or she cannot satisfy CBP or Canada Border Services Agency of his or her low-risk status.

https://www.cbp.gov/travel/trusted-traveler-programs/nexus/nexus-eligibility; *see also* 75 Fed. Reg. 82,202; Millich Dec., ¶ 12. If an applicant believes that CBP's decision is based on incomplete or incorrect information, he or she may submit a request for reconsideration by the CBP Ombudsman. Millich Dec. ¶16. The CBP Ombudsman then reviews the decision and any additional information provided by the applicant to decide whether

3

approval or reinstatement is warranted. *Id.* "Notably, CBP's denial of a NEXUS application does not mean that an individual cannot enter the United States from Canada; rather such individuals simply will not be permitted to use the NEXUS dedicated lanes at border checkpoints." *McLeod v. United States Department of Homeland Security*, No. 15-CV-1792, 2017 WL 4220398*2 (KBJ)(D.D.C. Sept. 21, 2017) (internal quotation omitted); *see also* Millich Dec.,[1] ¶ 25.

### B. Plaintiff's NEXUS Membership

Plaintiff applied for a NEXUS membership on or about November 13, 2011. Complaint, ¶ 8. His application was approved, and he was enrolled in NEXUS. *Id.* As relevant to this motion, plaintiff applied to renew his membership on or about May 26, 2022. *Id.*, ¶ 20. On or about December 20, 2022, CBP provided plaintiff with two letters, one revoking his membership and one denying his membership. *Id.*, ¶ 21. These letters stated that he does "not meet program eligibility requirements." *Id.* Plaintiff sought review by the CBP Ombudsman, who, on April 12, 2023, sustained the denial. *Id.*, ¶¶ 23-24. Plaintiff was provided notice of this decision on April 12, 2023, in a letter stating that "it has been determined that no change is warranted at this time." *Id.*, ¶ 24.

### C. Plaintiff's FOIA Request

On or about December 22, 2022, plaintiff submitted a FOIA request to CBP. Complaint, ¶ 25. In his request, plaintiff sought documents relating to the applications, renewals, revocations, and denials of his NEXUS membership. Declaration of Patrick A. Howard ("Howard Dec.") filed herewith, ¶ 10. At the time he filed his Complaint, CBP

---

[1] The Millich Declaration includes copies of Plaintiff's initial application for membership (Ex.1); a renewal application submitted in 2017 (Ex.2) and a renewal application submitted in May 2022 (Ex.3). The personal information provided by Plaintiff has been redacted from these exhibits.

4

had not completed processing his request. Since that time, however, CBP has processed his request and has provided the responsive documents to plaintiff. *Id.*, ¶ 13.

## II. LEGAL STANDARDS

"Subject matter jurisdiction is a threshold question that must be resolved before proceeding to the merits." *United States v. Bond*, 762 F.3d 225, 263 (2d Cir. 2014) (quotation and alteration omitted). "A district court properly dismisses an action under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quotation and citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); *see also Tandon v. Captains Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) ("In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction"). "In resolving a motion to dismiss for lack of subject matter jurisdiction, under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Fero v. Excellus Health Plan, Inc.*, 236 F.Supp.3d 735, 746 (W.D.N.Y. 2017), citing *Makarova*, 201 F.3d at 113.

## III. ARGUMENT

### A. Plaintiff's Claim Under the APA Must Be Dismissed for Lack of Subject Matter Jurisdiction

5

Plaintiff's claim under the APA must be dismissed for lack of subject matter jurisdiction because (1) CBP is immune from suit relating to discretionary decisions regarding NEXUS membership; and (2) plaintiff has not suffered a legal wrong.

The APA permits courts to set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). "However, the APA explicitly excludes from judicial review those agency decisions that are "committed to agency discretion by law." *Farm Sanctuary v. United States Department of Agriculture*, __ F.Supp. 3d ___, 2023 WL 2673141 (W.D.N.Y. Mar. 28, 2023); 5 U.S.C. § 701(a)(2). Agency actions are committed to agency discretion by law "in those rare instances where statutes are drawn in such broad terms that in a given case there is no law to apply." *Roberts v. Napolitano,* 792 F. Supp. 2d 67, 73 (D.D.C. 2011) (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)) (other citation omitted). In such a case, "[j]udicial review is inappropriate because courts have 'no meaningful standard against which to judge the agency's exercise of discretion,'" therefore, "statutes authorizing the agency's authority should be interpreted to have 'committed the decision-making to the agency's judgment absolutely.'" *Id.*

As this court observed in *Farm Sanctuary,* a determination of whether an agency action is committed to agency discretion by law "requires an examination of both the 'express language' of the statute, as well as 'the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved.'" *Farm Sanctuary*, 2023 WL 2673141 at *16. In *Roberts*, the D.C. District Court addressed CBP's decision to deny plaintiff's application to participate in its Global Entry program. The Court concluded that it was "precluded from reviewing the . . . denial of plaintiff's

Global Entry application under the APA because eligibility for the program is committed solely to . . . CBP's discretion by law." *Id.* at 73. The Court further noted that Global Entry's implementing statute is silent on the criteria that the Department of Homeland Security should use in approving applications, which "indicates that Congress committed to the defendants the sole discretion to determine eligibility guidelines and evaluate applicants." *Id.* at 73-74. The Court reached this conclusion despite the fact that Global Entry's authorizing statute directs the Secretary of the Department of Homeland Security "to 'initiate a rulemaking to establish the [Global Entry] program [and] criterial for participation,' and . . . [to] provid[e] applicants with clear and consistent eligibility guidelines."[2] *Id.* (citing 8 U.S.C. § 1365b(k)(3)).

As described above, NEXUS' authorizing statute is similarly broad and devoid of criteria that CBP should consider. Indeed, the statute simply provides that the border agencies of the United States and Canada "may conduct joint United States-Canada inspections projects on the international border between the two countries [and that e]ach such project may provide alternative inspections services and shall undertake to harmonize the criteria for inspections applied by the two countries in implementing those projects." 8 U.S.C. § 1753(a). Other than requiring that the criteria for inspections should be harmonized between the two countries, it provides no guidance as to what these criteria should be. It does not even, like the Global Entry statute, require rulemaking to establish criteria for participation or clear and consistent eligibility guidelines. Moreover, subsection

---

[2] Although the regulation relating to Global Entry was not final at the time of the court's decision, the eligibility requirements had been published, and this did not change the court's analysis of its ability to review CBP's decision. *Roberts*, 792 F. Supp. 2d at 74 (citing 74 Fed. Reg. 59932, 59934 (Nov. 19, 2009)).

(c) clearly states that the APA "shall not apply to fee setting for services and other administrative requirements relating to projects" under subsection (a).

CBP has identified a list of disqualifying factors that it considers when reviewing an application or renewal request in the context of a Federal Register notice relating to the utilization of Global Entry Kiosks by NEXUS and SENTRI participants. 75 Fed. Reg. 82,202, 82,202. Information regarding disqualifying factors for NEXUS is also available at https://www.cbp.gov/travel/trusted-traveler-programs/nexus/nexus-eligibility. While these factors are identified on its website and in a Federal Register notice, the publication of these factors does not change or limit CBP's discretion.[3] CBP may disqualify an applicant from holding a NEXUS membership if it finds any of the risk factors to be present. The analysis of these risk factors is left to CBP's discretion. *See Jajati v. Customs and Border Protection*, 22-CV-175, 2022 WL 9529850 at *5 (S.D. Cal. Oct. 14, 2022) (finding decision to revoke a SENTRI membership is not subject to judicial review under the APA and explaining that while the regulation provides a list of criteria to consider in the decision to approve or deny an application, "the regulation is silent regarding how the agency weighs these factors or whether any factor is dispositive in evaluating a SENTRI membership application"); *see also Woodward v. Customs and Border Protection*, CV-20-00151, 2022 WL 294214 at *4 (D. Az. Feb 1, 2022) (reviewing the termination of a SENTRI pass and explaining that the SENTRI regulations "clearly establish that there is no private right of

---

[3] Notably, unlike the Global Entry program, there is no final regulation codifying these factors relating to the NEXUS program. *Compare McLean v. Morgan*, 20-CV-2145, 2020 U.S. Dist. LEXIS 157303 (D. Kan. Aug. 28, 2020) (explaining that "[w]hile Defendant has discretion to deny participation in the program, the [Global Entry] statute required Defendant to establish eligibility factors and to make those clear to the applicant. The eligibility criteria and disqualifying criteria are set forth in the regulation". Indeed, in *McLean*, while the court found that it had jurisdiction over plaintiff's APA claims following denial of a Global Entry application, the court's decision was premised upon a regulation not in issue in this case, 8 C.F.R. 235.12. As was noted above, there is no final regulation codifying the disqualifying factors for NEXUS.

8

action against CBP, [and] they are clear that in determining eligibility, including revoking it, the matter is solely up to the discretion of the Service," despite the fact that the regulation provides a non-exclusive list of criteria that are considered in the decision).

It is particularly clear that CBP's decision regarding NEXUS membership is left solely to CBP's discretion because the last disqualifying factor grants to CBP the discretion to disqualify a NEXUS applicant who "cannot satisfy CBP of his or her low-risk status or meet other program requirements." 75 Fed. Reg. 82,202, 82,202; *see also* https://www.cbp.gov/travel/trusted-traveler-programs/nexus/nexus-eligibility. This factor leaves to CBP the analysis of whether it is satisfied of an applicant's low-risk status. No additional guidance is provided as to what information CBP should consider in conducting this analysis. A determination regarding a traveler's low-risk status "requires 'a complicated balancing of a number of factors which are peculiarly within Defendant's expertise,'" including national security, law enforcement and immigration interests. *Woodward*, 2022 WL 294214 at *6 (quoting *Heckler v. Chaney*, 470 U.S. 821, 831-32). Accordingly, CBP maintains the sole discretion to evaluate applicants and determine eligibility for the NEXUS program, and as such, this Court lacks subject matter jurisdiction to review the denial of Plaintiff's NEXUS membership application.

Further, plaintiff is not entitled to APA review of the revocation decision because he has not been legally wronged. The APA's presumption of judicial review protects "one suffering legal wrong because of agency action." *Woodward* at *4, citing *Department of Homeland Sec. v. Regents of the Univ. of California*, 1405 Ct. 1891, 1905 (2020), quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 140 (1967). An agency action is considered final if it is

9

an action "by which 'rights or obligations have been determined', or from which legal consequences will flow'". *Id.,* citing *Bennett v. Spear,* 520 U.S. 154, 177-78 (1997).

In *Woodward,* the court concluded that CBP's decision to revoke plaintiff's PORTPASS[4] was not subject to judicial review, even though it would take plaintiff longer to cross the border without the SENTRI pass, in part because "no rights, obligations or legal consequences flow[ed] from this agency action." *Woodward,* at *4.

Likewise, in this case, revocation of plaintiff's NEXUS pass does not preclude plaintiff from crossing the border between Canada and the United States. Therefore, because no rights, obligations or legal consequences flow from the revocation of plaintiff's NEXUS pass, the revocation is not the type of final agency action which is subject to review under the APA. Accordingly, plaintiff's APA claim should be dismissed.

### B. Plaintiff's FOIA Claim Must Be Dismissed for Lack of Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction of Plaintiff's FOIA claim because the issue is now moot.

Article III of the Constitution provides that federal courts may decide only live cases or controversies. *See, e.g., Irish Lesbian and Gay Org. v. Giuliani,* 143 F.3d 638, 647 (2d Cir. 1998). "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Id.* "When a case becomes moot, the federal courts lack subject

---

[4] The SENTRI program was developed by the legacy Immigration and Naturalization Service (INS) as part of a series of programs referred to as Port Passenger Accelerated Service System (PORTPASS). The INS established PORTPASS to preserve border security while allowing low-risk travelers to move quickly and safely through the inspection process. 85 Fed. Reg. 55597, 55598 (Sept. 9, 2020).

matter jurisdiction over the action." *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (citation omitted).

FOIA provides that "the district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). "Because the statute only authorizes a court to 'enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld,' 5 U.S.C. § 552(a)(4)(B), '[o]nce the records are produced the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.'" *Harvey v. Lynch*, 123 F. Supp. 3d 3, 7 (D.D.C. 2015) (quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)).

In his Complaint, plaintiff states that, as of the date of filing, "CBP has not provided the records requested by plaintiff in his FOIA request" and argues that CBP has "wrongfully withheld the requested records from plaintiff," in violation of the FOIA. Complaint, ¶¶ 32, 34. He asks that the Court "[o]rder defendant to disclose the requested records in their entireties and make copies available to plaintiff." *Id.,* ¶ 35.

However, as is set forth in the Howard Declaration, CBP has since processed plaintiff's FOIA request and on May 25, 2023, produced all responsive documents to plaintiff. Therefore, plaintiff's FOIA claim is moot, no case or controversy exists, and the complaint should be dismissed for lack of subject matter jurisdiction. *See, e.g., Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) ("'[H]owever fitful or delayed the release of information, . . . if we are convinced appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.'")

11

(quoting *Perry*, 684 F.2d at 125); *Heily v. DOD*, 896 F. Supp. 2d 25, 37 (D.D.C. 2012) (dismissing plaintiff's claims as moot after plaintiff received the requested documents while case was pending), *affirmed* No. 13-5055, 2013 U.S. App. LEXIS 23175, at *2 (D.C. Cir. Oct. 16, 2013); *Ferranti v. Gilfillan*, No. 04-CV-339, 2005 U.S. Dist. LEXIS 11131 (D. Conn. May 31, 2005) (dismissing FOIA claims for lack of subject matter jurisdiction after agency fully released all requested records).

## IV. CONCLUSION

This Court lacks subject matter jurisdiction under the APA over CBP's discretionary decision to deny plaintiff's NEXUS membership. Additionally, this Court lacks subject matter jurisdiction under the FOIA because CBP has produced records responsive to plaintiff's request. Therefore, defendant requests that the Court dismiss plaintiff's complaint with prejudice.

DATED:   Buffalo, New York, May 26, 2023

                                              Respectfully submitted,

                                              TRINI E. ROSS
                                              United States Attorney

BY:   S/MARY K. ROACH
         Assistant United States Attorney
         Western District of New York
         138 Delaware Avenue
         Buffalo, New York 14202
         716-843-5866
         Mary.K.Roach@usdoj.gov