UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MATTHEW BOROWSKI

                          Plaintiff,                    23-CV-257

v.

U.S. CUSTOMS AND BORDER
PROTECTION

                 Defendant.

_____

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS</u>**

                              TRINI E. ROSS
                              United States Attorney

                    BY:   MARY K. ROACH
                              Assistant United States Attorney
                              Western District of New York
                              138 Delaware Avenue
                              Buffalo, New York 14202
                              716-843-5866
                              Mary.K.Roach@usdoj.gov

## TABLE OF CONTENTS

I.    BACKGROUND.................................................................................................2

    A.  CBP's Trusted Travel Program.......................................................2

    B.  Plaintiff's NEXUS Membership ....................................................4

    C.  Plaintiff's FOIA Request ..............................................................4

    D.  Common Law Tort Claims Asserted in the Amended Complaint...............5

    E.  Constitutional Tort Claims Asserted in the Amended Complaint...............5

II.    LEGAL STANDARDS...................................................................................6

III.    ARGUMENT................................................................................................7

    A.  Plaintiff's Claim Under the APA Must Be Dismissed for Lack of Subject Matter Jurisdiction..................................................................................7

    B.  Plaintiff's Common Law Tort Claims Must Be Dismissed Because Plaintiff's Exclusive Remedy For Such Claims Is Suit Against The United States Under The Federal Tort Claims Action .........................................................11

    C.  This Court Would Lack Subject Matter Jurisdiction If Plaintiff's Common Law Tort Claims Were Asserted Against the United States...............................................................................12

    D.  The Eighth And Ninth Causes of Action Alleging A Violation Of Plaintiff's Constitutional Rights Should Be Dismissed...........................................13

    E.  The Government Seeks an Extension of Time Within Which To Move For Summary Judgment As To The FOIA Claim Asserted In The Second Cause Of Action In The Amended Complaint...................................................14

IV.    CONCLUSION...........................................................................................15

# Table of Authorities

Page(s)

## Cases

*Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967)..........................................................10, 11

*Am. C.L. Union v. Dep't of, Def.,* 389 F. Supp. 2d 547 (S.D.N.Y. 2005) ............................... 15

*Arar v. Ashcroft*, 585 F.3d 559 (2d Cir. 2009) ....................................................................... 13

*Bennett v. Spear*, 520 U.S. 154 (1997) ..................................................................................... 11

*Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971) ..................................... 13

*Carney v. U.S. Dep't of Justice,* 19 F.3d 807 (2d Cir. 1994)................................................... 14

*Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001) ............................................................... 13

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l,* 790 F.3d 411 (2d Cir. 2015).............. 6

*Ctr. for Const. Rts. v. C.I.A.*, 765 F.3d 161 (2d Cir. 2014) .................................................... 15

*Department of Homeland Sec. v. Regents of the Univ. of California,* 1405 Ct. 1891 (2020)..........10

*Farm Sanctuary v. United States Department of Agriculture,*
2023 WL 2673141 (W.D.N.Y. Mar. 28, 2023)...................................................................... 7

*F.D.I.C. v. Meyer*, 510 U.S. 471 (1994)............................................................................12, 13

*Fero v. Excellus Health Plan, Inc.,* 236 F.Supp.2d 735 (W.D.N.Y. 2017) .............................. 6

*Filaski v. United States*, 776 F. Supp 115 (E.D.N.Y. 1991) .................................................... 12

*Heckler v. Chaney*, 470 U.S. 821 (1985) ...............................................................................7, 10

*Jajati v. United States Customs and Border Protection,*
22-CV-175, 2022 9529850 (S.D. Cal. Oct. 14, 2022)......................................................... 9

*Jones–Edwards v. Appeal Bd. of the Nat'l Sec. Agency Cent. Sec. Agency,* 352 F.Supp.2d 420
(S.D.N.Y.2005) ................................................................................................................... 15

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) ......................................................... 6

*McLean v. Morgan*, 20-CV-2145, 2020 U.S. Dist. LEXIS 157303 (D. Kan. Aug. 28, 2020) ... 9

*McLeod v. United States Department of Homeland Security,*
No. 15-CV-1792,  2017 WL 4220398 (D.D.C. Sept. 21, 2017)....................................4, 5, 6

*McNeil v. U.S.*, 508 U.S. 106 (1993) ....................................................................................... 13

*Millares Guiraldes de Tineo v. United States*, 137 F.3d 715 (2d Cir. 1998) ............................. 12

*Miscavige v. IRS,* 2 F.3d 366 (11th Cir.1993) ........................................................................ 15

*Nat. Council of La Raza v. Dep't of Justice,* 411 F.3d 350 (2d Cir. 2005) ............................... 15

*New York Times Co. v. U.S. Dep't of Just.,*758 F.3d 436 (2d Cir. 2014).................................. 15

*Page v. Oath Inc.,* No. 17 CIV. 6990 (LGS), 2018 WL 1406622 (S.D.N.Y. Mar. 20, 2018).. 12

*Parker v. Blackerby,* 368 F. Supp. 3d 611 (W.D.N.Y. 2019) ................................................. 13

*Roberts v. Napolito*, 792 F. Supp. 2d 67 (D.D.C. 2007).........................................................7,8

*Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994) ............................13, 14

*Romulus v. United States,*160 F.3d 131 (2d Cir. 1998)........................................................... 13

*Shipping Fin. Servs. Corp. v. Drakos,*140 F.3d 129 (2d Cir. 1998) .......................................... 6

*Smith v. Arrowood*, No. 6:21-CV-6318 EAW, 2022 WL 3927884 (W.D.N.Y.
Aug. 31, 2022)................................................................................................................... 13

*Tandon v. Captains Cove Marina of Bridgeport, Inc.,*752 F.3d 239 (2d Cir. 2014) ..................... 6

*United States v. Bond*, 762 F.3d 225 (2d Cir. 2014)................................................................. 6

*United States v. Nordic Village, Inc.*, 503 U.S. 30 (1992)........................................................ 11

*United States v. Shaw,*309 U.S. 495 (1940) ........................................................................... 11

*Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) ................................................................ 14
*Woodward v. Customs and Border Protection,*
CV-20-00151, 2022 WL 294214 (D. Az. Feb 1, 2022) ....................................9, 10


**Statutes**

5 U.S.C. § 552 ........................................................................................................ 1
5 U.S.C. § 552(a)(4)(B) ........................................................................................ 14
5 U.S.C. § 701 ........................................................................................................ 1
5 U.S.C. § 701(a)(2) .............................................................................................. 7
5 U.S.C. § 706(2)(A) ............................................................................................. 7
8 U.S.C. § 1253 (c) ................................................................................................ 2
28 U.S.C. § 1346(b) ............................................................................................. 12
8 U.S.C. § 1365b(k)(3) .......................................................................................... 8
8 U.S.C. § 1753 ...................................................................................................... 2
8 U.S.C. § 1753(a) .............................................................................................. 2, 8
28 U.S.C. § 2671 ................................................................................................... 12
28 U.S.C. § 2675 ............................................................................................ 12, 13


**Rules**

Fed.R.Civ.P. 12(b)(1) ........................................................................................ 6, 15
Fed. R. Civ. P. 56 ................................................................................................. 15

**Regulations**

8 C.F.R. 235.12 ...................................................................................................... 9
75 Fed. Reg. 82.202 ...................................................................................... 3, 4, 9, 10
85 Fed. Reg. 55597 .............................................................................................. 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MATTHEW BOROWSKI,

                       Plaintiff,                       23-CV-257

v.

U.S. CUSTOMS AND BORDER
PROTECTION,

                       Defendant.

_____

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff seeks review of U.S. Customs and Border Protection's ("CBP") discretionary decision to deny the renewal of his membership in one of CBP's trusted traveler programs under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, *et seq.* See, Amended Complaint, ¶¶ 76 -79. However, this Court lacks subject matter jurisdiction over Plaintiff's claim because the APA does not authorize judicial review of this decision, which is left to CBP's sole discretion, and because plaintiff has not sustained a legal wrong.

In the Second Cause of Action, plaintiff claims that CBP improperly withheld documents sought in a request he made under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Amended Complaint, ¶¶ 80-83. The Government seeks an order extending the time within which defendant may move for summary judgment as to the FOIA claim.

The Third through Seventh Causes of Action allege various common law tort claims: false arrest, false imprisonment, assault and battery, unlawful seizure and intentional infliction of emotional distress (collectively "common law tort claims") against CBP. *See,*

Amended Complaint, ¶¶ 78-93. The Court lacks subject matter jurisdiction over these claims and they should be dismissed.

Likewise, this Curt lacks subject matter jurisdiction over the constitutional tort claims asserted in the Eighth and Ninth Causes of action, and they should be dismissed.

# I.    BACKGROUND

## A. CBP's Trusted Traveler Programs

CBP operates four Trusted Traveler Programs ("TTP")— NEXUS, Secure Electronic Network for Travelers Rapid Inspection ("SENTRI"), Free and Secure Trade ("FAST") and Global Entry—that provide pre-approved, low-risk travelers with facilitated processing into the United States through dedicated lanes and kiosks.  Declaration of Michael J. Millich ("Millich Dec.") filed herewith, ¶¶6-7.  NEXUS' authorizing statute, 8 U.S.C. § 1753, provides:

> United States border inspections, agencies, including the Immigration and Naturalization Service, acting jointly and under an agreement of cooperation with the Government of Canada, may conduct joint United States-Canada inspections projects on the international border between the two countries. Each such project may provide alternative inspections services and shall undertake to harmonize the criteria for inspections applied by the two countries in implementing those projects.

8 U.S.C. § 1753(a).  Section 1753(c) further specifies that the APA "shall not apply to fee setting for services and other administrative requirements relating to projects described in subsection (a)."

NEXUS, established under this statute in 2002, is jointly administered by the United States and Canada and "allows pre-approved low-risk travelers expedited processing for travel between the United States and Canada at dedicated processing lanes, at designated northern border ports of entry, at NEXUS kiosks at U.S. 2

preclearance airports in Canada, and at marine reporting locations." *See* 75 Fed. Reg. 82,202, 82,202 (Dec. 29, 2010).

NEXUS requires applicants to be approved independently by both CBP and the Canada Border Services Agency. *Id.;* Millich Dec., ¶ 9. With respect to CBP, applicants apply through the Trusted Traveler Program website (https://ttp.cbp.dhs.gov). *Id.* CBP then reviews the applicants' information and checks it against various government databases. *Id.* Applicants with complete applications that meet the eligibility criteria are notified that they have been conditionally approved and can schedule a personal interview at a CBP Enrollment Center. *Id.* The approval for NEXUS membership is contingent on the final decisions regarding the vetting of the application, the submission of fingerprints, and the results of the interview. *Id.*

An individual may be disqualified from NEXUS participation when the applicant:

-Provides false or incomplete information on the application;

-Has been convicted of any criminal offense or has pending criminal charges, including outstanding warrants (to include driving under the influence);

-Has been found in violation of any customs, immigration or agriculture regulations or laws in any country;

-Is the subject of an ongoing investigation by any federal, state or local law enforcement agency;

-Has been denied for the purchase of a firearm;

-Has received a criminal pardon from any country;

-Is inadmissible to the U.S. under immigration regulation, including applicants with approved waivers of inadmissibility or parole documentation; or

- if he or she cannot satisfy CBP or Canada Border Services Agency of his or her low-risk status.

https://www.cbp.gov/travel/trusted-traveler-programs/nexus/nexus-eligibility; *see also* 75 Fed. Reg. 82,202; Millich Dec., ¶ 12.  If an applicant believes that CBP's decision is based on incomplete or incorrect information, he or she may submit a request for reconsideration by the CBP Ombudsman.  Millich Dec. ¶16. The CBP Ombudsman then reviews the decision and any additional information provided by the applicant to decide whether approval or reinstatement is warranted. *Id.*  "Notably, CBP's denial of a NEXUS application does not mean that an individual cannot enter the United States from Canada; rather such individuals simply will not be permitted to use the NEXUS dedicated lanes at border checkpoints."  *McLeod v. United States Department of Homeland Security*, No. 15-CV-1792,  2017 WL 4220398*2 (KBJ)(D.D.C. Sept. 21, 2017) (internal quotation omitted); *see also* Millich Dec.,[1] ¶ 25.

## B.  Plaintiff's NEXUS Membership

Plaintiff applied for a NEXUS membership on or about November 13, 2011. Amended Complaint, ¶ 8.  His application was approved, and he was enrolled in NEXUS. *Id.*  As relevant to this motion, plaintiff applied to renew his membership on or about May 26, 2022.  *Id.*, ¶ 26.  On or about December 20, 2022, CBP provided plaintiff with two letters, one revoking his membership and one denying his membership.  *Id.*, ¶ 27.  These letters stated that he does "not meet program eligibility requirements." *Id.*

## C.  Plaintiff's FOIA Request

On or about December 22, 2022, plaintiff submitted a FOIA request to CBP. Amended Complaint,  ¶ 31.  In his request, plaintiff sought documents relating to the

---

[1] The Millich Declaration includes copies of Plaintiff's initial application for membership (Ex.1); a renewal application submitted in 2017 (Ex.2) and a renewal application submitted in May 2022 (Ex.3). The personal information provided by Plaintiff has been redacted from these exhibits.

applications, renewals, revocations, and denials of his NEXUS membership.  Declaration of

Patrick A. Howard ("Howard Dec.") Dkt. #7-2, ¶ 10.  At the time he filed his initial

Complaint, CBP had not completed processing his request.  Since that time, however, CBP

has processed his request and has provided 251 responsive documents to plaintiff.  *Id.,* ¶ 13.

Plaintiff claims that CBP has wrongfully withheld requested records.  Amended Complaint,

¶¶ 82-83.

### D. Common Law Tort Claims Asserted in the Amended Complaint

The Amended Complaint contains numerous allegations of wrongdoing by CBP and

CBP employees in encounters with plaintiff and his family dating back to December, 2013.

See, Amended Complaint, ¶¶  10-17; 23-25;27-31; 35-37; 39-63; 65-66; 77.  Plaintiff alleges

that he was handcuffed and detained during secondary inspection in a secure area for no

reason, and that this action constituted a false arrest and wrongful imprisonment.  Amended

Complaint, ¶¶ 84-87.  Plaintiff claims that he was assaulted and battered by CBP when he

was handcuffed and when a cell phone was taken from his hand by a CBP officer with no

warning or prior instruction to do so.  *Id.,* ¶¶ 88-90. It is further alleged that plaintiff's cell

phone and vehicle were unlawfully seized by CBP for no purpose other than to intimidate,

harass and punish him.  *Id.,* ¶¶ 91-92.  Plaintiff also asserts a claim for intentional infliction

of emotional distress on the grounds that CBP allegedly arrested him on numerous

occasions for no lawful reason to intimidate, harass and punish him.  *Id.,* ¶¶ 93-94.

### E. Constitutional Tort Claims Asserted in the Amended Complaint

Plaintiff also alleges that CBP violated his First Amendment rights of free expression

and association due to personal animus and bias against the content of Plaintiff's speech and

actions.  *Id.,* ¶¶ 95-98.  It is also alleged that CBP violated his rights under the Fourth

Amendment to be free from an unreasonable seizure of his conveyance and person and from

the use of excessive force under the Fourth Amendment.  *Id.,* ¶¶ 99-100.  Finally, plaintiff

claims that the CBP denied his right to due process under the Fifth Amendment.  *Id.*

## II.    LEGAL STANDARDS

"Subject matter jurisdiction is a threshold question that must be resolved before

proceeding to the merits."  *United States v. Bond*, 762 F.3d 225, 263 (2d Cir. 2014) (quotation

and alteration omitted).  "A district court properly dismisses an action under Fed.R.Civ.P.

12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or

constitutional power to adjudicate it."  *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.á.r.l,*

790 F.3d 411, 416-17 (2d Cir. 2015) (quotation and citation omitted).  "A plaintiff asserting

subject matter jurisdiction has the burden of proving by a preponderance of the evidence

that it exists."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "When

considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must

accept as true all material factual allegations in the complaint."  *Shipping Fin. Servs. Corp. v.

Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); *see also Tandon v. Captains Cove Marina of Bridgeport,

Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) ("In resolving a motion to dismiss under Rule

12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true,

and draw all reasonable inferences in favor of the party asserting jurisdiction").    "In

resolving a motion to dismiss for lack of subject matter jurisdiction, under Rule 12(b)(1), a

district court . . . may refer to evidence outside the pleadings."  *Fero v. Excellus Health Plan,

Inc.,* 236 F.Supp.3d 735, 746 (W.D.N.Y. 2017), citing *Makarova,* 201 F.3d at 113.

## III.   ARGUMENT

### A. Plaintiff's Claim Under the APA Must Be Dismissed for Lack of Subject Matter Jurisdiction

Plaintiff's claim under the APA must be dismissed for lack of subject matter jurisdiction because (1) CBP is immune from suit relating to discretionary decisions regarding NEXUS membership; and (2) plaintiff has not suffered a legal wrong.

The APA permits courts to set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  5 U.S.C. § 706(2)(A). "However, the APA explicitly excludes from judicial review those agency decisions that are "committed to agency discretion by law." *Farm Sanctuary v. United States Department of Agriculture,* __ F.Supp. 3d ___, 2023 WL 2673141 (W.D.N.Y. Mar. 28, 2023);  5 U.S.C. § 701(a)(2).  Agency actions are committed to agency discretion by law "in those rare instances where statutes are drawn in such broad terms that in a given case there is no law to apply." *Roberts v. Napolitano¸* 792 F. Supp. 2d 67, 73 (D.D.C. 2011) (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)) (other citation omitted).  In such a case, "[j]udicial review is inappropriate because courts have 'no meaningful standard against which to judge the agency's exercise of discretion,'" therefore, "statutes authorizing the agency's authority should be interpreted to have 'committed the decision-making to the agency's judgment absolutely.'" *Id.*

As this court observed in *Farm Sanctuary,* a determination of whether an agency action is committed to agency discretion by law  "requires an examination of both the 'express language' of the statute, as well as 'the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved.'" *Farm Sanctuary*, 2023 WL 2673141 at *16. In *Roberts*, the D.C. District Court addressed

CBP's decision to deny plaintiff's application to participate in its Global Entry program. The Court concluded that it was "precluded from reviewing the . . . denial of plaintiff's Global Entry application under the APA because eligibility for the program is committed solely to . . . CBP's discretion by law." *Id.* at 73. The Court further noted that Global Entry's implementing statute is silent on the criteria that the Department of Homeland Security should use in approving applications, which "indicates that Congress committed to the defendants the sole discretion to determine eligibility guidelines and evaluate applicants." *Id.* at 73-74. The Court reached this conclusion despite the fact that Global Entry's authorizing statute directs the Secretary of the Department of Homeland Security "to 'initiate a rulemaking to establish the [Global Entry] program [and] criteria for participation,' and . . . [to] provid[e] applicants with clear and consistent eligibility guidelines."[2] *Id.* (citing 8 U.S.C. § 1365b(k)(3)).

As described above, NEXUS' authorizing statute is similarly broad and devoid of criteria that CBP should consider. Indeed, the statute simply provides that the border agencies of the United States and Canada "may conduct joint United States-Canada inspections projects on the international border between the two countries [and that e]ach such project may provide alternative inspections services and shall undertake to harmonize the criteria for inspections applied by the two countries in implementing those projects." 8 U.S.C. § 1753(a). Other than requiring that the criteria for inspections should be harmonized between the two countries, it provides no guidance as to what these criteria should be. It does not even, like the Global Entry statute, require rulemaking to establish

---

[2] Although the regulation relating to Global Entry was not final at the time of the court's decision, the eligibility requirements had been published, and this did not change the court's analysis of its ability to review CBP's decision. *Roberts*, 792 F. Supp. 2d at 74 (citing 74 Fed. Reg. 59932, 59934 (Nov. 19, 2009)).

criteria for participation or clear and consistent eligibility guidelines. Moreover, subsection (c) clearly states that the APA "shall not apply to fee setting for services and other administrative requirements relating to projects" under subsection (a).

CBP has identified a list of disqualifying factors that it considers when reviewing an application or renewal request in the context of a Federal Register notice relating to the utilization of Global Entry Kiosks by NEXUS and SENTRI participants. 75 Fed. Reg. 82,202, 82,202. Information regarding disqualifying factors for NEXUS is also available at https://www.cbp.gov/travel/trusted-traveler-programs/nexus/nexus-eligibility. While these factors are identified on its website and in a Federal Register notice, the publication of these factors does not change or limit CBP's discretion.[3] CBP may disqualify an applicant from holding a NEXUS membership if it finds any of the risk factors to be present. The analysis of these risk factors is left to CBP's discretion. *See Jajati v. Customs and Border Protection*, 22-CV-175, 2022 WL 9529850 at *5 (S.D. Cal. Oct. 14, 2022) (finding decision to revoke a SENTRI membership is not subject to judicial review under the APA and explaining that while the regulation provides a list of criteria to consider in the decision to approve or deny an application, "the regulation is silent regarding how the agency weighs these factors or whether any factor is dispositive in evaluating a SENTRI membership application"); *see also Woodward v. Customs and Border Protection*, CV-20-00151, 2022 WL 294214 at *4 (D. Az. Feb 1, 2022) (reviewing the termination of a SENTRI pass and

---

[3] Notably, unlike the Global Entry program, there is no final regulation codifying these factors relating to the NEXUS program. *Compare McLean v. Morgan*, 20-CV-2145, 2020 U.S. Dist. LEXIS 157303 (D. Kan. Aug. 28, 2020) (explaining that "[w]hile Defendant has discretion to deny participation in the program, the [Global Entry] statute required Defendant to establish eligibility factors and to make those clear to the applicant. The eligibility criteria and disqualifying criteria are set forth in the regulation". Indeed, in *McLean*, while the court found that it had jurisdiction over plaintiff's APA claims following denial of a Global Entry application, the court's decision was premised upon a regulation not in issue in this case, 8 C.F.R. 235.12. As was noted above, there is no final regulation codifying the disqualifying factors for NEXUS.

explaining that the SENTRI regulations "clearly establish that there is no private right of action against CBP, [and] they are clear that in determining eligibility, including revoking it, the matter is solely up to the discretion of the Service," despite the fact that the regulation provides a non-exclusive list of criteria that are considered in the decision).

It is particularly clear that CBP's decision regarding NEXUS membership is left solely to CBP's discretion because the last disqualifying factor grants to CBP the discretion to disqualify a NEXUS applicant who "cannot satisfy CBP of his or her low-risk status or meet other program requirements."  75 Fed. Reg. 82,202, 82,202; *see also* https://www.cbp.gov/travel/trusted-traveler-programs/nexus/nexus-eligibility.  This factor leaves to CBP the analysis of whether it is satisfied of an applicant's low-risk status.  No additional guidance is provided as to what information CBP should consider in conducting this analysis.  A determination regarding a traveler's low-risk status "requires 'a complicated balancing of a number of factors which are peculiarly within Defendant's expertise,'" including national security, law enforcement and immigration interests.  *Woodward*, 2022 WL 294214 at *6 (quoting *Heckler v. Chaney*, 470 U.S. 821, 831-32).  Accordingly, CBP maintains the sole discretion to evaluate applicants and determine eligibility for the NEXUS program, and as such, this Court lacks subject matter jurisdiction to review the denial of Plaintiff's NEXUS membership application.

Further, plaintiff is not entitled to APA review of the revocation decision because he has not been legally wronged.  The APA's presumption of judicial review protects "one suffering legal wrong because of agency action."  *Woodward* at *4, citing *Department of Homeland Sec. v. Regents of the Univ. of California,* 1405 Ct. 1891, 1905 (2020), quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 140 (1967).  An agency action is considered final if it is

an action "by which 'rights or obligations have been determined', or from which legal consequences will flow'". *Id.,* citing *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997).

In *Woodward,* the court concluded that CBP's decision to revoke plaintiff's PORTPASS[4] was not subject to judicial review, even though it would take plaintiff longer to cross the border without the SENTRI pass, in part, because "no rights, obligations or legal consequences flow[ed] from this agency action." *Woodward,* at *4.

Likewise, in this case, revocation of plaintiff's NEXUS pass does not preclude plaintiff from crossing the border between Canada and the United States. Therefore, because no rights, obligations or legal consequences flow from the revocation of plaintiff's NEXUS pass, the revocation is not the type of final agency action which is subject to review under the APA. Accordingly, plaintiff's APA claim should be dismissed.

**B.  Plaintiff's Common Law Tort Claims Must Be Dismissed Because Plaintiff's Exclusive Remedy For Such Claims Is Suit Against The United States Under The Federal Tort Claims Act**

Plaintiff's common law tort claims sounding in false arrest, false imprisonment, assault and battery, unlawful seizure and intentional  infliction of emotional distress (collectively "common law tort claims") against CBP, Amended Complaint, ¶¶ 78-93, should be dismissed. Under the doctrine of sovereign immunity, the United States is exempt from suit unless it consents to be sued. *See United States v. Nordic Village, Inc.*, 503 U.S. 30 (1992); *United States v. Shaw*, 309 U.S. 495, 500 (1940). The United States must waive its sovereign immunity by enacting a statute in order to consent to suit. "Any

---

[4] The SENTRI program was developed by the legacy Immigration and Naturalization Service (INS) as part of a series of programs referred to as Port Passenger Accelerated Service System (PORTPASS). The INS established PORTPASS to preserve border security while allowing low-risk travelers to move quickly and safely through the inspection process.  85 Fed. Reg. 55597, 55598 (Sept. 9, 2020).

limitations imposed by the waiver statute, whether they be substantive, procedural, or temporal, are to be strictly applied against the claimant." *See, Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

While United States has waived sovereign immunity under the Federal Tort Claims Act ("FTCA") for certain types of actions committed by federal employees within the scope of their duties, 28 U.S.C. §§ 1346(b), 2671-2680, a federal agency is not a proper defendant under the FTCA; only the United States can be sued for claims within the law's scope. *Page v. Oath Inc.,* No. 17 CIV. 6990 (LGS), 2018 WL 1406622, at *3 (S.D.N.Y. Mar. 20, 2018), *aff'd sub nom. Page v. United States Agency for Glob. Media,* 797 F. App'x 550 (2d Cir. 2019) (dismissing tort claims against agency for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because the only proper defendant in an FTCA action is the United States). Therefore, the Third, Fourth, Fifth, Sixth and Seventh Causes of action which assert common law tort claims against CBP must be dismissed.

**C.  This Court Would Lack Subject Matter Jurisdiction If Plaintiff's Common Law Tort Claims Were Asserted Against The United States**

Even if the Amended Complaint had named the United States as a defendant, this Court would lack subject matter jurisdiction over the common law tort claims asserted therein. For a district court to have subject matter jurisdiction over a claim brought pursuant to the FTCA, the Plaintiff first must file an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675; *Filaski v. United States*, 776 F. Supp 115, 117 (E.D.N.Y. 1991). "[T]he filing of the administrative claim is a jurisdictional prerequisite to bringing suit under the Act." *Id.; See Millares Guiraldes de Tineo*, 137 F.3d at 719. Failure to file an

administrative claim is a jurisdictional defect that cannot be waived. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). A district court lacks subject matter jurisdiction if a plaintiff fails to satisfy this requirement. *See Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998).

Plaintiff did not allege in his Amended Complaint that he filed an administrative claim with CBP as required by 28 U.S.C. § 2675, and defendant files herewith the sworn declaration of Diana R. Meyer stating that no such administrative tort claim has been filed with CBP. Therefore, this Court lacks subject matter jurisdiction over the common law tort claims asserted in the Third, Fourth, Fifth, Sixth and Seventh Causes of Action because Plaintiff has failed to comply with the FTCA's administrative claim requirements. *See, Parker v. Blackerby,* 368 F. Supp. 3d 611, 619–20 (W.D.N.Y. 2019) (dismissing for lack of subject matter jurisdiction state common law tort claims for failure to comply with administrative claim requirements). Accordingly, the Third, Fourth, Fifth, Sixth and Seventh Causes of Action must be dismissed for lack of subject matter jurisdiction.

**D**.    **The Eighth And Ninth Causes Of Action Alleging A Violation Of Plaintiff's Constitutional Rights Should Be Dismissed**

In *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 (1971), "the Supreme Court 'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Smith v. Arrowood*, No. 6:21-CV-6318 EAW, 2022 WL 3927884, at *9 (W.D.N.Y. Aug. 31, 2022), citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "The purpose of the *Bivens* remedy is to deter individual federal officers from committing constitutional violations." *Id.*, citing *Arar v. Ashcroft*, 585 F.3d at 571 (quotation omitted). However, the Supreme Court has instructed that a *Bivens* action cannot be brought against federal agency. *F.D.I.C. v. Meyer,* 510 U.S. 471

(1994). Therefore, *Bivens* claims against an agency must be dismissed for lack of subject matter jurisdiction, *Robinson*, 21 F.3d at 510. Accordingly, the *Bivens* claims asserted against CBP in the Eighth and Ninth Causes of Action in the Amended Complaint must be dismissed for lack of subject matter jurisdiction.

### E. The Government Seeks An Extension Of Time Within Which To Move For Summary Judgment As To The FOIA Claim Asserted In The Second Cause Of Action In The Amended Complaint

FOIA provides that "the district court of the United States . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Plaintiff alleges that CBP has "wrongfully withheld the requested records from plaintiff," that the response was not complete, and that large portions of data were wrongfully redacted in violation of the FOIA. Amended Complaint, ¶¶ 82 -83. He asks that the Court "[o]rder defendant to disclose the requested records in their entireties and make copies available to Plaintiff." *Id.,* wherefore clause.

Summary judgment is available to a defendant in a FOIA case when the agency proves that "its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney v. U.S. Dep't of Justice,* 19 F.3d 807, 812 (2d Cir. 1994). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Id.*

These declarations or affidavits (singly or collectively) are often referred to as a *Vaughn* index, after the case of *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). A *Vaughn* index typically lists the titles and descriptions of the responsive documents that the

Government contends are exempt from disclosure". *New York Times Co. v. U.S. Dep't of Just.,* 758 F.3d 436, 438–39 (2d Cir.), *supplemented,* 762 F.3d 233 (2d Cir. 2014).

"'Summary judgment is the procedural vehicle by which most FOIA actions are resolved.'" *Am. C.L. Union v. Dep't of Def.,* 389 F. Supp. 2d 547, 551 (S.D.N.Y. 2005), quoting *Jones–Edwards v. Appeal Bd. of the Nat'l Sec. Agency Cent. Sec. Agency,* 352 F.Supp.2d 420, 423 (S.D.N.Y.2005) (citing *Miscavige v. IRS,* 2 F.3d 366, 369 (11th Cir.1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified."). The summary judgment standards set forth in Fed. R. Civ. P. 56 apply to FOIA cases, with one special consideration, which is that the government bears the burden of demonstrating that an exemption applies to each item of information it seeks to withhold, *Ctr. for Const. Rts. v. C.I.A.*, 765 F.3d 161, 166 (2d Cir. 2014), citing *Nat. Council of La Raza v. Dep't of Justice,* 411 F.3d 350, 356 (2d Cir. 2005).

The Government intends to move for summary judgment on the FOIA claim. However, as is detailed in the accompanying Declaration of Mary K. Roach, it will take some time for CBP to prepare the Vaughn index and the other papers in support of the motion.  Therefore, the Government seeks an extension of time to and including, October 16, 2023, to file a motion for summary judgment as to the FOIA claim.

## IV. CONCLUSION

This Court lacks subject matter jurisdiction under the APA over CBP's discretionary decision to deny plaintiff's NEXUS membership and the common law and constitutional tort claims asserted in the Amended Complaint. Therefore, defendant requests that the Court dismiss the First, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action in the Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of

Civil Procedure 12(b)(1), that this court extend the time within which defendant may move for summary judgment as to the FOIA claim asserted in the Second Cause of Action, and for such other and further relief as to the Court seems just and proper.

DATED:       Buffalo, New York, July 21, 2023

                           Respectfully submitted,

                           TRINI E. ROSS
                           United States Attorney

           BY:    s/MARY K. ROACH
                      Assistant United States Attorney
                      Western District of New York
                      138 Delaware Avenue
                      Buffalo, New York 14202
                      716-843-5866
                      Mary.K.Roach@usdoj.gov