UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| Matthew Borowski,  ) | Case No. 23-257 |
|     *Plaintiff*  ) |  |
|   ) |  |
| v.  ) | **RESPONSE TO MOTION TO DISMISS** |
|   ) |  |
| U.S. Customs and Border Protection,  ) |  |
|   ) |  |
| *Defendant*  ) |  |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

    Plaintiff Matthew Borowski, pro se, hereby responds to the Motion to Dismiss filed by the defendant. This response is written pro se. While I am a lawyer, I am not a civil rights lawyer. I practice primarily in the field of immigration law. I should be accorded due consideration as a pro se plaintiff. I have attempted to familiarize myself with the relevant law, but it is a complicated area of law and I have numerous other obligations.

    Defendant states that this Court lacks subject matter jurisdiction over this matter under the Administrative Procedures Act ("APA"). However, federal district courts have reviewed CBP agency decisions on the Trusted Traveler Programs ("TTP") under the APA. For instance, in New York v. Wolf, 20-cv-1142 (S.D.N.Y.), the Court stated that "[a]s an initial matter, the Decision is reviewable under the APA substantially for the reasons argued by Plaintiffs, see ECF No. 79 ("Pls.' Mem."), at 7-9, namely, because, in light of the governing statutes, "this is not a

1

case in which there is no law to apply," Dep't of Commerce, 139 S. Ct. at 2569 (internal quotation marks omitted). And second, the Decision was plainly arbitrary and capricious." That case involved a politically-motivated decision by the administration of former President Donald J. Trump, now indicted on numerous criminal counts in multiple jurisdictions, to have CBP refuse TTP applications for anyone residing in New York State, based on the false premise that it was due to New York's refusal to permit federal government access to its DMV database. Simultaneously, however, CBP continued to process and approve TTP applications for residents from other jurisdictions which similarly did not provide federal government access to their DMV databases. New York State alleged that the decision was politically motivated as retribution against New York State. The Court exercised jurisdiction under the APA.

Other courts have likewise interpreted the APA to permit review of decisions in the TTP programs, see for example Martinez v. U.S. Customs and Border Protection, 20-cv-2726, (U.S. District Court for the District of Columbia), decided July 8, 2022. The Court reached the question as to whether the CBP acted arbitrarily and capriciously in denying a TTP application. The Court granted defendant's summary judgment motion, concluding that CBP did not act arbitrarily and capriciously in that case. The Court reviewed the case on its merits, which involved a person who was twice denied an application for the NEXUS program. Thus, like the court in New York v. Wolf, the APA permitted review of a TTP denial.

In my case, it's not a naked denial of a TTP application – there is a lengthy back-story. I was approved for the program and held a NEXUS card for a period time before it was revoked and then reinstated in connection with an incident during which my wife was physically attacked by a CBP employee. I then represented my wife in a high-profile lawsuit against CBP, which attracted media coverage. I continued my First Amendment activities, and renewed my NEXUS

pass one more time, during which CBP's records indicate there was no reason for revocation or non-renewal. I protested the former President (now criminal defendant) Trump portrait at the Immigration Court, where migrants were being forced to stare at his face while being wanded by security. Now, CBP, using the same reasons which it previously held were not a valid reason for revocation, has revoked my NEXUS pass and continues in a pattern of harassment against me as I cross the border. Now that the lawsuit my wife filed against them has concluded, they were emboldened to revoke my pass.

It doesn't matter that the NEXUS program does not have clear criteria under the law; the government cannot act arbitrarily and capriciously in connection with a government program or benefit, especially where it has bestowed that benefit upon me in the past, held that no reason exists to revoke it, then later has decided to revoke it based upon the same false reasons that it previously stated were not sufficient for revocation. This is arbitrary and capricious and is an attempt by government actors to punish me for my speech and advocacy. They don't want an outspoken lawyer crossing the border and driving to Batavia to fight for immigrants' rights.

The cases cited by defendant did not involve facts similar to mine. Woodward was wrongly decided, and was decided in Arizona which is an entirely different circuit. We are in the Second Circuit and therefore New York v. Wolf is more persuasive. Despite the lack of regulations surrounding the NEXUS program, CBP does not have unlimited discretion. Certainly if CBP had a pattern of denying NEXUS passes to people due to specific national origin or race, there would be colorable claims under the APA and the Equal Protection Clause. Here, CBP has engaged in a pattern of putting false database entries – verifiably false database entries – which it later claims to have relied on in revoking my NEXUS program membership. CBP has

specifically told me that I should keep my mouth shut. Now, they are attempting to enforce it while hiding behind a program they claim to have unbridled discretion over.

CBP's response is that I have suffered no injury as a result of their abusive revocation of my NEXUS pass. Of course a revocation of my NEXUS pass does not entirely prevent me from crossing the border. It just causes me to have to sit for hours in border traffic despite over a decade of almost-daily cross-border commuting with absolutely no violations of the laws or regulations. It makes it functionally impossible for me to live in Canada where my children attend school, and cross the border daily to my office in Buffalo. Due to CBP being a poorly run agency full of inefficiencies, with no regard for the traveling public, they are unable to run a border crossing without massive delays. The only way to be able to reliably cross the border and make it in time for court hearings, is to hold a NEXUS pass.

With respect to the FOIA response, CBP has wrongfully redacted the documents and I believe they have likely withheld responsive documents from their response. They acted in bad faith, only responding to my FOIA request on the eve of the deadline for them to answer my complaint in federal court, then sending a partial response which was heavily redacted. If I had never filed a lawsuit, the FOIA request would probably still be pending right now. CBP's response evokes totalitarian governments which lack accountability. I believe in the core principles of our democracy and I believe the government is accountable to the people. Now CBP wants until October to figure out what they did in my FOIA response and submit a report about it. I will, of course, defer to the Court's decision with respect to that, but I believe I am entitled to a full FOIA response and any explanation of the redactions.

With respect to the other claims I brought, if the Court believes my FTCA claim is premature because I did not file an administrative claim, I will look into doing so and I would ask that any dismissal of that be without prejudice so that I can do so. CBP continues to harass me as I cross the border on an almost-daily basis. I've had officers tell me that they heard about this lawsuit and that I "need to settle down." In fact, I have that very interaction on audio recording. CBP leadership does nothing, to my knowledge, in response to my repeated complaints about officer misconduct.

My constitutional claims are brought because the constitution is worthless if there is no way to vindicate the rights it guarantees. Egbert v. Boule directly contradicts the Constitution. Of course there is an implied cause of action for violation of constitutional rights. In fact, I believe this Court can hold as such even in the face of Egbert (but I am not a constitutional scholar nor a civil rights lawyer). Even if this Court finds that it has no jurisdiction over those causes of action, I would like to preserve my constitutional claims for appeal as I am hopeful that the composition of the Supreme Court may change in the near future due to the corruption allegations against several of its members, potentially restoring the rule of law in our great nation.

Dated:   August 21, 2023

  Matthew K. Borowski /s/
Matthew K. Borowski, Esq.
4343 Union Road
Buffalo, NY 14225
(716) 330-1503 tel
(716) 710-5445 fax
E-mail: matthew@borowskilaw.com

*Pro Se*