UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW BOROWSKI

                                 Plaintiff,                            23-CV-257

v.

U.S. CUSTOMS AND BORDER
PROTECTION

                                 Defendant.
_____

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS

                                                                          TRINI E. ROSS
                                                                          United States Attorney

                                                    BY:    MARY K. ROACH
                                                                          Assistant United States Attorney
                                                                          Western District of New York
                                                                          138 Delaware Avenue
                                                                          Buffalo, New York 14202
                                                                          716-843-5866
                                                                          Mary.K.Roach@usdoj.gov

# TABLE OF CONTENTS

Point I - Plaintiff's Claim Under The APA Should Be Dismissed For
Lack Of Subject Matter Jurisdiction……………………………….…………………1

Point II - Plaintiff's Common Law Tort Claims Must Be Dismissed Because
Plaintiff's Exclusive Remedy For Such Claims Is Suit Against The United States
Under The Federal Tort Claims Act And Because Plaintiff Did Not Exhaust His
Administrative Remedies As Required By The Federal Tort Claims Act….…………..5

Point III - The Eighth And Ninth Causes Of Action Alleging A Violation Of
Of Plaintiff's Constitutional Rights Should Be Dismissed…………..…………………6

Point IV - CBP Will Address The FOIA Claim In Accordance
With Schedule Set By This Court………………………………………………….….6

Conclusion……………………………………………………………………………..6

## Table of Authorities

Page(s)

**Cases**

*Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971) ...........................................6
*Farm Sanctuary v. United States Department of Agriculture,*...................................................1
__ F.Supp. 3d ___, 2023 WL 2673141 (W.D.N.Y. Mar. 28, 2023)
*Jajati v. United States Customs and Border Protection,*
22-CV-175, 2022 9529850 (S.D. Cal. Oct. 14, 2022) ......................................................2,3,4
*Martinez v. U.S. Customs and Border Protection,*
20-cv-2726 (D.D.C. July 8, 2022)................................................................................2,4
*New York v. Wolf,*
No.20-CV-1127 JMF 2020 WL 6047817 (S.D.N.Y. Oct.13,2020).....................................2,3
*Woodward v. Customs and Border Protection,*
CV-20-00151, 2022 WL 294214 (D. Az. Feb 1, 2022).......................................................2,4,5

**Statutes**

5 U.S.C. § 701(a)(2) ...............................................................................................1
8 U.S.C. § 1365b(k)(3).............................................................................................3
8 U.S.C. § 1753(a)..................................................................................................3
28 U.S.C. § 2675 ....................................................................................................5

**Rules**

Fed.R.Civ.P. 12(b)(1)..............................................................................................6

**Regulations**

75 Fed. Reg. 82.202 ...............................................................................................4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW BOROWSKI,

                      Plaintiff,                      23-CV-257

v.

U.S. CUSTOMS AND BORDER
PROTECTION,

                      Defendant.
_____

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, U.S. Customs and Border Protection ("CBP"), submits this Reply Memorandum of Law in further support of its Motion to Dismiss and in reply to Plaintiff's Response to Motion to Dismiss (Dkt. # 17) ("Pl. MOL").

### POINT I

### PLAINTIFF'S CLAIM UNDER THE APA SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff's claim brought pursuant to the APA should be dismissed for lack of subject matter jurisdiction because (1) CBP is immune from suit relating to discretionary decisions regarding NEXUS membership; and (2) plaintiff has not suffered a legal wrong. In response to the motion to dismiss, plaintiff did not dispute the information set forth in the background section of the CBP MOL at pp. 2-6, nor did he contest the fact that "the APA explicitly excludes from judicial review those agency decisions that are "committed to agency discretion by law." *Farm Sanctuary v. United States Department of Agriculture*, __ F.Supp. 3d __, 2023 WL 2673141 (W.D.N.Y. Mar. 28, 2023); 5 U.S.C. § 701(a)(2). He

1

did not disagree that NEXUS' authorizing statute is broad and devoid of criteria that CBP should consider.

Plaintiff did not discuss or distinguish any of the cases cited in the CBP MOL other than *Woodward v. Customs and Border Protection*, CV-20-00151, 2022 WL 294214 at *4 (D. Az. Feb 1, 2022). In *Woodward*, the court reviewed the termination of a SENTRI pass and found that the SENTRI regulations "clearly establish that there is no private right of action against CBP, [and] they are clear that in determining eligibility, including revoking it, the matter is solely up to the discretion of the Service," despite the fact that the regulation provides a non-exclusive list of criteria that are considered in the decision. Plaintiff merely stated that *Woodward* was "wrongly decided" and was a decision from outside the Second Circuit. Pl. MOL at 3. He did not mention another case cited by CBP, *Jajati v. Customs and Border Protection*, 22-CV-175, 2022 WL 9529850 at *5 (S.D. Cal. Oct. 14, 2022), in which the Court found that a decision to revoke a SENTRI membership was not subject to judicial review under the APA.

Instead, plaintiff cited two cases for the proposition that this Court has subject matter jurisdiction to review the decision to revoke his NEXUS pass: *New York v. Wolf*, No. 20-CV-1127 (JMF), 2020 WL 6047817 (S.D.N.Y. Oct. 13, 2020), and *Martinez v. U.S. Customs and Border Protection*, 20-cv-2726 (D.D.C. July 8, 2022). *Wolf* arose in a completely different context than the case at bar. In *Wolf*, the State of New York and a certified class of New Yorkers challenged DHS' decision to suspend the eligibility of all New York residents to enroll or re-enroll in Trusted Traveler Programs. *Wolf*, at *1-2. The Government moved for summary judgment on the APA claims, but before Defendants' opposition to the motion was due, DHS announced it was lifting the ban on New Yorkers wishing to apply for

Trusted Traveler Programs. *Id.,* at *1,4. "[W]hile the Court found it had jurisdiction over the dispute, its ruling was limited to the state-wide ban on New Yorkers applying for any Trusted Traveler Programs, as opposed to any DHS decision over an individual's application [to participate in a trusted traveler program]." *Jajati,* 2022 WL 9529850 *5

Moreover, the court in *Wolf* did not even discuss the basis for its conclusion that the determination was reviewable under the APA, other than to state that it found the decision reviewable "for the reasons argued by plaintiffs." *Id.,* at *6. In the memorandum of law cited in the *Wolf* decision, plaintiffs argued that the Intelligence Reform and Terrorism Prevention Act of 2004 provided a meaningful standard because Congress directed the Secretary to (1) establish criteria for participation via rule making, which he failed to do so with the ban and (2) to ensure as many participants as he can by making enrollment convenient with clear and consistent guidelines, which the ban flouted." *New York v. Wolf,* 1:20-CV-01127-JMF, Dkt. #79 at pp. 7-8. The Court's assertion of jurisdiction in *Wolf* related specifically to the ban and was, therefore, based on very different circumstances than those in the case before this Court. Moreover, the authorizing statute for Global Entry, the subject of the *Wolf* decision, is notably different than the NEXUS authorizing statute. The Global Entry authorizing statute instructs the Secretary to provid[e] applicants with clear and consistent eligibility guidelines." 8 U.S.C. § 1365b(k)(3), while the NEXUS authorizing statute contains no such language. *See,* 8 U.S.C. 1753(a). Plaintiff also cited *Martinez,* an unreported decision in which the Court stated that in a previous order, it found that it had jurisdiction to review the denial of plaintiff's application to participate in the NEXUS program and noted that "CBP's disqualifying factors [were] 'self-imposed constraints' that suppl[ied] a judicially manageable standard of review.'" This conclusion is flawed. There is

3

no dispute CBP has identified a list of disqualifying factors that it considers when reviewing an application or renewal request in the context of a Federal Register notice relating to the utilization of Global Entry Kiosks by NEXUS and SENTRI participants. 75 Fed. Reg. 82,202, 82,202. While these factors are identified on its website and in a Federal Register notice, the publication of these factors does not change or limit CBP's discretion. CBP may disqualify an applicant from holding a NEXUS membership if it finds any of the risk factors to be present. Indeed, the final factor is purely discretionary –"cannot satisfy CBP of his or her low risk status." *See*, CBP MOL at 3. Thus, the analysis of these risk factors is left to CBP's discretion and there is no guidance at all from which the Court can evaluate CBP's assessment of risk status.

*Jajati* is better reasoned than *Martinez*. In *Jajati*, the court agreed with the holding in *Woodward* and concluded that a decision to revoke plaintiff's eligibility for the SENTRI membership was not subject to judicial review under the APA. *Id.,* at *5.
Both decisions relied on the finding that "the regulations clearly establish ... that in determining eligibility, including revoking it, the matter is solely up to the discretion" of the agency. *Jajati,* at *5, citing *Woodward,* at *4. This Court should conclude that the decision to revoke plaintiff's eligibility for NEXUS membership is not subject to judicial review.

In addition to not addressing most of the CBP's arguments or distinguishing most of the cases cited by the Government, Plaintiff did not address CBP's legal argument that he is not entitled to APA review of the revocation decision because he has not been legally wronged, except to note that his travel to and from Canada has been delayed. Pl. MOL at 4 . As was noted in the CBP MOL, at pp. 10-11, the APA's presumption of judicial review protects "one suffering legal wrong because of agency action." *Woodward,* 2022 WL 294214

4

at *4. In *Woodward*, the court found that plaintiff did not sustain a legal wrong when his SENTRI pass was revoked because his ability to cross the border was merely delayed, not precluded. In this case, plaintiff admitted that revocation of his NEXUS pass does not prevent him from crossing the border. Pl. MOL, at 4. Therefore, because no rights, obligations or legal consequences flow from the revocation of plaintiff's NEXUS pass, the revocation is not the type of final agency action which is subject to review under the APA. Accordingly, plaintiff's APA claim should be dismissed.

## POINT II

**PLAINTIFF'S COMMON LAW TORT CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF'S EXCLUSIVE REMEDY FOR SUCH CLAIMS IS SUIT AGAINST THE UNITED STATES UNDER THE FEDERAL TORT CLAIMS ACT AND BECAUSE PLAINTIFF DID NOT EXHAUST HIS ADMINISTRATIVE REMEDIES AS REQUIRED BY THE FEDERAL TORT CLAIMS ACT**

Plaintiff did not attempt to refute CBP's argument that his common law tort claims sounding in false arrest, false imprisonment, assault and battery, unlawful seizure and intentional infliction of emotional distress against CBP should be dismissed for lack of subject matter jurisdiction. See Pl. MOL at 5. Plaintiff did not claim that a federal agency is a proper defendant in an action brought under the Federal Tort Claims Act. He acknowledged that he did not file an administrative claim with CBP as required by 28 U.S.C. § 2675. *Id.* Therefore, the Third, Fourth, Fifth, Sixth and Seventh Causes of action which assert common law tort claims against CBP must be dismissed for lack of subject matter jurisdiction.

## POINT III

### THE EIGHTH AND NINTH CAUSES OF ACTION ALLEGING A VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS SHOULD BE DISMISSED

Plaintiff did not contest CBP's argument that an action under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971) cannot be brought against federal agency, nor did he disagree with the proposition that *Bivens* claims against an agency must be dismissed for lack of subject matter jurisdiction. Accordingly, the claims asserted against CBP in the Eighth and Ninth Causes of Action in the Amended Complaint must be dismissed for lack of subject matter jurisdiction.

## POINT IV

### CBP WILL ADDRESS THE FOIA CLAIM IN ACCORDANCE WITH SCHEDULE SET BY THIS COURT

This Court extended CBP's time to answer or otherwise respond to the second cause of action asserting a FOIA claim to and including October 16, 2023. Dkt. # 14. Plaintiff briefly addressed the FOIA claim in his submission. Pl. MOL at 4. The Government intends to move for summary judgment on the FOIA claim, and will fully brief the issues related to the FOIA claim at that time.

## CONCLUSION

This Court lacks subject matter jurisdiction under the APA over CBP's discretionary decision to deny plaintiff's NEXUS membership, as well as the common law and constitutional tort claims asserted in the Amended Complaint. Therefore, defendant requests that the Court dismiss the First, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action in the Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

DATED:    Buffalo, New York, August 29, 2023

                        Respectfully submitted,

                        TRINI E. ROSS
                        United States Attorney

BY:    s/MARY K. ROACH
       Assistant United States Attorney
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       716-843-5866
       Mary.K.Roach@usdoj.gov