UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MATTHEW BOROWSKI

               Plaintiff,                       23-CV-257

v.

U.S. CUSTOMS AND BORDER
PROTECTION

               Defendant.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

                                        TRINI E. ROSS
                                        United States Attorney

                    BY:   MARY K. ROACH
                              Assistant United States Attorney
                              Western District of New York
                              138 Delaware Avenue
                              Buffalo, New York 14202
                              716-843-5866
                              Mary.K.Roach@usdoj.gov

## TABLE OF CONTENTS

1. Matters Not in Dispute……………………………………………………………….1

2. The Claimed Inaccuracies in the Defendant's Statement of
   Facts are Not Material……………………………………………………………….1

3. The Unsworn Assertions in Plaintiff's Preliminary
   Statement Should be Disregarded……………………………………………………4

4. There is No Evidence that CBP Acted in Bad Faith in the
   Processing of Plaintiff's FOIA Request……………………………………………..5

5. CBP Properly Withheld Exempt Information from Disclosure……………………..6

   a. CBP Properly Withheld Five Pages of Information Under
      Exemption (b)(5) …………………………………………………………….6

   b. CBP Properly Withheld Information Regarding Inspection
      Techniques and Procedures under Exemption (b)(7)(E)…………………….7

   c. CBP Properly Withheld Information Under Exemptions
      (b)(6) and(b)(7)(C)…………………………………………………………..8

6. *In Camera* Review is Not Warranted in this Case…………………………………11

Conclusion………………………………………………………………………………12

# TABLE OF AUTHORITIES

### FEDERAL CASES

*Am. C.L. Union v. U.S. Dep't of Def.*, 901 F.3d 125, 133 (2d Cir. 2018) ---------------------- 5,6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)----------------------------------------- 1

*Baez v. U.S. Dept. of Justice*, 647 F.2d 1328, 1339 (1980) ---------------------------------------- 8

*Brown v. FBI*, 658 F.2d 71, 75 (2d Cir. 1981) ------------------------------------------------------10

*Carney v. U.S. Dept. of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)----------------------------------5,7

*DOJ v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 771-72 (1989) --------------------- 9

*Ellis v. U.S. Dep't of Justice*, 110 F.Supp.3d 99, 105 (D.D.C. 2015)-------------------------------- 5

*Federal Deposit Insurance Corp. v. Great American Insurance Co.*, 607 F.3d 288, 292 (2d Cir. 2010) --------------------------------------------------------------------------------------------------- 1, 2

*Halpern v. FBI*, 181 F.3d 279 (2d Cir. 1990) -------------------------------------------------5, 7, 11

*House v. U.S. Dep't Of Justice*, 197 F.Supp. 3d 192, 204 -------------------------------------------5,6

*Hulstein v. DEA*, 671 F.3d 690, 695-96 (8th Cir. 2012) ------------------------------------------10

*James v. U.S. Customs & Border Prot.*, 549 F. Supp. 2d 1 (D.D.C. 2008) --------------------------10

*Knight First Amendment Institute at Columbia University v. USCIS*, 30 F.4th 318, 331 (2d Cir. 2022) --------------------------------------------------------------------------------------- 7

*Lorber v. U.S. Dep't of the Treasury*, 2016 WL 4581334, at *2 (E.D.N.Y. Sept. 2, 2016) --- 4

*Moradi v. Morgan*, 527 F. Supp. 3d 144, 159 (D. Mass. 2021)------------------------------------- 9

*Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 172 (2004)-------------------------------- 8

*Nix v. United States*, 572 F.2d 998, 1006 (4th Cir. 1978) ----------------------------------------- 8

*Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002)------------------------------------10

*Patterson v. Cnty of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004). ---------------------------2,3

*SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir.1991------------------------------ 7

*Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)---------------------------------------------- 4

*Seife v. United States Dep't of State*, 298 F. Supp. 3d 592, 630 (S.D.N.Y. 2018)-------- 11, 12

SPIRKO V. U.S. POSTAL SERVICE, 147 F.3D 992, 997 (D.C. CIR. 1998) ---------------------------------- 12

VOSBURGH V. IRS, 1994 WL 564699, AT *4 (D. OR. JULY 5, 1994) -------------------------------------- 10

## STATUTES

5 U.S.C. § 552 ----------------------------------------------------------------------------------------- PASSIM

## RULES

FED. R. CIV. P. 56(C) ---------------------------------------------------------------------------------- 2, 3

LOCAL RULES OF CIVIL PROCEDURE FOR THE UNITED STATES DISTRICTCOURT FOR THE
WESTERN DISTRICT OF NEW YORK RULE 56 ------------------------------------------------------- 2, 4

Defendant, U.S. Customs and Border Protection ("CBP"), submits this Reply Memorandum of Law in further support of its Motion for Partial Summary Judgment (Dkt. 19) and in reply to Plaintiff's Response in Opposition to Motion for Partial Summary Judgment ("Pl. MOL") (Dkt. 23).

### 1. Matters Not in Dispute

The parties agree as to the standard of review to be applied on a motion for summary judgment in a FOIA case. *See* Memorandum of Law in Support of Defendant's Motion for Partial Summary Judgment ("CBP MOL") (Dkt. 19- 3), pp. 2-4, Pl. MOL at 7-10. In addition, Plaintiff does not claim that the search performed by CBP was not reasonably designed to identify and locate responsive documents.

### 2. The Claimed Inaccuracies in the Defendant's Statement of Facts are Not Material

In accordance with Fed. R. Civ. P. 56(c), summary judgment must be granted if it can be shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Indeed, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Federal Deposit Insurance Corp. v. Great American Insurance Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (citing *Anderson*, 477 U.S. at 249). A party asserting that a fact is genuinely disputed must support the assertion either by "citing to particular parts of materials in the record" including affidavits or declarations, or by "showing that the materials cited do not

establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Local Rule 56(a)(2) of the Local Rules of Civil Procedure provides:

> (2) Opposing Statement. The papers opposing a motion for summary judgment shall include a response to each numbered paragraph in the moving party's statement, in correspondingly numbered paragraphs and, if necessary, additional paragraphs containing a short and concise statement of additional material facts as to which it is contended there exists a genuine issue to be tried. Each numbered paragraph in the moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement.

Affidavits and declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see Patterson v. Cnty of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004). "The Rule's requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.'" *Patterson*, 375 F.3d at 219. A verified pleading may have the effect of an affidavit, but only if it makes allegations on the basis of a plaintiff's personal knowledge. *Id.* Importantly, "[t]o defeat a summary judgment motion, the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Great American Insurance Co.*, 607 F.3d at 292 (internal citations omitted).

With the exception of three of Defendant's facts—facts 6, 11, and 12—Plaintiff does not dispute any of the remaining facts set forth in the Government's Statement of Material Facts. Thus, all remaining facts are deemed admitted. With respect to Defendant's facts 6, 11, and 12, Plaintiff merely asserts alleged "inaccuracies" in an apparent attempt to

2

manufacture a factual dispute. Plaintiff neither supplies the requisite affidavits or declarations, nor is Plaintiff's unsworn Reply, based upon information and belief, a verified pleading that could otherwise be considered the equivalent of an affidavit. Even accepting Plaintiff's Reply as the equivalent of an affidavit does not yield a different result, as his assertions are immaterial.

Taking each in turn, with respect to fact 6, Plaintiff states his "belief" that a NEXUS member "can, and is encouraged to, apply for a renewal prior to the expiration of their membership." Pl. MOL p. 5. Plaintiff's unsworn "belief" not only lacks the requisite supporting documentation based on his personal knowledge (which he would be unable to provide for his assertion), but such "belief" is immaterial to any determination by this Court that CBP properly withheld information under the relevant FOIA exemptions.

With respect to fact 11, Plaintiff takes issue with Defendant's assertion that Plaintiff's December 2013 outbound encounter at the border was considered an "inspection," but agrees with Defendant that Plaintiff's NEXUS membership was revoked subsequent to that border encounter. Pl. MOL p. 5. Whether or not an outbound encounter at the international border of this sort is considered an "inspection" is not something Plaintiff can attest to of his own personal knowledge. Further, whether said encounter is considered an inspection or a vehicle stop (as stated by Plaintiff) is immaterial to the Court's determination that CBP properly withheld information under FOIA here.

Lastly, regarding fact 12, Plaintiff does not appear to contest the fact itself—that his NEXUS membership was restored on April 25, 2014 after CBP's discretionary review—but rather adds his belief that it was reinstated because of his wife's litigation before U.S. Magistrate Judge Jeremiah McCarthy. Pl. MOL p. 5. Plaintiff cannot attest, of his own

3

personal knowledge, why his NEXUS membership was restored. Moreover, his belief as to *why* his NEXUS membership was restored is immaterial to the Court's decision that CBP's withholdings under FOIA were proper in this case.

Plaintiff bore a burden to rely on evidence that is more than conclusory or unsubstantiated speculation to defeat Defendant's motion for partial summary judgment. *See Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir. 1998); *Lorber v. U.S. Dep't of the Treasury*, 2016 WL 4581334, at *2 (E.D.N.Y. Sept. 2, 2016) ("Conclusory statements, devoid of specifics, are insufficient to defeat a properly supported motion for summary judgment."). Plaintiff's allegations of inaccuracies contained within Defendant's Statement of Material Facts are unsworn and immaterial, and do not specifically controvert Defendant's Facts. Simply, Plaintiff failed to meet his burden. Thus, all of Defendant's Statements of Material Facts should be admitted.

### 3. The Unsworn Assertions in Plaintiff's Preliminary Statement Should be Disregarded

The Preliminary Statement (Pl. MOL 1-5) contains numerous unsworn, speculative and unsubstantiated statements regarding alleged wrongdoing on the part of CBP. These assertions are not in evidentiary form, and Plaintiff did not submit "additional paragraphs containing a short and concise statement of additional material facts as to which it is contended there exists a genuine issue to be tried," as required by Local Rule 56(a)(2). The unsworn allegations made in the Preliminary Statement (pp. 1-5), should be disregarded because they are not supported by an affidavit or other evidentiary material.

In any event, most of the allegations in the Preliminary Statement relate to a 2013 incident involving Plaintiff and his wife at the border, the subsequent legal proceedings and alleged harassment of Plaintiff at the border. Plaintiff also speculates that CBP "may have

4

used reasons to deny [his] NEXUS renewal and revoke [his] membership that [CBP] previously deemed insufficient for revocation," and argues that such action was arbitrary and capricious. Pl. MOL at 4. However, these assertions and claims are irrelevant; the sole issues to be decided in connection with this motion for partial summary judgment are whether CBP's search was adequate and whether CBP properly withheld requested records under FOIA. *Carney v. U.S. Dept. of Justice,* 19 F.3d 807, 812 (2d Cir. 1994) (discussing burden of proof in a FOIA case).

Indeed, Plaintiff acknowledges that the Second Circuit has held that "[s]ummary judgment is appropriate where the agency declarations describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record of by evidence of agency bad faith…Thus, the agency's justification is sufficient if it appears logical and plausible." Pl. MOL, 9-10, citing *Halpern v. FBI,* 181 F.3d 279 (2d Cir. 1990), and *Am. C.L. Union v. U.S. Dep't of Def.,* 901 F.3d 125, 133 (2d Cir. 2018), *as amended* (Aug. 22, 2018).

### 4. There is No Evidence that CBP Acted in Bad Faith in the Processing of Plaintiff's FOIA Request

There is no evidence that CBP acted in bad faith in connection with Plaintiff's FOIA request. While Plaintiff complains that his FOIA request was "ignored" until he brought this litigation, Pl. MOL at 3, "[c]ourts routinely find that delays in responding to FOIA requests are not, in and of themselves, indicative of agency bad faith." *House v. U.S. Dep't of Justice,* 197 F. Supp. 3d 192, 204 (D.D.C. 2016), citing *Ellis v. U.S. Dep't of Justice,* 110 F.Supp.3d 99, 105 (D.D.C. 2015). Plaintiff has not alleged that CBP engaged in any misconduct, much less bad faith, in the processing of his FOIA request. His claims that

CBP officers improperly interacted with him at the border cannot be used to establish bad faith in connection with the FOIA claim. In *House*, the Court rejected an argument that the agency should be found to have acted in bad faith in a FOIA case based upon the unrelated allegations that Plaintiff was subjected to unauthorized and illegal surveillance, and refused to consider the unrelated allegations of misconduct as evidence of bad faith in in the processing of his FOIA request. *House*, 110 F.Supp.3d at 304.

5. **CBP Properly Withheld Exempt Information from Disclosure**

   a. **CBP Properly Withheld Five Pages of Information Under Exemption (b)(5)**

FOIA Exemption (b)(5) exempts from disclosure "intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Plaintiff does not dispute any of CBP's legal arguments relating to this exemption set forth at pages 9-10 of the CBP MOL, and he acknowledges that disclosure of information documenting CBP's deliberative processes is protected. Pl. MOL at 11. Rather, he questions whether the redacted deliberations were truly pre-decisional and claims, incorrectly, that CBP provided no supporting detail as to why the five pages of e-mails were deliberative. Pl. MOL at 11, 17. Further, while Plaintiff claims that he should be provided with the date(s) of the deliberations so that he can ensure that they are pre-decisional, *id.*, he has cited no legal authority for this proposition.

As is detailed in the Declaration of Patrick A. Howard, Dkt. 19-2, ¶ 25, the five pages of records "constitute internal, pre-decisional deliberations and recommendations of CBP employees pertaining to Plaintiff's NEXUS eligibility, and they predate CBP's decision regarding Plaintiff's NEXUS eligibility. Release of those pre-decisional, deliberative records could reasonably be expected to have a chilling effect on the open and frank expression of

ideas, recommendations, and opinions that occur when CBP officials engage in decision-making processes." *Id.,* ¶ 26. Based upon these statements, it is clear that Plaintiff's concerns have no merit.

In enacting FOIA, Congress expected "that Federal courts, in making *de novo* determinations ..., will accord substantial weight to an agency's affidavit concerning the details of the classified status of the disputed record." *Halpern,* 181 F.3d at 292. Affidavits submitted by an agency are "accorded a presumption of good faith," *Carney,* 19 F. 3d at 812, quoting *SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1200 (D.C.Cir.1991). The presumption of good faith "cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard,* 926 F.2d at 1200. The requisite information supporting the redaction of the five pages of information relating to pre-decisional deliberations is already before this Court.

### b. CBP Properly Withheld Information Regarding Inspection Techniques and Procedures under Exemption (b)(7)(E)

Plaintiff did not refute any of the law set forth in Point B.5 of the CBP MOL (pp. 11-20). Indeed, Plaintiff admits that "even if known by the public to some extent, [the techniques and procedures] are nevertheless exempt if disclosure of the circumstances of their use could lessen their effectiveness." Pl. MOL, at 18. "The key issue in determining whether redacted material contains 'techniques or procedures' under Exemption 7(E) is whether disclosure of that material would reveal particulars about the way in which an agency enforces the law and the circumstances that will prompt it to act." *Knight First Amendment Institute at Columbia University v. USCIS,* 30 F.4th 318, 331 (2d Cir. 2022).

Plaintiff's claim that the *Vaughn* Index does not provide sufficient information to allow him to determine whether this exception applies, Pl. MOL at 18-19, has no merit. In

making this argument, Plaintiff ignores paragraphs 27-33 of the Howard Declaration, which provide detailed information as to the material withheld, including information regarding techniques and procedures for inspecting travelers and assessing law enforcement risks associated with travelers, and information regarding CBP's systems and databases. This argument should be rejected.

### c. CBP Properly Withheld Information Under Exemptions (b)(6) and (b)(7)(C)

Plaintiff contends that that "release of the names of the CBP employees would not constitute an 'unwarranted invasion of personal privacy'" because there is "no reasonable expectation of privacy in a public-facing law enforcement career." Pl. MOL 15-16. Plaintiff's claim is without merit.

Courts have repeatedly rejected the proposition that government officials, by virtue of their positions, forfeit their personal privacy under FOIA. *See Baez v. U.S. Dept. of Justice*, 647 F.2d 1328, 1339 (1980); CBP MOL, at 20-24. "One who serves his state or nation as a career public servant is not thereby stripped of every vestige of personal privacy, even with respect to the discharge of his official duties. Public identification of any of these individuals could conceivably subject them to harassment and annoyance in the conduct of their official duties and in their private lives." *Nix v. United States*, 572 F.2d 998, 1006 (4th Cir. 1978).

Importantly, when disclosure could result in an invasion of personal privacy, the Supreme Court has made clear that a requester bears the burden of establishing that disclosure would serve the public interest. *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 172 (2004) ("Where the privacy concerns addressed by Exemption 7(C) are present, the exemption requires the person requesting the information to establish a sufficient reason for

the disclosure. First, the citizen must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake. Second, the citizen must show the information is likely to advance that interest."). A requester's personal interest in disclosure is irrelevant to the public interest analysis. *See DOJ v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 771-72 (1989) ("[W]hether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny,' rather than on the particular purpose for which the document is being requested.") (internal citations omitted).

In this matter, Plaintiff has made no demonstration that a superior public interest would be served by such a disclosure. While Plaintiff may have a personal "interest in knowing the names of the officers who made remarks or comments on the file CBP maintains on Plaintiff," Plaintiff has wholly failed to allege how it would be in the public interest to reveal these employees' identities. Pl. MOL 16. Instead, Plaintiff makes the conclusory assertion that *his* "interest outweighs whatever privacy interest may be enjoyed by a uniformed law enforcement official." Pl. MOL 16.

"Courts have consistently held that 'where the plaintiff has failed to demonstrate any superior public interest that would be served by disclosure, the competing interest of avoiding an unwarranted invasion of personal privacy takes precedence, and the information is exempt from disclosure under Exemption 7(C).'" *Moradi v. Morgan*, 527 F. Supp. 3d 144, 159 (D. Mass. 2021) (finding that, even where the plaintiff asserted generally that the public has an interest in the CBP officers' names and titles, "the officers' rights to privacy and safety outweigh any public interest given [Plaintiff's] failure to demonstrate how

the revelation of this kind of information would shed light on the operations and activities of CBP," and thus the information was properly withheld under Exemption 7(C)) (internal citations omitted); *see also Hulstein v. DEA*, 671 F.3d 690, 695-96 (8th Cir. 2012) ("[Plaintiff] presented no public interest to weigh against the agents' recognized privacy interests in their involvement in a particular investigation, nor offered any evidence of government impropriety beyond casting general aspersions on the fact that the DEA was investigating him. Absent any such allegations, the names of the agents involved in the investigation should remain confidential"); *Vosburgh v. IRS*, 1994 WL 564699, at *4 (D. Or. July 5, 1994), *aff'd*, 106 F.3d 411 (9th Cir. 1997) ("In general, public disclosure of the identities of low-level employees does not significantly shed light on the activities or operations of the government.").

As noted above, it is "[t]he 'interest of the general public, and not that of the private litigant' [which] controls the analysis, and public interest in disclosure of records 'does not include helping an individual obtain information for his personal use.'" *James v. U.S. Customs & Border Prot.*, 549 F. Supp. 2d 1 (D.D.C. 2008) (finding that names of CBP personnel were exempt from disclosure under Exemption (b)(6) and (b)(7)(C) because disclosure of such information could interfere with CBP's mission, and there was no public interest in release of such information as its dissemination would not help explain activities and operations of CBP) (citing *Brown v. FBI*, 658 F.2d 71, 75 (2d Cir. 1981) and *Oguaju v. United States*, 288 F.3d 448, 450 (D.C. Cir. 2002)).

Outside of his own personal interest, Plaintiff has made no showing at all—let alone through means of a sworn affidavit or declaration—as to how publicly releasing the names

10

of CBP employees, who Plaintiff alleges made remarks or comments about Plaintiff, would shed any light on the activities or operations of CBP.

Thus, for the foregoing reasons, and for those reasons stated in Defendant's Motion for Partial Summary Judgment, CBP properly withheld information under Exemptions (b)(6), and (b)(7)(C), including the names of CBP employees.

### 6. *In Camera* Review is Not Warranted in this Case

Plaintiff's request that this Court conduct an *in camera* review of the redacted materials should be denied. While FOIA provides that "the [district] court ... may examine the contents of ... agency records in camera to determine whether such records" are exempted, 5 U.S.C. § 552(a)(4)(B), "*[i]n camera* review is considered the exception, not the rule, and the propriety of such review is a matter entrusted to the district court's discretion." *Halpern*, 181 F.3d at 295. The Second Circuit has described its approach to ordering *in camera* FOIA review as follows:

> With respect to *in camera* review, we adopted a restrained approach permitting such review where the record showed the reasons for withholding were vague or where the claims to withhold were too sweeping or suggestive of bad faith, or where it might be possible that the agency had exempted whole documents simply because there was some exempt material in them. By the same token, where the affidavit is sufficiently detailed to place the documents within the claimed exemptions, and where the government's assertions are not challenged by contrary evidence or a showing of agency bad faith, we have held that the district court should restrain its discretion to order *in camera* review.

*Halpern*, 181 F.3d at 292 (citations omitted).

"[A] district court should not undertake *in camera* review of withheld documents as a substitute for requiring an agency's explanation of its claimed exemptions in accordance with *Vaughn*." *Seife v. United States Dep't of State*, 298 F. Supp. 3d 592, 630 (S.D.N.Y. 2018),

quoting *Spirko v. U.S. Postal Service*, 147 F.3d 992, 997 (D.C. Cir. 1998). Instead, "[t]he district court should first offer the agency the opportunity to demonstrate, through detailed affidavits and oral testimony, that the withheld information is clearly exempt and contains no segregable, nonexempt portions." *Spirko,* 147 F.3d at 997 (citation and internal quotation marks omitted). Thereafter, "[i]f the agency fails to provide a sufficiently detailed explanation to enable the district court to make a de novo determination of the agency's claims of exemption, the district court then has several options, including inspecting the documents *in camera,* requesting further affidavits, or allowing the plaintiff discovery." *Seife,* 298 F. Supp. 3d at 630.

For the reasons previously stated, Plaintiff has failed to make any showing of bad faith in the processing of his FOIA request. Further, Defendant has provided a sufficiently detailed explanation for all withholdings in this matter. Accordingly, Plaintiff's request for an *in camera* review should be denied.

## CONCLUSION

For the reasons set forth herein and in CBP's prior submissions, CBP's motion for partial summary judgment dismissing the FOIA claim should be granted.

DATED:   Buffalo, New York, December 19, 2023.

Respectfully Submitted,

TRINI E. ROSS
United States Attorney

BY:   S/MARY K. ROACH
Assistant U.S. Attorney
U.S. Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5866
