UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW BOROWSKI

                              Plaintiff,                            23-CV-257

v.

U.S. CUSTOMS AND BORDER PROTECTION

                              Defendant.
_____

## ANSWER TO AMENDED COMPLAINT

      Defendant U.S. Customs and Border Protection ("CBP"), by its attorney, Trini E. Ross, United States Attorney for the Western District of New York, and Mary K. Roach, Assistant United States Attorney, for hereby answers Plaintiff's amended complaint, upon information and below, as follows:

      1.      Defendant admits that paragraph 1 of the amended complaint asserts a claim under the Administrative Procedure Act ("APA") seeking declaratory and injunctive relief relating to CBP's determination that Plaintiff was not eligible for the NEXUS program. Defendant also admits that the amended complaint asserts a claim under the Freedom of Information Act ("FOIA") seeking injunctive relief and the disclosure and release of certain CBP records. Plaintiff's constitutional claims and claims under the Federal Tort Claims Act were dismissed pursuant to United States District Court Judge Elizabeth Wolford's Order of February 21, 2024, and therefore, no response is required. To the extent that a response is required, Defendant denies the remaining allegations in paragraph 1.

2. Paragraph 2 contains allegations that are conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 2.

3. Paragraph 3 contains allegations that are conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 3.

4. Paragraph 4 contains allegations that are conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 4.

5. Paragraph 5 contains allegations that are conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 and, therefore, denies the same.

7. Defendant admits that it is a federal agency within the U.S. Department of Homeland Security, and that it maintains an office at 300 Airborne Parkway, Suite 300, in Cheektowaga, New York. Defendant further states that NEXUS is a bilateral arrangement between CBP and the Canada Border Services Agency, which allows its members traveling between the U.S. and Canada to take advantage of facilitated processing by U.S. and Canadian officials through dedicated processing lanes at land border ports of entry. Defendant denies the remaining allegations in paragraph 7.

8. Defendant admits that Plaintiff initially applied for the NEXUS program on November 13, 2011. Defendant denies that Plaintiff has continuously held a NEXUS card since 2012.

9. Defendant admits that Plaintiff has used his NEXUS card to cross the border on multiple occasions since 2013. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 9 and, therefore, denies the same.

10. Defendant denies the allegations in paragraph 10.

11. Defendant admits, on December 14, 2013, Plaintiff's wife was issued a violation notice for violating 41 C.F.R. § 102-74.385. Defendant denies the remaining allegations in paragraph 11.

12. Defendant admits, on March 28, 2014, United States Magistrate Judge Jeremiah McCarthy dismissed the charge that Plaintiff's wife violated 41 C.F.R. § 102-74.385. Defendant denies the remaining allegations in paragraph 12.

13. Defendant admits that Plaintiff's and his wife's NEXUS cards were returned to them in or around April 2014, after Plaintiff requested reconsideration from the CBP Ombudsman, and was granted discretion for continued enrollment. Defendant denies the remaining allegations in paragraph 13.

14. Defendant admits that Plaintiff's wife filed a lawsuit against CBP Officer Vincent Mordino on or about December 16, 2016, and states that all claims asserted in the lawsuit against CBP Officer Mordino were dismissed in their entirety pursuant to United States District Court Judge Lawrence J. Vilardo's Order of October 19, 2017, and his Decision and Order of October 15, 2020.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant admits the allegations in paragraph 17.

18. Defendant admits the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19.

20. Defendant admits that documents provided by CBP to Plaintiff in response to his FOIA request included a record dated September 17, 2017, showing a notation under "director review" stating "[n]o disqualifying information found." Defendant denies the remaining allegations in paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 and, therefore, denies the same.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 and, therefore, denies the same.

23. Defendant admits that at approximately 12:05 p.m. on February 20, 2019, CBP Officers encountered Plaintiff at the Peace Bridge in Buffalo, New York. Defendant admits that CBP instructed Plaintiff to remove his safety belt and go to the rear of his vehicle. Defendant admits that it executed a pat down of Plaintiff, that Plaintiff was escorted to the secondary inspection area, that he was directed to empty his pockets, that his briefcase was searched, that his vehicle and its contents were searched, that Plaintiff requested to speak with a supervisor, and that Plaintiff was released from the secondary inspection area approximately 10 minutes later. Defendant denies the remaining allegations in paragraph 23.

24. Defendant admits that Plaintiff has been referred for secondary inspection on more than one occasion, and that he has been inspected on more than one occasion, since

becoming a member of the NEXUS program. Defendant denies the remaining allegations in paragraph 24.

25. Defendant denies the allegations that it "falsely" took any actions described in paragraph 25. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 25 and, therefore, denies the same.

26. Defendant admits the allegations in paragraph 26.

27. Defendant admits that it provided two letters to Plaintiff dated December 20, 2022, informing him that his application to the NEXUS program had been disapproved and membership revoked because he does not meet program eligibility requirements. Defendant denies the remaining allegations in Paragraph 27.

28. Defendant admits that Plaintiff made a reconsideration request regarding his NEXUS program eligibility on or about December 20, 2022.

29. Defendant admits that Plaintiff came to the Enrollment Center on December 20, 2022, that it advised Plaintiff that the Enrollment Center does not process FOIA requests, that it explained to him where to submit his FOIA request, and that it advised Plaintiff that he could file a request for reconsideration if he would like to request reconsideration of the decision relating to his NEXUS membership. Defendant admits the allegation pertaining to the contents of the Uniform Resource Locator ("URL") website enumerated in paragraph 29. Defendant denies the remaining allegations in paragraph 29.

30. Defendant admits that Plaintiff went to the Enrollment Center on December 21, 2022. Defendant admits that Plaintiff asked whether certain prior interactions with CBP were the basis for his NEXUS application denial. Defendant admits that it did not confirm or deny the specific reasons as to why Plaintiff's NEXUS application was disapproved, but

advised that the disapproval could have been based on several different factors. Defendant states that Plaintiff was informed that his request for reconsideration was the proper vehicle to review the denial of his NEXUS application. Defendant admits that it advised Plaintiff to contact the FOIA office for assistance in filing his FOIA request. Defendant denies the remaining allegations in paragraph 30 of the amended complaint.

31. Defendant admits that Plaintiff submitted a FOIA request to CBP on December 22, 2022 using CBP's online portal under request number CBP-FO-2023-022688. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 31 and, therefore, denies the same.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 and, therefore, denies the same.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33 and, therefore, denies the same.

34. Defendant admits that Plaintiff filed his initial complaint on March 22, 2023, and subsequently served a copy on CBP and the U.S. Attorney's Office.

35. Defendant admits that on April 5, 2023, Plaintiff's vehicle was moved from the primary inspection lane to the secondary parking lot so CBP could process other travelers. Defendant admits that Plaintiff was advised that, while Plaintiff may not be required under Title 8 of the United States Code to state where he is going, Plaintiff is still subject to examination under Title 19 of the United States Code when crossing an international border. Defendant admits that Plaintiff was advised that CBP must ensure there is no illegal activity crossing the international border, and that failure to answer questions is a factor CBP Officers consider in determining whether an individual should be further inspected. Defendant lacks

knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff feels questions regarding his travel violates his rights and, therefore, denies the same. Defendant denies the remaining allegations in paragraph 35.

36. Defendant admits that a report relating to the inspection of Plaintiff on April 5, 2023, contained an error regarding which question Plaintiff refused to answer during that inspection.

37. Defendant admits that, upon arriving at the primary inspection booth on April 5, 2023, Plaintiff stated that he was a U.S. citizen and presented a valid U.S. passport. Defendant further states that, when asked by a law enforcement officer where he was going, Plaintiff stated that as a U.S. citizen he did not need to answer the question.

38. Defendant admits that, on or about May 25, 2023, it responded to Plaintiff's FOIA request within the time period agreed to by Plaintiff, and that information protected by various FOIA exemptions was appropriately redacted from the records provided to Plaintiff, as described in its pending motion for summary judgment. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of what Plaintiff believes as he sets forth in paragraph 38 and, therefore, denies the same. Defendant denies the remaining allegations in paragraph 38.

39. Defendant admits the allegations in paragraph 39.

40. Defendant admits that, upon being informed by Plaintiff that there was incorrect information in the April 5, 2023 report, it reviewed the matter, determined that the report inaccurately noted that Plaintiff refused to provide his citizenship instead of noting, as it should have, that Plaintiff refused to provide information during his inspection regarding

his destination in the United States. Defendant admits that it made a note correcting this inaccuracy in the report.

41. Defendant admits the allegations in paragraph 41.

42. Defendant admits the allegations in paragraph 42.

43. Defendant admits that documents provided by CBP to Plaintiff in response to his FOIA request included a record dated September 17, 2017, showing a notation under "director review" stating "[n]o disqualifying information found." Defendant denies the remaining allegations in paragraph 43.

44. Defendant admits that documents provided by CBP to Plaintiff in response to his FOIA request include a record notated next to February 26, 2019, stating "[s]till meets eligibility criteria."

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant admits that Plaintiff has asked some questions about the inspectional process. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 and, therefore, denies the same.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant admits that the April 5, 2023 inspection was referenced by the CBP Ombudsman when determining that Plaintiff did not meet the eligibility requirements for the NEXUS program. Defendant denies the remaining allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant states that, during primary inspection, the CBP Officer conducting the inspection asked Plaintiff for his purpose of travel, and Plaintiff responded that he was a United States citizen. Defendant states that Plaintiff advised the CBP Officer that he would not tell the Officer his purpose of travel because Plaintiff believes CBP puts false notes in its systems. Defendant admits that the CBP Officer conducting the primary inspection responded that Plaintiff sounded crazy, and the Officer advised Plaintiff that it would continue the inspection inside. Defendant denies the remaining allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. Defendant admits that multiple CBP Officers responded to Plaintiff's vehicle location at primary inspection. Defendant admits that Plaintiff was instructed to get out of his vehicle and was handcuffed. Defendant admits that Plaintiff was escorted inside a building where he spoke with a Watch Commander. Defendant denies the remaining allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant admits that Plaintiff asked if CBP Officers could be trained that a United States citizen does not have to tell CBP Officers where they are going, and CBP

responded that CBP Officers would like to know the answer to that question because they are looking for indicators of deception. Defendant states that Plaintiff then acknowledged that while CBP Officers have a law enforcement prerogative to ask a U.S. citizen for their purpose of travel, Plaintiff asserted that he has the right not to answer. Defendant denies the remaining allegations in paragraph 62.

63.     Defendant admits that Plaintiff explained to CBP that he refuses to provide CBP with his purpose of travel because Plaintiff stated "I just want my NEXUS card back, and if they are not going to give it back to me, the small piece of self-respect that I still have for myself when dealing with the huge government bureaucracy that has treated me unfairly is to only answer the questions that I am required to by law." Defendant admits that Plaintiff expressed to CBP that his purpose of entry is complicated, and that Plaintiff expressed concern that he could not fully and truthfully explain his purpose of travel because Plaintiff does a lot of things in the United States. Defendant denies the remaining allegations in paragraph 63.

64.     Paragraph 64 contains allegations that are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 64.

65.     Defendant admits that Plaintiff expressed that he would respond only to questions that he deemed proper under the law, and that Plaintiff expressed that his refusal to answer questions was due to the revocation of his NEXUS pass. Defendant denies the remaining allegations in paragraph 65.

66.     Defendant admits that no charges have been filed against Plaintiff and that no contraband has been located on, or seized from, him. Defendant denies the remaining allegations in paragraph 66.

10

67. Defendant denies the allegations in paragraph 67.

68. Defendant admits that travelers, including Plaintiff, who do not have a NEXUS membership can cross the international border using the regular travel lanes. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 68 and, therefore, denies the same.

69. Defendant admits that the Whirlpool Bridge Port of Entry is designated for use only by NEXUS members and that Plaintiff has been deemed ineligible for the NEXUS program. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 69 and, therefore, denies the same.

70. Defendant admits that travelers, including Plaintiff, who do not have a NEXUS membership are not permitted to use the NEXUS lanes when crossing the international border into the United States. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 70 and, therefore, denies the same.

71. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71 and, therefore, denies the same.

72. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of what Plaintiff believes as he sets forth in paragraph 72 and, therefore, denies the same. Defendant denies the remaining allegations in paragraph 72.

73. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of what Plaintiff believes as he sets forth in paragraph 73 and, therefore, denies the same. Defendant denies the remaining allegations in paragraph 73.

74. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of what Plaintiff believes as he sets forth in paragraph 74 and, therefore, denies the same. Defendant denies the remaining allegations in paragraph 74.

75. Defendant denies that Plaintiff has been a "compliant, law-abiding membership" of the NEXUS program. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 75 and, therefore, denies the same.

76. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 76 that Plaintiff is a licensed attorney in both New York and Canada, has a clean driving record, or a clean criminal record, and, therefore, denies the same. Defendant denies the remaining allegations in paragraph 76.

77. Defendant admits that it has corrected an error in a report relating to the inspection of Plaintiff on April 5, 2023. Defendant denies the remaining allegations in paragraph 77.

78. Defendant repeats and realleges each and every response to the allegations set forth in paragraphs 1-77 of the amended complaint as if fully set forth herein.

79. Defendant denies the allegations in paragraph 79.

80. Defendant repeats and realleges each and every response to the allegations set forth in paragraphs 1-79 of the amended complaint as if fully set forth herein.

81. Defendant denies the allegations in paragraph 81 and states that its motion for summary judgment with respect to Plaintiff's FOIA claim is currently pending before the Court.

82. Defendant denies the allegations in paragraph 82 and states that its motion for summary judgment with respect to Plaintiff's FOIA claim is currently pending before the Court.

83. Defendant admits that Plaintiff filed his FOIA request through the online portal and states that Plaintiff received a response on or about May 25, 2023. Defendant denies the remaining allegations in paragraph 83 and states that its motion for summary judgment with respect to Plaintiff's FOIA claim is currently pending before the Court.

84. Defendant repeats and realleges each and every response to the allegations set forth in paragraphs 1-83 of the amended complaint as if fully set forth herein.

85. Plaintiff's claim for false arrest was dismissed pursuant to United States District Court Judge Elizabeth Wolford's Order of February 21, 2024, and therefore, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 85.

86. Defendant repeats and realleges each and every response to the allegations set forth in paragraphs 1-85 of the amended complaint as if fully set forth herein.

87. Plaintiff's claim for false imprisonment was dismissed pursuant to United States District Court Judge Elizabeth Wolford's Order of February 21, 2024, and therefore, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 87.

88. Defendant repeats and realleges each and every response to the allegations set forth in paragraphs 1-87 of the amended complaint as if fully set forth herein.

89. Plaintiff's claim for assault and battery was dismissed pursuant to United States District Court Judge Elizabeth Wolford's Order of February 21, 2024, and therefore, no

response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 89.

90. Plaintiff's claim for assault and battery was dismissed pursuant to United States District Court Judge Elizabeth Wolford's Order of February 21, 2024, and therefore, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 90.

91. Defendant repeats and realleges each and every response to the allegations set forth in paragraphs 1-90 of the amended complaint as if fully set forth herein.

92. Plaintiff's claim for unlawful seizure was dismissed pursuant to United States District Court Judge Elizabeth Wolford's Order of February 21, 2024, and therefore, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 92.

93. Defendant repeats and realleges each and every response to the allegations set forth in paragraphs 1-92 of the amended complaint as if fully set forth herein.

94. Plaintiff's claim for intentional infliction of emotional distress was dismissed pursuant to United States District Court Judge Elizabeth Wolford's Order of February 21, 2024, and therefore, no response is required. To the extent that a response is required Defendant denies the allegations in paragraph 94.

95. Defendant repeats and realleges each and every response to the allegations set forth in paragraphs 1-94 of the amended complaint as if fully set forth herein.

96. Plaintiff's claim under the First Amendment was dismissed pursuant to United States District Court Judge Elizabeth Wolford's Order of February 21, 2024, and therefore,

no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 96.

97. Plaintiff's claim under the First Amendment was dismissed pursuant to United States District Court Judge Elizabeth Wolford's Order of February 21, 2024, and therefore, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 97.

98. Plaintiff's claim under the First Amendment was dismissed pursuant to United States District Court Judge Elizabeth Wolford's Order of February 21, 2024, and therefore, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 98.

99. Plaintiff's claim under the Fourth and Fifth Amendments was dismissed pursuant to United States District Court Judge Elizabeth Wolford's Order of February 21, 2024, and therefore, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 99.

100. Plaintiff's claim under the Fourth and Fifth Amendment was dismissed pursuant to United States District Court Judge Elizabeth Wolford's Order of February 21, 2024, and therefore, no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 100.

101. Defendant denies that Plaintiff is entitled to the relief sought in his prayer for relief.

102. Defendant denies each and every allegation in the amended complaint that has not been expressly admitted, denied, or otherwise controverted.

## JURY DEMAND

Defendant denies that Plaintiff is entitled to a trial by jury.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this answer to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. P. 8(c).

## FIRST DEFENSE

Plaintiff's recovery is limited to the relief permitted under the APA and FOIA.

## SECOND DEFENSE

Plaintiff's amended complaint fails to state a claim upon which relief can be granted as to some or all of the claims asserted.

## THIRD DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's APA claims.

## FOURTH DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized under the APA or the FOIA.

## FIFTH DEFENSE

Plaintiff is not entitled to compel production of records or information exempt from disclosure by one or more of the exemptions or exclusions to the FOIA.

## SIXTH DEFENSE

Defendant's actions were reasonable and consistent with federal laws and regulations.

## SEVENTH DEFENSE

Plaintiff is not entitled to injunctive relief, declaratory relief, or attorney's fees or costs.

## EIGHTH DEFENSE

Plaintiff is barred from recovering any prejudgment interest, and post-judgment interest is allowed only the limited extent provided for under 31 U.S.C. § 1304 and 28 U.S.C. § 1961 and barred by 20 U.S.C. § 2674 or any other law.

DATED:    Buffalo, New York, March 5, 2024.

TRINI E. ROSS
United States Attorney

BY:   S/MARY K. ROACH
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5866
Mary.k.roach@usdoj.gov