UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MATTHEW BOROWSKI

                          Plaintiff,                        23-CV-257

v.

U.S. CUSTOMS AND BORDER PROTECTION

                          Defendant.

---

## NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION TO OPT OUT OF ALTERNATIVE DISPUTE RESOLUTION

**PLEASE TAKE NOTICE** that United States of America, by Trini E. Ross, United States Attorney for the Western District of New York, Mary K. Roach, Assistant United States Attorney, of counsel, on behalf of defendant, U.S. Customs and Border Protection ("CBP"), without objection from Plaintiff, Matthew Borowski, moves this Court for an Order opting out of and excluding this litigation from Alternative Dispute Resolution. This motion will be heard at a time and place to be determined by the Court.

Plaintiff has asserted a claim under the Administrative Procedure Act ("APA") 5 U.S.C. §§ 706(a)(2) in which he claims that revocation of his membership in the NEXUS Trusted Traveler Program was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[1]. Defendant CBP denies this claim. Plaintiff has also asserted a claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant has moved for partial summary judgment pursuant to Fed. R. Civ. P. 56 dismissing Plaintiff's

---

[1] In the Amended Complaint, plaintiff also asserted claims under the Federal Tort Claims Act and the First, Fourth, Fifth and Fourteenth Amendments of the Constitution. These claims were dismissed in a Decision and Order issued on February 21, 2024. (Dkt. 29).

1

claim that CBP improperly withheld documents sought by plaintiff under FOIA. This motion is pending before Chief Judge Elizabeth A. Wolford.

The District's Local Rule 16 refers to the District's Alternative Dispute Resolution ("ADR") Plan. In pertinent part, the ADR Plan provides, in relevant part:

> **2.1 REFERRAL TO ADR**
>
> **A. New Cases**. All civil cases filed on and after the Effective Date of the ADR Plan ... shall be referred automatically for ADR. Notice of the ADR requirements will be provided to all parties immediately upon the filing of a complaint and answer or a notice of removal. ADR intervention will be scheduled at the conference held pursuant to Rule 16 of the Local Rules of Civil Procedure. The following categories of actions are exempted from automatic referral: . . .
>
> 5. Freedom of Information Act cases involving federal agencies and/or officials;
>
> 6. Cases implicating issues of public policy, exclusively or predominantly; .....

The procedure for opting out of ADR is also set forth in the Plan which provides that "[a]ny party may file with the Magistrate Judge, if assigned, or if not assigned with the District Judge, a motion to opt out of, or for relief from, ADR." ADR Plan, § 2.2.A. Opting Out Motions shall be granted only for "good cause" shown after the parties have set forth the reasons why ADR has no reasonable chance of being productive. The assigned District Judge or Magistrate Judge may *sua sponte* exempt any case from the Courts ADR Plan. *Id.*, § 2.2.D.

Plaintiff seeks review of Defendants' action under the APA, which provides for judicial review limited to review of "final agency action for which there is no other

adequate remedy in a court." 5 U.S.C. § 704. Thus, this Court's review of Plaintiff's claims is governed by the APA, 5 U.S.C. § 701 et seq, under which a reviewing court may:

> (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
>
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;…
>
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>
> (D) without observance of procedure required by law;

5 U.S.C. § 706(2) (A), (C), (D).

Typically, APA cases such as this are expeditiously resolved through direct motions for summary judgment. The reviewing court must then apply the appropriate APA standard of review, 5 U.S.C. § 706, to the challenged agency decision based on the administrative record lodged by the agency. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402(1971)); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). In the present matter, the proposed scheduling order, a copy of which is attached hereto as Exhibit A, establishes a relatively short deadline for the parties to file their dispositive motions, and does not provide for any fact discovery.

Given that the parties will soon present their legal issues to the Court by motion, ADR is not likely to resolve significant litigative issues. The ADR plan explicitly exempts cases implicating issues of public policy, exclusively or predominantly, which is a category within which this litigation falls. Further, this is a case which a FOIA claim is asserted. The ADR Plan exempts FOIA cases from automatic referral to mediation. Plaintiff does not object

to the relief sought in this Motion, but asks the Court to take notice of fact that he is willing to mediate this case.

Because that goals of ADR will not be realized by mediation in this action, it is respectfully submitted that the parties in this action should be exempted from the requirement that they engage in ADR and an order should be entered excluding this litigation from mandatory ADR.

DATED:   Buffalo, New York, April 5, 2024.

TRINI E. ROSS
United States Attorney

BY:   *s/Mary K. Roach*
MARY K. ROACH
Assistant United States Attorney
*Attorneys for Defendant*
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5866
Mary.k.roach@usdoj.gov

*s/Matthew K. Borowski*
MATTHEW K. BOROWSKI, ESQ.
*Pro Se*
4343 Union Road
Buffalo, New York 14225

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

MATTHEW BOROWSKI

                        Plaintiff,                         23-CV-257

v.

U.S. CUSTOMS AND BORDER PROTECTION

                        Defendant.

_____

Pursuant to the order of Hon. Elizabeth A. Wolford referring the above case to me for pretrial procedures and the entry of a scheduling order as provided in Fed. R. Civ. P. ("Rule") 16(b) and Local Rule 16, it is ORDERED that:

        1.        In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution,[1] this case has been referred to mediation.

        2.        The parties agree that this case should be decided pursuant to the Administrative Procedure Act (the "APA") 5 U.S.C. § 701 *et seq.* Under the APA, this case must proceed based on an administrative record submitted by the Defendant and then will be decided on summary judgment.

        3.        The Government submitted an unopposed Notice of Motion and Motion to Opt Out of Alternative Dispute Resolution. The motion is granted in consideration of the purpose of mediation and the procedural posture of the case proceeding pursuant to the APA U.S.C. § 701 *et seq.* and the Freedom of Information Act ("FOIA") 5 U.S.C. §552a.

---

[1] A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

4.  The Defendant shall file the Administrative Record on or before **May 15, 2024.**

5.  Plaintiff shall file any motions to challenge or supplement the Administrative Record on or before **August 1, 2024.** If no motion to challenge or supplement the Administrative Record is made then Plaintiff shall file a motion for summary judgment on or before **August 1, 2024.**

6.  If no motion to challenge or supplement the Administrative Record is made, the Defendant will file a cross-motion for summary judgment and response to Plaintiff's motion for summary judgment on or before **October 1, 2024.** If a motion to challenge or supplement the Administrative Record is filed, the Defendant shall file a cross-motion for summary judgment and response to Plaintiff's motion for summary judgment **sixty (60) days** after such motion is resolved.

7.  If no motion to challenge or supplement the Administrative Record is made, Plaintiff shall file a reply, if any, and a response to Defendant's motion for summary judgment by **November 1, 2024.** If a motion to challenge or supplement the Administrative Record is filed, Plaintiff shall file a reply, if any, and a response to Defendant's cross-motion for summary judgment **thirty (30) days** after the filing of Defendant's cross motion for summary judgment and response to Plaintiff's motion for summary judgment.

8.  If no motion to challenge or supplement the Administrative Record is made, Defendant shall file a reply, if any, by **December 2, 2024.** If a motion to challenge or supplement the Administrative Record is filed, Defendant shall file a reply, if any, **thirty (30) days** after the filing of Plaintiff's reply, if any, and response to Defendant's cross motion.

2

9. The court will determine if oral argument on the motions is required and if so, set a date for oral argument.

**No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party".** *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000).

**SO ORDERED.**

Dated: _____

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　HON. MICHAEL J. ROEMER
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge