IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

MATTHEW BOROWSKI

                       Plaintiff,                             23-CV-257

v.

U.S. CUSTOMS AND BORDER PROTECTION

                       Defendant.

**DEFENDANT'S APPENDIX TO STATEMENT OF MATERIAL FACTS**

The defendant, United States Customs and Border Protection, by its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Mary K. Roach, and Scott Leeson Sroka, Assistant United States Attorneys, of counsel, submits the following Appendix to the Statement of Material Facts relating to the above-referenced matter:

Exhibit 1 - Supplemental Declaration of Patrick A. Howard

Exhibit 2 - Declaration of Michael J. Millich (Dkt. #7-1)

Exhibit 3 - *Vaughn* Index as to the Renewed Motion for Summary Judgment

**DATED**: Buffalo, New York, July 9, 2024.

                               TRINI E. ROSS
                               United States Attorney

                   BY:    S/MARY K. ROACH
                          S/SCOTT LEESON SROKA
                          Assistant United States Attorneys
                          United States Attorney's Office
                          Western District of New York
                          138 Delaware Avenue
                          Buffalo, New York 14202
                          (716) 843-5866
                          mary.k.roach@usdoj.gov
                          scott.sroka@usdoj.gov

# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————————

MATTHEW BOROWSKI

                          Plaintiff,                          23-CV-257

v.

U.S. CUSTOMS AND BORDER PROTECTION

                          Defendant.

———————————————————————————

### SUPPLEMENTAL DECLARATION OF PATRICK A. HOWARD

I, Patrick A. Howard, hereby state as follows:

1.     I am a Branch Chief within the Freedom of Information Act Division ("FOIA Division") at U.S. Customs and Border Protection ("CBP"), U.S. Department of Homeland Security ("DHS"). I have been a Branch Chief in the FOIA Division since February 8, 2015. In this capacity, I oversee a staff of Government Information Specialists involved in the processing of requests for records submitted to CBP pursuant to Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; the Privacy Act ("PA"), 5 U.S.C. § 552a; and other activities conducted pursuant to applicable records access provisions.

2.     I am familiar with CBP's procedures for responding to FOIA requests. I provide technical and administrative supervision to a group of FOIA specialists in processing FOIA requests, and I assist with FOIA and PA litigation matters. I am personally familiar with the processing of FOIA and PA responses, including, at times, by directly reviewing them for adequacy and compliance with federal laws and regulations.

3.     The statements I make in this declaration are based upon my personal knowledge, which includes knowledge acquired through information furnished to me in the course of my official duties and CBP files that I personally reviewed in the course of my official duties.

4.     I am familiar with the FOIA request submitted to CBP on December 22, 2022, by Plaintiff Matthew Borowski.

5.     I make this supplemental declaration to further describe CBP's handling of Plaintiff's FOIA request relating to above-captioned matter.

### CBP Background and Process for Responding to FOIA Requests

6.     CBP is a component law enforcement agency of DHS with statutory responsibility for

safeguarding America's borders and facilitating legitimate trade and travel. CBP is comprised of more than 60,000 employees charged with enforcing hundreds of Federal statutes. This includes approximately 45,000 armed law enforcement officers—CBP Officers, U.S. Border Patrol Agents, and CBP Air and Marine Agents—engaged in carrying out CBP's expansive border security mission to protect the borders of the United States against terrorists and instruments of terror, enforce customs and immigration, and foster our Nation's economy by facilitating lawful international trade and travel.

7.    Broadly, the FOIA Division at CBP reviews FOIA requests, determines whether responsive records exist and, if so, whether they can be released in accordance with the FOIA. In processing such requests, the FOIA Division consults with CBP personnel and, when appropriate, with other components in DHS, as well as other Executive Branch agencies.

8.    Generally, when CBP receives a FOIA request that reasonably describes the records requested and complies with CBP's rules governing the procedures for FOIA requests, CBP initially must search for, and retrieve, potentially responsive records.

9.    Once CBP has completed its search and located potentially responsive records, it must process those records for release. Processing records requires reviewing records for responsiveness to the request, and reviewing responsive records to excise and withhold information that falls within any one of the FOIA's nine statutory exemptions from disclosure set forth at 5 U.S.C. § 552(b).

10.    To review responsive records for information exempt from disclosure, a CBP FOIA processor must (1) meticulously examine, line-by-line, each responsive page to identify potential redactions; (2) apply redactions, if necessary; and (3) individually label each redaction with the applicable exemption or exemptions.

**Plaintiff's FOIA Request**

11.    On December 22, 2022, CBP received a request from Plaintiff under FOIA seeking the following information:

> All documents, records, information, database entries, or any other electronically stored information (ESI), papers, notes, documents pertaining to the trusted Traveler Program application(s), renewals, revocations, denials, for MATTHEW BOROWSKI with NEXUS Program Membership #982419666, relating to the denial/revocation dated December 20, 2022 including reason(s) for denial. I also request any and all notes, document, derogatory information, information about any purported violations, and/or entries in CBP Databases that were consulted or used as a basis for the denial.

**CBP's Search for Records**

12.    Upon receiving Plaintiff's FOIA request, the CBP FOIA Division staff considered which CBP databases were likely to hold responsive information based upon a careful review of

the content of the request itself and the nature of the records sought.

13.    The FOIA Division determined that responsive records pertaining to Plaintiff's request for records or information relating to the applications, renewals, denial and revocation of Plaintiff's NEXUS membership on December 20, 2022, would be located in the Global Enrollment System ("GES") database, and that responsive records relating to Plaintiff's request for records that were consulted as part of the decision to deny and revoke Plaintiff's NEXUS membership would be located in the Analytical Framework for Intelligence ("AFI") system.  No other record systems were likely to produce additional responsive records, as detailed below at paragraphs 15 to 31.

GES

14.    GES consolidates records relating to the enrollment of, and vetting processes for, individuals seeking to participate in CBP's trusted traveler programs, including the NEXUS program.  GES is the sole repository for trusted traveler program enrollment, application, and background investigation data.  Records relating to CBP's assessment of a particular individual's eligibility and application processing are contained within the GES system.

15.    All individuals accepted into the NEXUS program receive a membership identification card and membership number specific to that individual.  That membership number is reflected in the GES records for that particular individual.

16.    As to the search terms utilized, the FOIA Division searched GES using Plaintiff's NEXUS membership number.  Using Plaintiff's NEXUS membership number allowed retrieval of all trusted traveler records relating to Plaintiff's NEXUS membership, including those records relating to Plaintiff's NEXUS membership denial/revocation dated December 20, 2022, as requested by Plaintiff in his FOIA request.  Consequently, searching GES using Plaintiff's first and last name would be unlikely to uncover additional, relevant records responsive to that portion of Plaintiff's request for records.

17.    Thus, a search of GES utilizing Plaintiff's NEXUS membership number was reasonably designed to produce all records responsive to Plaintiff's request seeking Plaintiff's Trusted Traveler records, specifically those relating to the denial/revocation of Plaintiff's NEXUS membership on December 20, 2022.

AFI

18.    The records that formed the basis of the December 2022 denial of Plaintiff's NEXUS membership included Plaintiff's trusted traveler records, found in GES, discussed above, as well as CBP border inspection records, which are found in AFI system.

19.    CBP's AFI system incorporates and indexes data from several other CBP and DHS source data systems, including: Automated Targeting System (ATS); Advance Passenger Information System (APIS); Electronic System for Travel Authorization (ESTA); Border Crossing Information (BCI); TECS; Nonimmigrant and Immigrant Information System (NIIS);

3

Seized Asset Case Tracking System (SEACATS); Department of Justice (DOJ) Federal Bureau of Investigation (FBI) Terrorist Screening Database; GES; and Enterprise Management Information System-Enterprise Data Warehouse (EMIS-EDW).

20.    For example, and as relevant here, CBP currently uses transaction-based systems such as TECS (not an acronym) to input, access, or maintain law enforcement, inspection, intelligence-gathering, and operational records.

21.    TECS serves as the data repository for border screening and reporting for CBP's primary and secondary inspection processes, including the enforcement or inspection records pertaining to individuals.

22.    All travelers entering the United States must undergo DHS customs and immigration inspection to ensure that they are legally eligible to enter and that their belongings are not being introduced into the United States contrary to law.  It is not until those processes are complete that a traveler, with or without his/her belongings, is permitted to enter the United States.  Depending on the method of conveyance used to travel to the United States (*e.g.*, air, sea, or land (pedestrian and vehicle)), CBP collects certain information from, and about, the traveling public at various stages of the international trip.

23.    Unlike for those arriving by air or sea, CBP generally does not receive information about individuals traveling to the U.S. by foot (pedestrian) or vehicle prior to their arrival at a Port of Entry.  Vehicles are presented to CBP at the vehicle primary border crossing lanes upon arrival at a land Port of Entry.  At vehicle primary, the CBP officer obtains information directly from the driver and traveler(s) within the vehicle via their travel documents (e.g., passport), through verbal communication, or both.  During CBP's primary and secondary inspection processes, CBP will collect a traveler's complete name (last name, first name, and middle name or initial).

24.    The information collected at vehicle primary is used to query TECS to assist the CBP officer in determining the admissibility of the person(s) and otherwise inform the CBP officer charged with enforcing other U.S. laws at the border.  If the CBP officer at primary determines that further examination is appropriate, then the vehicle and all of its occupants will be referred to vehicle secondary for processing.  During a vehicle secondary inspection, a CBP officer may run law enforcement queries through TECS.  A record of the inspection is entered into TECS.

25.    AFI then ingests and consolidates the information from the TECS system, as well as the other source systems mentioned above, such that searching AFI is inclusive of searching those records ingested from TECS and other source systems.  The data in AFI has been indexed in a way that allows searches for a particular individual across all information in a record.  Inspection records contained within AFI as incorporated from CBP's source systems, including TECS, contain a traveler's complete name as provided via their travel documents and/or through verbal communication during the inspection process.

26.    The FOIA Division searched AFI using Plaintiff's first and last name in conjunction with one another, "Matthew Borowski," as provided within Plaintiff's FOIA request.  Because

inspection records contain a traveler's complete name, a search utilizing Plaintiff's first and last name in conjunction with one another was reasonably designed to produce all records responsive to Plaintiff's request for records that were consulted as part of the decision to deny and revoke Plaintiff's NEXUS membership. Searching Plaintiff's first and last names separately would be unlikely to uncover additional records responsive to Plaintiff's request, and conversely, would be reasonably likely to produce voluminous records non-responsive to Plaintiff's request.

27.     A search for inspection records in AFI utilizing Plaintiff's NEXUS membership number would be unlikely to uncover additional, relevant records responsive to the portion of Plaintiff's FOIA request seeking records consulted or used as a basis for denial of Plaintiff's December 2022 NEXUS membership.

28.     Based on my experience in the FOIA Division, by searching the GES and AFI systems, FOIA searched all files likely to contain records or information responsive to Plaintiff's request.

29.     No other custodians were likely to possess additional responsive records.

30.     Any further search would be unlikely to uncover additional, relevant records responsive to Plaintiff's request.

31.     The FOIA Division's search yielded 251 pages of responsive records.

32.     The responsive records were compiled for CBP's law enforcement purposes in that they were created and used by CBP in its law enforcement mission to secure the international borders of the United States. This includes records relating to Plaintiff's encounters with CBP personnel at ports of entry, and relating to his participation in CBP's NEXUS program, which directly relates to CBP's law enforcement activities and border security purposes.

33.     The responsive records were processed by personnel from the FOIA Division in the manner described above. On May 25, 2023, CBP released 251 pages of records responsive to Plaintiff's request.

34.     CBP re-processed and, on July 2, 2024, re-released all 251 pages to Plaintiff, with fewer redactions on three (3) records. Specifically, CBP un-redacted portions of the intra-agency emails (pages 000019-000023 of the FOIA release), with the remaining FOIA-exempt information redacted as delineated below and in the *Vaughn* index, filed herewith. CBP also un-redacted the license plate numbers contained within the inspection narratives from Plaintiff's border inspections on March 19, 2013 (page 000028 of the FOIA release) and December 14, 2013 (pages 000031-000032 of the FOIA release), with the remaining FOIA-exempt information redacted as delineated below and in the *Vaughn* index, filed herewith.

## CBP's Determination Regarding Segregability

35.     In responding to Plaintiffs' requests, the FOIA Division reviewed each record page by page and line-by-line to confirm that any withholdings were proper and determine whether any segregable, non-exempt information could further be released. CBP did not withhold non-

exempt information.

## CBP's Application of FOIA Exemptions

36.    CBP withheld information pursuant to FOIA exemptions 5 U.S.C. §§ 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) on the records provided to Plaintiff.  These withholdings are described below, and in the *Vaughn* index, filed herewith as Exhibit A.  The *Vaughn* index includes a Summary of Exemption Categories ("Summary"), which includes subcategories as to the exemptions asserted under 5 U.S.C. 552(b)(6), (b)(7)(C) and (b)(7)(E).  *See Vaughn* index, Exhibit A, pp. 1-6.  These exemptions are also discussed more fully below.

### FOIA Exemption (b)(5)

37.    FOIA Exemption (b)(5) exempts from disclosure "intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  This exemption incorporates the deliberative-process privilege.

38.    Consistent with the rationale underlying the deliberative-process privilege, Exemption (b)(5) applies to predecisional, deliberative records.

39.    CBP applied Exemption (b)(5) to information subject to the deliberative-process privilege.  As identified in the *Vaughn* index, CBP applied Exemption (b)(5) to five pages of records, consisting of intra-agency emails (pages 000019-000023 of the FOIA release).  Those five pages of records constitute internal predecisional deliberations and recommendations of CBP employees pertaining to Plaintiff's NEXUS eligibility, and they predate CBP's 2014 decision regarding Plaintiff's NEXUS eligibility.  In addition to being exempt under (b)(5), these five pages of records also contain information that is further exempt from disclosure under Exemptions (b)(6), (b)(7)(C), and (b)(7)(E), which is discussed below.

40.    Specifically, the intra-agency emails consist of seven (7) emails sent on April 2, 2014, April 4, 2014, April 17, 2014, April 18, 2014, and April 22, 2014.  The authors of the emails, who were also recipients of the emails, were individuals occupying CBP positions who informed the decision whether to approve or deny Plaintiff's NEXUS membership reinstatement in April 2014.  Those individuals included an Ombudsman for CBP's Trusted Traveler Programs; two (2) Border Security managers in the Boston and Buffalo Field Offices, respectively; an Assistant Port Director within the Port of Buffalo; and a Supervisory CBP Officer.  The Ombudsman was the decision-maker relating to Plaintiff's NEXUS membership reinstatement on April 25, 2014.

41.    The email deliberations to which FOIA Exemption (b)(5) was applied concerned the reinstatement of Plaintiff's NEXUS membership.  The content of the redacted portions of the emails includes deliberations, the expression of opinions, and recommendations as to whether Plaintiff's NEXUS program history and compliance with CBP's border inspectional process supports a reinstatement of Plaintiff's trusted traveler status.  These opinions and recommendations were prepared for the purpose of assisting, and considered as part of, the Ombudsman's decision ultimately approving the reinstatement of Plaintiff's membership in the NEXUS program on April 25, 2014.

42.    The withheld information does not reflect CBP's final determination of Plaintiff's NEXUS membership reinstatement.

43.    As was the case here, determination as to whether a particular individual is eligible to participate in the NEXUS program may include intra-agency deliberation to inform the decision-maker ultimately tasked with determining whether an applicant can satisfy CBP of his or her low-risk status or meet other program requirements.

44.    Disclosure of this information would create a chilling effect that would harm internal Agency open discourse, and could create public confusion in releasing non-finalized, pre-decisional records.  Further, release of the predecisional records containing intra-agency deliberations concerning a NEXUS eligibility determination would reasonably be expected to impede the open and candid expression of recommendations and opinions necessary to making such a determination.

## FOIA Exemption (b)(7)(E)

45.    FOIA Exemption (b)(7)(E) exempts from disclosure "records or information complied for law enforcement purposes" that, if released "would disclose techniques and procedures for law enforcement investigations or prosecutions" or "would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  This exemption covers law enforcement "techniques and procedures" not generally known to the public, and it covers law enforcement "guidelines" if disclosure of those guidelines "could reasonably be expected to risk circumvention of the law."

46.    CBP is constrained in describing the techniques, procedures, and guidelines withheld under Exemption (b)(7)(E) so as to avoid revealing the very information CBP seeks to protect.

47.    As delineated within the *Vaughn* index, CBP applied Exemption (b)(7)(E) to withhold seven types of information in records that were compiled for law enforcement purposes.  The Summary includes subcategories (b)(7)(E)-1 to (b)(7)(E)-7 as to the exemptions asserted under (b)(7)(E).  *See Vaughn* index, Exhibit A, pp. 3-6; ¶¶ 49-61, *infra*.  As discussed below, these seven subcategories generally falls into one of two groups: (1) information relating to CBP systems and databases; and (2) information relating to law enforcement techniques and procedures utilized in furtherance of CBP's mission in securing the United States border and facilitating lawful trade and travel.

### *Information relating to CBP systems and databases.*

48.    CBP withheld information relating to CBP systems and databases because disclosure of this information could be used to locate, access, and navigate internal law enforcement computer systems and databases, and could allow manipulation or deletion of data and/or interfere with enforcement proceedings.

49.    Specifically, CBP withheld non-public law enforcement system and database

information, functionalities, and capabilities, including how a database is utilized in the execution of CBP's law enforcement mission.  These materials are designated as subcategory (b)(7)(E)-1 in the *Vaughn* index, filed herewith.

50.    CBP also withheld non-public, law enforcement sensitive CBP codes, numbers, and identifiers utilized in CBP law enforcement systems and databases.  These materials are designated as subcategory (b)(7)(E)-2 in the *Vaughn* index, filed herewith.

51.    Disclosure of such law enforcement techniques and procedures would be debilitating and detrimental to both CBP and the law enforcement community.  Disclosure of this type of information, either standing alone or in combination with other information, presents a risk that CBP systems could be compromised or, in the event that such systems were compromised, that they could be more effectively navigated and exploited to promote circumvention of the law by gaining access to law enforcement sensitive information, detrimental to CBP's mission in securing the U.S. border and facilitating lawful travel and trade.

52.    This information is not generally known by the public.

### *Information relating to law enforcement techniques and procedures utilized in furtherance of CBP's mission in securing the United States border and facilitating lawful trade and travel.*

53.    CBP withheld information relating to border inspection techniques and procedures utilized in inspecting, and assessing law enforcement risks associated with, travelers crossing the United States border.  These materials are designated as subcategory (b)(7)(E)-3 in the *Vaughn* index, filed herewith.

54.    CBP withheld information relating to the criteria used by CBP to determine which travelers require additional border inspection.  These materials are designated as subcategory (b)(7)(E)-4 in the *Vaughn* index, filed herewith.

55.    CBP withheld information relating to the methods for processing and querying records in law enforcement systems and databases utilized in inspecting, and assessing risk presented by, a particular traveler, including how information in those systems and databases is accessed, searched, and documented, and the results of such queries.  These materials are designated as subcategory (b)(7)(E)-5 in the *Vaughn* index, filed herewith.

56.    CBP withheld information pertaining to investigative conclusions and determinations compiled for law enforcement purposes.  These materials are designated as subcategory (b)(7)(E)-6 in the *Vaughn* index, filed herewith.

57.    CBP also withheld non-public, intra-agency contact information, such as internal phone numbers or email addresses.  These materials are designated as subcategory (b)(7)(E)-7 in the *Vaughn* index, filed herewith.

58.    This withheld information is not generally known by the public.

59.   Disclosure of this information would be detrimental to both CBP and the law enforcement community.  Disclosure of such information would reveal law enforcement sensitive techniques utilized in securing the U.S. border and in facilitating lawful trade and travel, thereby corrupting the integrity of law enforcement and other screening activities at the border.  Such information could be used by individuals attempting to circumvent or violate immigration and customs laws to alter patterns of conduct, predict CBP's investigative strategy, adopt new methods of operation to conceal criminal activity, and develop countermeasures to thwart the effectiveness of CBP's law enforcement efforts.  Disclosure could also threaten efforts to foster open communication across agencies and cohesive law enforcement and national security efforts, and it could have far-reaching effects, impairing other agencies' law enforcement operations or their ability to effectively carry out their respective missions.

60.   Further, disclosure of such information could provide the public with potential targets or means to disrupt internal CBP communications, and presents a risk that CBP systems could be compromised and exploited.  Disclosure would also reveal the types of investigative information CBP collects, analyzes, and maintains, detrimental to CBP's mission in securing the U.S. border and facilitating lawful travel and trade.

<u>FOIA Exemptions (b)(6) and (b)(7)(C)</u>

61.   FOIA Exemption (b)(6) exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  This protection is afforded to information that would infringe on the personal privacy of individuals about whom it pertains and involves a balancing of the public's right to know the information against the individual's right to privacy.

62.   FOIA Exemption (b)(7)(C) exempts from disclosure records or information compiled for law enforcement purposes, which "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(5).  This exemption protects, among other information, the identity of law enforcement personnel and third parties referenced in files compiled for law enforcement purposes.  The exemption applies where the privacy interest in the identity of an individual outweighs any public interest in disclosure of that information.

63.   As delineated within the *Vaughn* index, CBP applied Exemptions (b)(6) and (b)(7)(C) in tandem to records, which were compiled for law enforcement purposes, such that information in those records protected by one exemption is also protected by the other.  The Summary includes subcategories (b)(6), (b)(7)(C)-1 to (b)(6), (b)(7)(C)-3 as to the exemptions asserted under (b)(6) and (b)(7)(C).  *See Vaughn* index, pp. 2-3; ¶¶ 62-69, *infra*.

64.   CBP withheld the names of CBP employees.  These materials are designated as subcategory (b)(6), (b)(7)(C)-1 in the *Vaughn* index, filed herewith.  The withheld information includes the names of CBP personnel within CBP's Trusted Traveler Program and those personnel involved in assessing and determining Plaintiff's NEXUS eligibility (*see Vaughn* index, Exhibit A; FOIA release pp. 000001-000008; 000019-000023), and the names of CBP officers involved in the border inspection process (*see Vaughn* index, Exhibit A; FOIA release pp. 000028-000199).

65.     CBP also withheld unique personally identifying information of CBP personnel.  These materials are designated as subcategory (b)(6), (b)(7)(C)-2 in the Vaughn index, filed herewith.  The withheld information includes the user identification codes of CBP employees within CBP's Trusted Traveler Program (*see Vaughn* index, Exhibit A; FOIA release pp. 000005-000007, 000010, 000012, 000013, 000016, 000017, 000026), and the computer workspace identification numbers assigned to individual CBP employees involved in the border inspection process (*see Vaughn* index, Exhibit A; FOIA release pp. 000058-000105, 000108-000199).

66.     For each withholding, the CBP employee has a protectable privacy interest in the nondisclosure of their identity or other identifying information.  Because CBP employees occupy sensitive, law enforcement positions, they face an increased risk of becoming the targets of harassment or attack.  Withholding this information protects CBP employees from harassment in their private lives due to the conduct of their official duties, which could result from public disclosure of their identity.  Additionally, releasing the names of such employees would not meaningfully increase the public understanding of government operations, justifying such disclosure.  Thus, release of such information would constitute an unwarranted invasion of personal privacy that outweighs the public interest in disclosure of such information.

67.     CBP also applied these exemptions to withhold the names of non-employee third parties, as well as information by which those individuals could be identified.  These materials are designated as subcategory (b)(6), (b)(7)(C)-3 in the *Vaughn* index, filed herewith.

68.     Third parties maintain significant personal privacy interests in not having their identifying information disclosed in the context of government records, as such release could subject those parties to harassment, undue public attention, speculation, and stigmatizing connotation associated with being identified in a law enforcement record.  Further, releasing such names or identifying information would not meaningfully increase the public understanding of government operations, justifying such disclosure.  Thus, release of such information would constitute an unwarranted invasion of personal privacy that outweighs the public interest in disclosure of such information.

69.     None of the CBP employees or third parties whose personal information was withheld provided authorization to release their personal information.

70.     I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 5th day of July 2024.


*Patrick Howard*
_____
Patrick A. Howard
Branch Chief, FOIA Division
Privacy and Diversity Office
Office of the Commissioner

# EXHIBIT A

*Matthew Borowski v. U.S. Customs and Border Protection*
**Case No. 23-CV-257**
***Vaughn* Index**
**Renewed Motion for Summary Judgment**

| SUMMARY OF EXEMPTION CATEGORIES | | |
|---|---|---|
| *For this index, each withholding is accompanied by a coded designation that corresponds to the exemption categories as listed in this chart. For example, "(b)(7)(E)-1" refers to FOIA Exemption 7(E), and the numerical designation of "1" following the "(b)(7)(E)" narrows the main category into the more specific subcategory, as indicated in the chart below.* | | |
| **CATEGORIES** | **INFORMATION WITHHELD** | **BASIS FOR WITHHOLDING** |
| **(b)(5)** | FOIA Exemption (b)(5) was applied to emails containing deliberations concerning the reinstatement of Plaintiff's NEXUS membership. The content of the emails includes deliberations, the expression of opinions, and recommendations as to whether Plaintiff's history within the NEXUS program and compliance with CBP's border inspectional process supports a reinstatement of Plaintiff's trusted traveler status. These opinions and recommendations were prepared for the purpose of assisting, and considered as part of, the Ombudsman's decision ultimately approving the reinstatement of Plaintiff's membership in the NEXUS program on April 25, 2014.<br><br>*Referenced in paragraph 41 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(5) was applied to intra-agency email communications between CBP personnel, subject to the deliberative process privilege, as the emails are both pre-decisional and deliberative. The deliberative process privilege protects the integrity of the deliberative processes within CBP, specifically information documenting CBP's decision-making process. Disclosure of this information would create a chilling effect that would harm internal Agency open discourse, and could create public confusion in releasing non-finalized, pre-decisional records. Specifically, as relevant here, a determination as to whether a particular individual is eligible to participate in the NEXUS program includes intra-agency communication and deliberation to inform the decision-maker ultimately tasked with determining whether an applicant can satisfy CBP of his or her low-risk status or meet other program requirements. Release of the predecisional records containing intra-agency deliberations concerning a NEXUS eligibility determination would reasonably be expected to impede the open and candid expression of recommendations and opinions necessary to making such a determination. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| **(b)(6), (b)(7)(C)-1** | Exemptions (b)(6) and (b)(7)(C) have been applied to names of CBP employees.<br><br>*Referenced in paragraph 64 of the Supplemental Declaration of Patrick A. Howard.* | Exemptions (b)(6) and (b)(7)(C) have been applied within these documents, compiled for law enforcement purposes, to names of CBP employees that would identify those individuals if released. Because CBP employees occupy sensitive, law enforcement positions, they face an increased risk of becoming the targets of harassment or attack. Withholding this information protects CBP employees from harassment in their private lives due to the conduct of their official duties, which could result from public disclosure of their identity. Additionally, releasing the names of such employees would not increase the public understanding of government operations, justifying such disclosure. Thus, release of such information would constitute an unwarranted invasion of personal privacy that outweighs the public interest in disclosure of such information. |
|---|---|---|
| **(b)(6), (b)(7)(C)-2** | Exemptions (b)(6) and (b)(7)(C) have been applied to unique personally identifying information of CBP personnel.<br><br>*Referenced in paragraph 65 of the Supplemental Declaration of Patrick A. Howard.* | Exemptions (b)(6) and (b)(7)(C) have been applied within these documents, compiled for law enforcement purposes, to identifying information of CBP employees that could identify those individuals if released. Because CBP employees occupy sensitive, law enforcement positions, they face an increased risk of becoming the targets of harassment or attack. Withholding this information protects CBP employees from harassment in their private lives due to the conduct of their official duties, which could result from public disclosure of their identity. Additionally, releasing the names of such employees would not increase the public understanding of government operations, justifying such disclosure. Thus, release of such information would constitute an unwarranted invasion of personal privacy that outweighs the public interest in disclosure of such information. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| (b)(6), (b)(7)(C)-3 | Exemptions (b)(6) and (b)(7)(C) have been applied to names and/or identifying information of third parties.<br><br>*Referenced in paragraph 67 of the Supplemental Declaration of Patrick A. Howard.* | Exemptions (b)(6) and (b)(7)(C) have been applied within these documents, compiled for law enforcement purposes, to personally identifiable information and other identifying details of third-party individuals, that would identify those individuals if released. Third parties maintain significant personal privacy interests in not having their identifying information disclosed in the context of government records, as such release could subject those parties to harassment, undue public attention, speculation, and stigmatizing connotation associated with being identified in a law enforcement record. Further, releasing such names or identifying information would not increase the public understanding of government operations, justifying such disclosure. Thus, release of such information would constitute an unwarranted invasion of personal privacy that outweighs the public interest in disclosure of such information. |
|---|---|---|
| (b)(7)(E)-1 | Exemption (b)(7)(E) has been applied to non-public law enforcement system and database information, functionalities, and capabilities.<br><br>*Referenced in paragraph 49 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(7)(E) has been applied to investigative techniques and procedures, specifically to non-public database information, functionalities, and capabilities. This includes how CBP's law enforcement databases are utilized in the generation of certain law enforcement reports, and otherwise utilized in executing CBP's law enforcement mission. Such information is not generally known or publicly disclosed. Disclosure of such law enforcement techniques and procedures would be debilitating and detrimental to both CBP and the law enforcement community. Release of non-public database information, either standing alone or in combination with other information, presents a risk that CBP systems could be compromised or, in the event that such systems were compromised, that they could be more effectively navigated and exploited to promote circumvention of the law, detrimental to CBP's mission in securing the U.S. border and facilitating lawful travel and trade. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
**Renewed Motion for Summary Judgment**

| (b)(7)(E)-2 | Exemption (b)(7)(E) has been applied to non-public, CBP codes and identifiers which are law enforcement sensitive.<br><br>*Referenced in paragraph 50 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(7)(E) has been applied to investigative techniques and procedures, specifically to non-public, sensitive, CBP codes and identifiers. Such information is not generally known or publicly disclosed. Disclosure of such law enforcement techniques and procedures would be debilitating and detrimental to both CBP and the law enforcement community. Because CBP assigns unique codes and identifiers to certain enforcement efforts, release of this information would provide individuals a means of tracking CBP's border enforcement efforts. Release of non-public, law enforcement sensitive CBP codes and identifiers, either standing alone or in combination with other information, presents a risk that CBP systems could be compromised or, in the event that such systems were compromised, that they could be more effectively navigated and exploited to promote circumvention of the law, detrimental to CBP's mission in securing the U.S. border and facilitating lawful travel and trade. |
| --- | --- | --- |
| (b)(7)(E)-3 | Exemption (b)(7)(E) has been applied to border inspection techniques and procedures utilized in inspecting, and assessing law enforcement risks associated with, travelers crossing the United States border.<br><br>*Referenced in paragraph 53 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(7)(E) has been applied to investigative techniques and procedures, specifically to techniques and procedures utilized by CBP law enforcement in inspecting individuals crossing the United States border. Such information is not generally known or publicly disclosed. Disclosure of such information would reveal law enforcement sensitive techniques utilized in securing the U.S. border and in facilitating lawful trade and travel, thereby corrupting the integrity of law enforcement and other screening activities at the border, and aiding individuals who seek to violate immigration and customs laws. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| (b)(7)(E)-4 | Exemption (b)(7)(E) has been applied to the criteria used by CBP to determine which travelers require additional border inspection.<br><br>*Referenced in paragraph 54 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(7)(E) has been applied to investigative techniques and procedures, specifically to the bases for selecting an individual for additional border inspection. Such information is not generally known or publicly disclosed. Disclosure of such information relating to the criteria used as the basis for selecting individuals for additional inspection procedures would corrupt the integrity of law enforcement and other screening activities at the border, thereby aiding individuals who seek to violate immigration and customs laws, as it would permit individuals crossing the U.S. border to utilize countermeasures to avoid additional inspection, detrimental to CBP's mission in securing the U.S. border and facilitating lawful travel and trade. |
|---|---|---|
| (b)(7)(E)-5 | Exemption (b)(7)(E) has been applied to the methods for processing and querying records in law enforcement systems and databases utilized in inspecting, and assessing risk presented by, a particular traveler, including how information in those systems and databases is accessed, searched, and documented, and the results of such queries.<br><br>*Referenced in paragraph 55 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(7)(E) has been applied to investigative techniques and procedures, specifically to the methods for processing and querying records in law enforcement systems and databases, including how information in those systems and databases is accessed, searched, and documented, and the results of such queries. Such information is not generally known or publicly disclosed. Disclosure of the types of searches conducted, and the results of those searches, would reveal the types of data CBP utilizes in furthering its law enforcement mission. Such disclosure, either standing alone or in combination with other information, presents a risk that CBP systems could be compromised and exploited to promote circumvention of the law, and could corrupt the integrity of law enforcement at the border by aiding individuals who seek to violate immigration and customs laws. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
**Renewed Motion for Summary Judgment**

| | | |
|---|---|---|
| **(b)(7)(E)-6** | Exemption (b)(7)(E) has been applied to investigative conclusions and determinations compiled for law enforcement purposes.<br><br>*Referenced in paragraph 56 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(7)(E) has been applied to investigative techniques and procedures, specifically to investigative conclusions and determinations compiled for law enforcement purposes. Such information is not generally known or publicly disclosed. Such a disclosure would reveal the types of investigative information CBP collects and analyzes in order to further its law enforcement mission. Disclosure of such information would corrupt the integrity of law enforcement and other screening activities at the border, thereby aiding individuals who seek to violate immigration and customs laws. |
| **(b)(7)(E)-7** | Exemption (b)(7)(E) has been applied to non-public, intra-agency contact information.<br><br>*Referenced in paragraph 57 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(7)(E) has been applied to investigative techniques and procedures, specifically to non-public, intra-agency contact information. Such information is not generally known or publicly disclosed. Release of such information could provide the public with potential targets or means to disrupt internal CBP communications, detrimental to CBP's mission in securing the U.S. border and facilitating lawful travel and trade. |

| *VAUGHN* INDEX | | | |
|---|---|---|---|
| **Document Name and Description** | **Bates Page(s)** | **Exemptions** | **Document Disposition** |
| Plaintiff's Trusted Traveler Program Records from the Global Enrollment System, including Plaintiff's application history and CBP comments. | 000001-000008 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | | |
|---|---|---|---|
| CBP's Risk Assessment Worksheet relating to Plaintiff's Initial NEXUS Enrollment in 2011, from the Global Enrollment System. | 000009-000011 | (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-5 | Released in part. |
| CBP's Risk Assessment Worksheet relating to Plaintiff's NEXUS renewal application in 2017, from the Global Enrollment System. | 000012-000014 | (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-5 | Released in part. |
| CBP's Risk Assessment Worksheet relating to Plaintiff's NEXUS renewal application in 2022, from the Global Enrollment System. | 000015-000018 | (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-5 | Released in part. |
| Intra-Agency Emails, dated April 2, 2014, to April 22, 2014, from the Global Enrollment System. *Referenced in paragraph 34 of the Supplemental Declaration of Patrick A. Howard.* | 000019-000023 | (b)(5); (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(6), (b)(7)(C)-3; (b)(7)(E)-7 | Released in part. |
| Plaintiff's Virginia Criminal Court Order, from the Global Enrollment System. | 000024-000025 | Not applicable. | Released in full. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
**Renewed Motion for Summary Judgment**

| | | | |
|---|---|---|---|
| Plaintiff's signed 2011 NEXUS Briefing, from the Global Enrollment System. | 000026 | (b)(6), (b)(7)(C)-2 | Released in part. |
| Fax Cover Sheet, sent by Plaintiff, with Plaintiff's Virginia Criminal Court Order, from the Global Enrollment System. | 000027 | Not applicable. | Released in full. |
| Narrative from Analytical Framework for Intelligence system, one (1) page in length, relating to Plaintiff's border inspection on March 19, 2013.<br><br>*Referenced in paragraph 34 of the Supplemental Declaration of Patrick A. Howard.* | 000028 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-3 | Released in part. |
| Narrative from Analytical Framework for Intelligence system, one (1) page in length, relating to Plaintiff's border inspection on April 18, 2013. | 000029 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-3 | Released in part. |
| Narrative from Analytical Framework for Intelligence system, one (1) page in length, relating to Plaintiff's border inspection on November 3, 2014. | 000030 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-3 | Released in part. |
| Narrative from Analytical Framework for Intelligence system, two (2) pages in length, relating Plaintiff's border inspection on December 14, 2013.<br><br>*Referenced in paragraph 34 of the Supplemental Declaration of Patrick A. Howard.* | 000031-000032 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-3; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
**Case No. 23-CV-257**
*Vaughn* **Index**
**Renewed Motion for Summary Judgment**

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on April 25, 2009, pulled from the Analytical Framework for Intelligence system. | 000033 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on December 3, 2011, pulled from the Analytical Framework for Intelligence system. | 000034-000035 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on September 21, 2012, pulled from the Analytical Framework for Intelligence system. | 000036-000037 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on December 19, 2012, pulled from the Analytical Framework for Intelligence system. | 000038-000039 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on March 19, 2013, pulled from the Analytical Framework for Intelligence system. | 000040-000041 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on April 3, 2016, pulled from the Analytical Framework for Intelligence system. | 000042-000043 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on March 19, 2013, pulled from the Analytical Framework for Intelligence system. | 000044-000045 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on April 18, 2013, pulled from the Analytical Framework for Intelligence system. | 000046-000047 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on December 14, 2013, pulled from the Analytical Framework for Intelligence system. | 000048-000049 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-5 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
**Renewed Motion for Summary Judgment**

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on November 3, 2014, pulled from the Analytical Framework for Intelligence system. | 000050-000051 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on May 22, 2016, pulled from the Analytical Framework for Intelligence system. | 000052-000053 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-3; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on February 20, 2019, pulled from the Analytical Framework for Intelligence system. | 000054-000055 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on April 5, 2023, pulled from the Analytical Framework for Intelligence system. | 000056-000057 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on December 19, 2012, pulled from the Analytical Framework for Intelligence system. | 000058-000060 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on March 19, 2013, pulled from the Analytical Framework for Intelligence system. | 000061-000063 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on August 9, 2013, pulled from the Analytical Framework for Intelligence system. | 000064-000066 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on December 9, 2013, pulled from the Analytical Framework for Intelligence system. | 000067-000069 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on June 30, 2014, pulled from the Analytical Framework for Intelligence system. | 000070-000072 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(6), (b)(7)(C)-3; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | (b)(7)(E)-5;<br>(b)(7)(E)-6 | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on November 3, 2014, pulled from the Analytical Framework for Intelligence system. | 000073-000075 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on January 28, 2015, pulled from the Analytical Framework for Intelligence system. | 000076-000078 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on April 22, 2015, pulled from the Analytical Framework for Intelligence system. | 000079-000081 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on July 17, 2015, pulled from the Analytical Framework for Intelligence system. | 000082-000084 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3; | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | (b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on July 22, 2015, pulled from the Analytical Framework for Intelligence system. | 000085-000087 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on October 10, 2015, pulled from the Analytical Framework for Intelligence system. | 000088-000090 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(6), (b)(7)(C)-3;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on October 29, 2015, pulled from the Analytical Framework for Intelligence system. | 000091-000093 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on January 13, 2016, pulled from the Analytical Framework for Intelligence system. | 000094-000096 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2; | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | (b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on April 3, 2016, pulled from the Analytical Framework for Intelligence system. | 000097-000099 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on June 14, 2016, pulled from the Analytical Framework for Intelligence system. | 000100-000105 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(6), (b)(7)(C)-3;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on August 2, 2016, pulled from the Analytical Framework for Intelligence system. | 000106-000107 | (b)(6), (b)(7)(C)-1;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on September 13, 2016, pulled from the Analytical Framework for Intelligence system. | 000108-000110 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2; | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | (b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on November 30, 2016, pulled from the Analytical Framework for Intelligence system. | 000111-000113 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on December 21, 2016, pulled from the Analytical Framework for Intelligence system. | 000114-000115 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on April 26, 2017, pulled from the Analytical Framework for Intelligence system. | 000116-000118 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(6), (b)(7)(C)-3;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on May 11, 2017, pulled from the Analytical Framework for Intelligence system. | 000119-000121 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on June 1, 2017, pulled from the Analytical Framework for Intelligence system. | 000122-000124 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(6), (b)(7)(C)-3; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on June 8, 2017, pulled from the Analytical Framework for Intelligence system. | 000125-000127 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on August 21, 2017, pulled from the Analytical Framework for Intelligence system. | 000128-000130 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on September 15, 2017, pulled from the Analytical Framework for Intelligence system. | 000131-000134 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on January 3, 2018, pulled from the Analytical Framework for Intelligence system. | 000135-000138 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on January 20, 2018, pulled from the Analytical Framework for Intelligence system. | 000139-000141 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on October 5, 2018, pulled from the Analytical Framework for Intelligence system. | 000142-000144 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
**Renewed Motion for Summary Judgment**

| | | (b)(7)(E)-5; (b)(7)(E)-6 | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on January 25, 2019, pulled from the Analytical Framework for Intelligence system. | 000145-000148 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on January 31, 2019, pulled from the Analytical Framework for Intelligence system. | 000149-000151 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on February 20, 2019, pulled from the Analytical Framework for Intelligence system. | 000152-000154 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on February 26, 2019, pulled from the Analytical Framework for Intelligence system. | 000155-000157 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; | Released in part. |

**Matthew Borowski v. U.S. Customs and Border Protection**
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | (b)(7)(E)-4;<br>(b)(7)(E)-6 | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on May 4, 2019, pulled from the Analytical Framework for Intelligence system. | 000158-000160 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on November 4, 2019, pulled from the Analytical Framework for Intelligence system. | 000161-000163 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on March 9, 2020, pulled from the Analytical Framework for Intelligence system. | 000164-000166 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on September 3, 2020, pulled from the Analytical Framework for Intelligence system. | 000167-000169 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
**Renewed Motion for Summary Judgment**

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on September 18, 2020, pulled from the Analytical Framework for Intelligence system. | 000170-000172 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on April 2, 2021, pulled from the Analytical Framework for Intelligence system. | 000173-000175 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on April 19, 2021, pulled from the Analytical Framework for Intelligence system. | 000176-000178 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on August 6, 2021, pulled from the Analytical Framework for Intelligence system. | 000179-000181 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |

Matthew Borowski v. U.S. Customs and Border Protection
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on November 30, 2021, pulled from the Analytical Framework for Intelligence system. | 000182-000184 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on December 21, 2021, pulled from the Analytical Framework for Intelligence system. | 000185-000187 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-4; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on November 12, 2022, pulled from the Analytical Framework for Intelligence system. | 000188-000190 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on January 15, 2023, pulled from the Analytical Framework for Intelligence system. | 000191-000194 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
**Case No. 23-CV-257**
*Vaughn* **Index**
**Renewed Motion for Summary Judgment**

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on April 5, 2023, pulled from the Analytical Framework for Intelligence system. | 000195-000199 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-6 | Released in part. |
| Spreadsheet depicting Plaintiff's border crossings on and between March 2, 1999, and April 13, 2023, fifty-two (52) pages in length. | 000200-000251 | Not applicable. | Released in full. |

23

# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MATTHEW BOROWSKI

                          Plaintiff,                           23-CV-257

v.

U.S.
CUSTOMS AND BORDER
PROTECTION

                          Defendant.
_____

## DECLARATION OF MICHAEL J. MILLICH

I, Michael J. Millich, hereby state as follows:

1. I am currently the Director of Trusted Traveler Programs, Admissibility and Passenger

Programs, Office of Field Operations ("OFO"), U.S. Customs and Border Protection ("CBP"),

U.S. Department of Homeland Security ("DHS"). I began my career in 1998 and I have been

employed in my current role as the Director of Trusted Traveler Programs since December 19,

2021. During my 25-year career, I have held various leadership positions in addition to my

current role as Director, to include the Acting Director Border Security at the Buffalo Field

Office, the Border Security Coordinator at the Buffalo Field Office, the Acting Director of the

Enforcement Policy Division and Watch Commander and Chief Watch Commander at the

National Targeting Center-Passenger and Program Manager with the Electronic System for

Travel Authorization Program.

2. In my role as the Director of Trusted Traveler Programs, I am charged with establishing

policy to ensure that individuals who apply for participation in any of CBP's Trusted Traveler

Programs ("TTPs") meet all qualifications for the program and do not pose a risk to the United

States. I am therefore responsible for executing the mission of CBP and, in particular, OFO.

The CBP mission includes the enforcement of the customs, immigration, and agriculture laws of the United States and hundreds of other laws on behalf of numerous federal agencies. OFO is the primary CBP office responsible for securing the U.S. border at ports of entry ("POEs) and preclearance locations outside the United States, while facilitating lawful international trade and travel. Among other things, OFO is responsible for coordinating and directing the enforcement activities of CBP at POEs to deter and prevent terrorists and criminals from entering the United States. TTPs are a key part of CBP's law enforcement mission and are specifically designed to facilitate lawful travel by low-risk travelers.

3. I am familiar with the complaint filed in *Borowski v. U.S. Customs and Border Protection*, Civ. A. No. 23-257 (W.D.N.Y.) and plaintiff Matthew Borowski's claims therein.

4. The purpose of this declaration is to provide background on CBP's TTPs and plaintiff's application for NEXUS.

## CBP's Trusted Traveler Programs

5. The Admissibility and Passenger Programs Office ("APP") within OFO is responsible for overseeing the Trusted Traveler Programs Office. The Trusted Traveler Programs Office is responsible for the operation of all aspects of the TTPs, including drafting and determining policy for membership eligibility.

6. TTPs are voluntary membership programs operated by CBP that provide pre-approved, low-risk travelers with facilitated entry processing into the U.S. through dedicated lanes and processing technology such as kiosks. CBP operates the following TTPs: Global Entry; NEXUS; Secure Electronic Network for Travelers Rapid Inspection ("SENTRI"); and the trusted traveler/trusted shipper program, Free and Secure Trade ("FAST") for commercial drivers.

7.   Enrollment in any of these programs enables CBP to expedite the inspection process for pre-vetted low-risk travelers, allowing CBP to focus resources toward providing additional scrutiny to individuals who may present a higher risk to the U.S.  Low-risk travelers are directed to dedicated lanes or processing technology, as applicable, for facilitated entry processing; unless the traveler has items to declare, there is a specific enforcement issue to address, or he/she is discretionally selected or randomly selected for a secondary referral for further processing.

8.   NEXUS, a bilateral arrangement between CBP and the Canada Border Services Agency ("CBSA"),[1] allows its members traveling between the U.S. and Canada to take advantage of facilitated entry processing by U.S. and Canadian officials through dedicated commuter lanes (DCLs) at select land border ports of entry.[2]   NEXUS members may use NEXUS kiosks at select airports when entering Canada and Global Entry kiosks at select airports when entering the U.S.[3]  Facilitated entry processing is also available at certain marine ports of entry.[4]  NEXUS is a reciprocal program that requires that applicants are interviewed by officers from both CBP and the CBSA and approved independently by each agency.[5]

9.   All applicants for NEXUS membership must complete and submit an application through the Trusted Traveler Program website (https://ttp.cbp.dhs.gov) and submit payment of a non-refundable application fee.[6]  CBP processes all applications submitted for a determination of admissibility and checks the information against various government databases.  Both Canada and the U.S. conduct independent risk assessments.  The applicant must clear vetting by both countries to receive conditional approval for NEXUS.  A conditionally approved NEXUS

---

[1] See 8 U.S.C. § 1753.
[2] See https://www.cbp.gov/travel/trusted-traveler-programs/nexus/benefits-nexus.
[3] See https://www.cbp.gov/travel/trusted-traveler-programs/nexus/benefits-nexus.
[4] See https://www.cbp.gov/travel/trusted-traveler-programs/nexus/benefits-nexus.
[5] See https://www.cbp.gov/travel/trusted-traveler-programs/nexus/nexus-eligibility.
[6] See https://www.cbp.gov/travel/trusted-traveler-programs/nexus/how-apply.

applicant must then schedule an independent in-person interview with CBP and CBSA officers. The final approval for NEXUS membership is contingent on the final decisions regarding the CBP and CBSA vetting of the application, the submission of fingerprints, and the results of the CBP and CBSA interviews. The memberships are valid for five years, after which the member must re-apply and undergo renewal vetting and may require an interview.[7] This vetting, like the initial processing, includes checks of various government databases. In addition, all members are vetted against a set of law enforcement databases on a recurrent basis, which could also identify information that may lead to the revocation of membership before the membership expiration date. Based on the specifics of the application, approvals, denials, and revocations can be carried out at multiple points in the enrollment spectrum.

10. Eligibility criteria for NEXUS are set forth by Federal Register Notices and on CBP's official website.[8]

11. Absent any disqualifying factors, U.S. citizens, U.S. nationals, and U.S. lawful permanent residents ("LPRs"), Canadian citizens, Canadian lawful permanent residents and Mexican nationals who are members of Mexico's trusted traveler program (Viajero Confiable) are eligible to apply for membership in the NEXUS program.[9]

12. Individuals may be denied membership in NEXUS if either CBP or CBSA, at their respective discretion, determines that the traveler is not sufficiently low risk or otherwise does not meet program requirements. An individual may meet application eligibility criteria, *i.e.*, be a U.S. or Canadian citizen or a U.S. or Canadian LPR and possess valid identification for travel

---

[7] *See* https://www.cbp.gov/travel/trusted-traveler-programs/nexus/renew-nexus.
[8] *See* https://www.cbp.gov/travel/trusted-traveler-programs/nexus/nexus-eligibility; *see also*, Utilization of Global Entry Kiosks by NEXUS and SENTRI Participants, 75 Fed. Reg. 82202, 82202 (December 29, 2010);.
[9] *See* https://www.cbp.gov/travel/trusted-traveler-programs/nexus/nexus-eligibility.

between the U.S. and Canada, a NEXUS application.[10]   Denial of an application by either country will prevent an individual from participating in the NEXUS program.[11]  For CBP, an individual may be deemed ineligible for NEXUS if the applicant:

- Provides false or incomplete information on the application;

- Has been convicted of any criminal offense or have pending criminal charges, including outstanding warrants (to include driving under the influence);

- Has been found in violation of any customs, immigration or agriculture regulations or laws in any country;

- Is the subject of an ongoing investigation by any federal, state or local law enforcement agency;

- Has been denied for the purchase of a firearm;

- Has received a criminal pardon from any country;

- Is inadmissible to the U.S. under immigration regulation, including applicants with approved waivers of inadmissibility or parole documentation; or if they

- Cannot satisfy CBP of his or her low-risk status.[12]

13. CBP determines whether an initial applicant meets eligibility requirements for membership by conducting an in-person interview and checking the information provided by the applicant against information contained in various law enforcement databases.  CBP uses the interview, and information contained in its law enforcement databases to inform its low-risk determination.  This includes information relating to previous encounters with the applicant. This

---

[10] *See* https://www.cbp.gov/travel/trusted-traveler-programs/nexus/nexus-eligibility.
[11] *See* https://www.cbp.gov/travel/trusted-traveler-programs/nexus/nexus-eligibility.
[12] https://www.cbp.gov/travel/trusted-traveler-programs/nexus/nexus-eligibility; *see also* Utilization of Global Entry Kiosks by NEXUS and SENTRI Participants, 75 Fed. Reg. 82202, 82202 (December 29, 2010).

assessment includes an analysis of whether the applicant will be compliant with the laws enforced by CBP and the directions provided by CBP officers.

14. If CBP determines that an initial applicant or an applicant for renewal is not qualified for membership, CBP will deny the application.

15. Further, CBP conducts recurrent vetting for all enrolled members and will revoke an individual's membership if CBP becomes aware that disqualifying factors exist for an active TTP member. The denial of an application, application for renewal, or revocation of membership in NEXUS only impacts an individual's ability utilize dedicated trusted traveler processing lanes and processing technology to travel between the U.S. and Canada.

16. If an applicant believes that CBP's decision is based on incomplete or incorrect information, he or she may seek redress by submitting a request for reconsideration to the CBP Ombudsman. The Ombudsman will review the decision to deny or revoke membership and any additional substantive information the applicant provides and will decide whether approval or reinstatement is warranted.

## Mr. Borowski's NEXUS Membership

17. Mr. Borowski submitted his initial application for NEXUS membership on or about November 13, 2011. Exhibit 1. His application was approved, and he was enrolled in NEXUS on or about January 3, 2012.

18. Following an inspection in December 2013, Mr. Borowski's membership was revoked on December 16, 2013.

19. Mr. Borowski sought review by the CBP Ombudsman, who granted discretionary consideration, and his NEXUS membership was restored on or about April 25, 2014.

20. Mr. Borowski applied to renew his membership on or about August 25, 2017.  Exhibit 2.
His application was approved, effective on or about September 17, 2017.

21. Plaintiff again applied to renew his membership on or about May 26, 2022.  Exhibit 3.
CBP denied this application on December 20, 2022, after conducting a risk assessment.  CBP
determined that Mr. Borowski did not meet program eligibility requirements, based on the
vetting, which included review of information in CBP's law enforcement databases.  This
decision was communicated to Mr. Borowski via two letters dated December 20, 2022, one
revoking his membership, and one denying the renewal of his membership.  Exhibits 4 and 5.

22. The letter revoking Mr. Borowski's membership in NEXUS advised him that if he
believed that the decision was based on incomplete or inaccurate information, he may request
reconsideration through his Trusted Traveler Programs account dashboard.  He was also
informed that the review by the Ombudsman would be based upon the information provided by
plaintiff.  *See* Exhibit 5.

23. Mr. Borowski electronically submitted a request for reconsideration to the TTP
Ombudsman on December 20, 2022, without attachments.  The request for reconsideration
consisted of the following statement:  "I have been a member of NEXUS for ten years and have
never violated any regulations.  I am an attorney licensed in both the U.S. and Canada.  The only
thing that I can thing [sic] of might be that the application erroneously did not store my drivers
license information, which is [] issued by Ontario and expiring 20251101.  I am an attorney
licensed in NY and Ontario and cross border daily for work.  I want to know why I was denied."

24. After review, the TTP Ombudsman sustained the denial on April 12, 2023.  This decision
was communicated to Mr. Borowski via a letter dated April 12, 2023.  Exhibit 6.

7

25. As previously stated, this denial does not preclude Mr. Borowski from traveling between the United States and Canada.

26. I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

Michael J. Millich
Director, Trusted Traveler Programs
Admissibility and Passenger Programs
Office of Field Operations
U.S. Customs and Border Protection

# EXHIBIT 1

Case 1:23-cv-00257-EAW-MJR    Document 44-3    Filed 07/09/24    Page 47 of 92
Case 1:23-cv-00257-EAW    Document 21-1    Filed 01/26/23    Page 196 of 31
Create > GES Application



## GLOBAL ENROLLMENT SYSTEM (GES)

Welcome | Search | Create | Reports | Administration
Text Only



**Create > GES Application**

Help   Logout

### Application Description

Back to
Request page

| | | | |
|---|---|---|---|
| **Application ID:** | | **AIS Program:** | NEXUS |
| **Request Type:** | Initial Enrollment | **Reason:** | |
| **Enrollment POE:** | | **Application Origin:** | GOES |

### Biographic

| | | |
|---|---|---|
| **PASSID:** | | **GEC Number:** |
| **First Name:** | | |
| **Middle Name:** | | |
| **Last Name:** | | **Birth Date:** |
| **Maternal Name:** | | **Gender:** |
| **Other Last Names:** | | **Height:** |
| **Nick Names:** | | **Eye Color:** |
| **Birth Country:** | | **Hair Color:** |
| **Birth State/Province:** | | **Language Preference:** |
| **Birth City:** | | **Employment Status:** |
| **Primary Citizenship:** | | **Occupation:** |
| **Other Citizenship:** | | **Unemployment Date:** |
| **Residence:** | | |
| **Primary Residence:** | | **Permanent Residence:** |
| **E-mail Address:** | | |
| **Scars:** | | |

### Address

| | | |
|---|---|---|
| **ResidentialAddress Effective Date:** | | |
| **Street:** | | |
| **City:** | | **State/Province:** |
| **Country:** | | **Postal Code:** |
| **Colonia/Neighborhood:** | | |
| **Cell Phone Number:** | | |

**ResidentialAddress**

**Effective Date:**

**Street:**
**City:**
**Country:**                    **State/Province:**
**Colonia/Neighborhood:**       **Postal Code:**

**ResidentialAddress**
**Effective Date:**

**Street:**
**City:**
**Country:**                    **State/Province:**
**Colonia/Neighborhood:**       **Postal Code:**

**Employment**

---

**Employment Status:**          **Occupation:**
**Name:**
**Effective Date:**
**Street:**
**City:**                       **State/Province:**
**Country:**                    **Postal Code:**
**Colonia/Neighborhood:**       **Employment
                                Description:**
**Phone Number:**               **Zone:**

**Employment Status:**          **Occupation:**
**Name:**
**Effective Date:**

**Street:**
**City:**                       **State/Province:**
**Country:**                    **Postal Code:**

**Colonia/Neighborhood:**       **Employment
                                Description:**
**Phone Number:**               **Zone:**

**Document**

---

**Type:**                       **Document
                                Number:**
**Issue Date:**                 **Expiration Date:**
**First Name:**                 **Birth Date:**
**Last Name:**
**Maternal Name:**
**Issue Country:**              **State/Province:**
**Class of
Admission:**
**A Number:**                   **Registry Group:**
**Proof of**                    **Proof of
Admissibility:**                Citizenship:**



**Proof of Residency:** ▮                    **Proof Country:** ▮▮▮

**Enhanced Drivers License:**               **Commercial Drivers License:**

**Hazardous Materials:**                    **MRZ Certification:**

**Type:** ▮▮▮                               **Document Number:** ▮▮▮

**Issue Date:**                             **Expiration Date:**

**First Name:** ▮▮▮                         **Birth Date:** ▮ ▮ ▮

**Last Name:** ▮▮▮

**Maternal Name:**

**Issue Country:** ▮▮▮                      **State/Province:**

**Class of Admission:**

**A Number:** ▮▮                            **Registry Group:**

**Proof of Admissibility:**                 **Proof of Citizenship:** ▮

**Proof of Residency:** ▮                   **Proof Country:**

**Enhanced Drivers License:**               **Commercial Drivers License:**

**Hazardous Materials:**                    **MRZ Certification:**

**Type:** ▮▮▮                               **Document Number:** ▮▮▮

**Issue Date:**                             **Expiration Date:** ▮▮▮

**First Name:** ▮▮▮                         **Birth Date:** ▮▮▮

**Last Name:**

**Maternal Name:**

**Issue Country:** ▮▮▮                      **State/Province:** ▮

**Class of Admission:**

**A Number:**                              **Registry Group:**

**Proof of Admissibility:** ▮              **Proof of Citizenship:** ▮

**Proof of Residency:** ▮                  **Proof Country:**

**Enhanced Drivers License:** ▮            **Commercial Drivers License:**

**Hazardous Materials:**                    **MRZ Certification:**

**Conveyance**

---

**Question/Answer**

---

Have you ever been convicted of an offense in any country for which you
have not received a pardon?

**Question**

**Answer:** ▮

Case 1:23-cv-00257-EAW-MJR   Document 44-3   Filed 07/09/24   Page 50 of 92
Case 1:23-cv-00257-EAW   Document 1-1   Filed 03/26/23   Page 13 of 31
Create > GES Application

Remarks:
Country:

Have you ever received a waiver of inadmissibility to the U.S. from a U.S. government agency?
Question
Answer:          ■
Remarks:
Country:

Have you ever been approved by Citizenship and Immigration Canada for rehabilitation because of past criminal activity?
Question
Answer:          ■
Remarks:
Country:

Have you ever been found in violation of customs or immigration laws or other federal import laws?
Question
Answer:          ■
Remarks:
Country:

Have you ever been convicted of a criminal offense in the United States or any other country?
Question
Answer:          ■
Remarks:
Country:

Have you ever been found in violation of customs laws?
Question
Answer:          ■
Remarks:
Country:

Have you ever been found in violation of immigration laws?
Question
Answer:          ■
Remarks:
Country:

**Travel History**

Countries visited in the last 5 years:



# EXHIBIT 2

Case 1:23-cv-00257-EAW-MJR   Document 44-3   Filed 07/09/24   Page 52 of 92
Case 1:23-cv-00257-EAW   Document 7-1   Filed 05/26/23   Page 15 of 31
Create > GES Application



## GLOBAL ENROLLMENT SYSTEM (GES)

**Welcome | Search | Create | Reports | Administration**
Text Only

Homeland
Security

Create > GES Application

Help    Logout

### Application Description

**Back to Request page**

| | | | |
|---|---|---|---|
| **Application ID:** | ▉ | **AIS Program:** | NEXUS |
| **Request Type:** | Renewal | **Reason:** | |
| **Enrollment POE:** | ▉ | **Application Origin:** | ▉ |

### Biographic

| | | |
|---|---|---|
| **PASSID:** | | **GEC Number:** ▉ |
| **First Name:** | | |
| **Middle Name:** | | |
| **Last Name:** | | **Birth Date:** ▉ |
| **Maternal Name:** | | **Gender:** ▉ |
| **Other Last Names:** | | **Height:** ▉ |
| **Nick Names:** | | **Eye Color:** |
| **Birth Country:** | ▉ | **Hair Color:** |
| **Birth State/Province:** | | **Language Preference:** ▉ |
| **Birth City:** | ▉ | **Employment Status:** ▉ |
| **Primary Citizenship:** | ▉ | **Occupation:** ▉ |
| **Other Citizenship:** | | **Unemployment Date:** |
| **Residence:** | | |
| **Primary Residence:** | | **Permanent Residence:** |
| **E-mail Address:** | ▉ | |
| **Scars:** | | |

### Address

| | |
|---|---|
| **ResidentialAddress Effective Date:** | ▉ |
| **Street:** | ▉ |
| **City:** | |
| **Country:** | |
| **Colonia/Neighborhood:** | |
| **State/Province:** | ▉ |
| **Postal Code:** | ▉ |

**ResidentialAddress**

**Effective Date:**

**Street:**
**City:**                              **State/Province:**
**Country:**                           **Postal Code:**
**Colonia/Neighborhood:**

**ResidentialAddress**
**Effective Date:**

**Street:**
**City:**                              **State/Province:**
**Country:**                           **Postal Code:**
**Colonia/Neighborhood:**

**ResidentialAddress**
**Effective Date:**

**Street:**
**City:**                              **State/Province:**
**Country:**                           **Postal Code:**
**Colonia/Neighborhood:**

**ResidentialAddress**
**Effective Date:**

**Street:**
**City:**                              **State/Province:**
**Country:**                           **Postal Code:**
**Colonia/Neighborhood:**
**Home Phone Number:**

**MailingAddress**
**Effective Date:**          -
**Street:**
**City:**                              **State/Province:**
**Country:**                           **Postal Code:**
**Colonia/Neighborhood:**

**Employment**

---

**Employment Status:**                 **Occupation:**
**Name:**
**Effective Date:**

**Street:**
**City:**                              **State/Province:**
**Country:**                           **Postal Code:**
**Colonia/Neighborhood:**              **Employment**
                                       **Description:**
**Phone Number:**                      **Zone:**

**Employment Status:**                 **Occupation:**

Case 1:23-cv-00257-EAW-MJR Document 44-2 Filed 07/09/24 Page 54 of 92
Case 1:23-cv-00257-EAW Document 1-2 Filed 08/28/23 Page 17 of 31
Create > GES Application

**Name:**
**Effective Date:**

**Street:**
**City:** **State/Province:**
**Country:** **Postal Code:**
**Colonia/Neighborhood:** **Employment**
**Description:**
**Phone Number:** **Zone:**

**Document**

---

**Type:** **Document**
**Number:**
**Issue Date:** **Expiration Date:**
**First Name:** **Birth Date:**
**Last Name:**
**Maternal Name:**
**Issue Country:** **State/Province:**
**Class of**
**Admission:**
**A Number:** **Registry Group:**
**Proof of** **Proof of**
**Admissibility:** **Citizenship:**
**Proof of** **Proof Country:**
**Residency:**
**Enhanced** **Commercial**
**Drivers License:** **Drivers License:**
**Hazardous** **MRZ**
**Materials:** **Certification:**

**Type:** **Document**
**Number:**
**Issue Date:** **Expiration Date:**
**First Name:** **Birth Date:**
**Last Name:**
**Maternal Name:**
**Issue Country:** **State/Province:**
**Class of**
**Admission:**
**A Number:** **Registry Group:**
**Proof of** **Proof of**
**Admissibility:** **Citizenship:**
**Proof of** **Proof Country:**
**Residency:**
**Enhanced** **Commercial**
**Drivers License:** **Drivers License:**
**Hazardous** **MRZ**
**Materials:** **Certification:**

**Type:** **Document**
**Number:**
**Issue Date:** **Expiration Date:**

Create > GES Application

| First Name: | ██████ | Birth Date: | ██████ ██ |
| Last Name: | ██████ | | |
| Maternal Name: | | | |
| Issue Country: | ██████ | State/Province: | ██████ |
| Class of Admission: | | | |
| A Number: | | Registry Group: | |
| Proof of Admissibility: | | Proof of Citizenship: | |
| Proof of Residency: | | Proof Country: | |
| Enhanced Drivers License: | | Commercial Drivers License: | |
| Hazardous Materials: | | MRZ Certification: | |

Conveyance

---

## Question/Answer

---

Have you ever been convicted of an offense in any country for which you have not received a pardon?
Question
Answer: ██
Remarks:
Country:

Have you ever received a waiver of inadmissibility to the U.S. from a U.S. government agency?
Question
Answer: ██
Remarks:
Country:

Have you ever been approved by Citizenship and Immigration Canada for rehabilitation because of past criminal activity?
Question
Answer: ██
Remarks:
Country:

Have you ever been found in violation of customs or immigration laws or other federal import laws?
Question
Answer: ██
Remarks:
Country:

**Travel History**

---

# EXHIBIT 3



# GLOBAL ENROLLMENT SYSTEM (GES)

**Welcome | Search | Create | Reports | Administration**
**Text Only**



Create > GES Application

Create > GES Application

[ Help ]  [ Logout ]

## Application Description

**Back to**
**Request page**

| | | |
|---|---|---|
| **Application ID:** | | **AIS Program:** | NEXUS |
| **Request Type:** | Renewal | **Reason:** | |
| **Enrollment POE:** | | **Application Origin:** | GOES |

## Biographic

**PASSID:**
**First Name:**
**Middle Name:**
**Last Name:**
**Maternal Name:**
**Other Last Names:**
**Nick Names:**
**Birth Country:**
**Birth State/Province:**
**Birth City:**

**Primary Citizenship:**
**Other Citizenship:**
**Residence:**
**Primary Residence:**
**E-mail Address:**
**Scars:**

**GEC Number:**

**Birth Date:**
**Gender:**
**Height:**

**Eye Color:**
**Hair Color:**
**Language Preference:**
**Employment Status:**
**Occupation:**

**Unemployment Date:**

**Permanent Residence:**

## Address

**ResidentialAddress**
**Effective Date:**
**Street:**
**City:**
**Country:**
**Colonia/Neighborhood:**
**Work Phone Number:**

**State/Province:**
**Postal Code:**

**MailingAddress**
**Effective Date:**

Case 1:23-cv-00257-EAW-MJR Document 44-3 Filed 07/09/24 Page 58 of 92
Case 1:23-cv-00257-EAW Document 1-1 Filed 05/28/23 Page 21 of 31
Create > GES Application

**Street:**
**City:**
**Country:**
**State/Province:**
**Postal Code:**

**Colonia/Neighborhood:**

## Employment

**Employment Status:**
**Name:**
**Occupation:**
**Effective Date:**
**Street:**
**City:**
**State/Province:**
**Country:**
**Postal Code:**

**Colonia/Neighborhood:**
**Employment Description:**
**Phone Number:**
**Zone:**

**Employment Status:**
**Name:**
**Occupation:**
**Effective Date:**

**Street:**
**City:**
**State/Province:**
**Country:**
**Postal Code:**
**Colonia/Neighborhood:**
**Employment Description:**

**Phone Number:**
**Zone:**

## Document

**Type:**
**Document Number:**

**Issue Date:**
**Expiration Date:**
**First Name:**
**Birth Date:**
**Last Name:**
**Maternal Name:**
**Issue Country:**
**State/Province:**
**Class of Admission:**
**A Number:**
**Registry Group:**
**Proof of Admissibility:**
**Proof of Citizenship:**
**Proof of Residency:**
**Proof Country:**
**Enhanced Drivers License:**
**Commercial Drivers License:**
**Hazardous Materials:**
**MRZ Certification:**

**Type:**
**Document Number:**





**Issue Date:**
**First Name:**
**Last Name:**
**Maternal Name:**
**Issue Country:**
**Class of Admission:**
**A Number:**
**Proof of Admissibility:**
**Proof of Residency:**
**Enhanced Drivers License:**
**Hazardous Materials:**

**Expiration Date:**
**Birth Date:**

**State/Province:**

**Registry Group:**
**Proof of Citizenship:**
**Proof Country:**

**Commercial Drivers License:**
**MRZ Certification:**

**Type:**

**Document Number:**

**Issue Date:**
**First Name:**
**Last Name:**
**Maternal Name:**
**Issue Country:**
**Class of Admission:**
**A Number:**
**Proof of Admissibility:**
**Proof of Residency:**
**Enhanced Drivers License:**
**Hazardous Materials:**

**Expiration Date:**
**Birth Date:**

**State/Province:**

**Registry Group:**
**Proof of Citizenship:**
**Proof Country:**

**Commercial Drivers License:**
**MRZ Certification:**

**Conveyance**

**Question/Answer**

Have you ever been convicted of an offense in any country for which you have not received a pardon?

**Question**
**Answer:**

**Remarks:**

**Country:**

Have you ever received a waiver of inadmissibility to the U.S. from a U.S. government agency?

Question
Answer:
Remarks:
Country:

**Have you ever been approved by Citizenship and Immigration Canada for rehabilitation because of past criminal activity?**

Question
Answer:
Remarks:
Country:

**Have you ever been found in violation of customs or immigration laws or other federal import laws?**

Question
Answer:
Remarks:
Country:

**Travel History**

# EXHIBIT 4



U.S. Customs and
Border Protection
Official Trusted Traveler Program Website | Department of Homeland Security

<u>Print</u>



Dec 20, 2022

NTC-P TTV
--
Sterling, VA 20164
US

MATTHEW BOROWSKI
4343 UNION RD
BUFFALO, NY 142252337
US

RE: Your NEXUS Program Membership #982419666

Dear MATTHEW BOROWSKI:

Thank you for your application to the NEXUS program of U.S. Customs and Border Protection (CBP).

NEXUS is a voluntary program available to travelers that pass a comprehensive background investigation.
Applicants found to be ineligible for NEXUS participation may still be permitted to enter into the United States
although they will not be permitted to use the NEXUS dedicated lanes.

We regret to inform you that your membership in NEXUS has been disapproved for the following reason(s):

Other
    You do not meet program eligibility requirements.

If you believe the decision was based upon **inaccurate or incomplete information**, you may be eligible to
request reconsideration through the Trusted Traveler Program application website: https://ttp.dhs.gov/.

Reconsideration Requests and attachments to the Ombudsman should be in English and must include the
following details:

1. Date of denial and denial reason(s) from this letter
2. Summary of information to further clarify a record or explain an incident or arrest;
3. Court disposition documentation in PDF format for all arrests or convictions, even if expunged; and/or
4. Other supporting documentation you feel may influence the Ombudsman's decision. Supported formats: PDF, DOCX, DOC, PNG, JPEG, and GIF.

The review by the Ombudsman will be based on the information provided by you and should include any information to further clarify a record, explain an incident or arrest, or show the disposition of criminal charges. Please remember that the following circumstances may make you ineligible for participation:

1. Providing false or incomplete information on the application;
2. Convictions for any criminal offense or pending criminal charges to include outstanding warrants;
3. Violations of any customs, immigration, or agriculture regulations or laws in any country;
4. Inadmissibility to the United States under immigration laws;
5. Receipt of a criminal pardon from any country; or
6. Other circumstances that indicate to CBP that you have not qualified as "low risk."

In addition to this letter, you may receive an additional letter concerning your NEXUS application from Canada Border Services Agency.

CBP is committed to the fair, impartial and respectful treatment of all members of the trade and traveling public, and has memorialized its commitment to nondiscrimination in existing policies, including the February 2014 CBP Policy on Nondiscrimination in Law Enforcement Activities and all other Administered Programs.

Sincerely,


Supervisor, NEXUS Enrollment Center
U.S. Customs and Border Protection

# EXHIBIT 5



U.S. Customs and
Border Protection
Official Trusted Traveler Program Website | Department of Homeland Security

<u>Print</u>



Dec 20, 2022

BUFFALO ENROLLMENT CENTER
10 Central Avenue
Fort Erie, ON L2A6C6
CA

MATTHEW BOROWSKI
4343 UNION RD
BUFFALO, NY 142252337
US

RE: Your NEXUS Program Membership #982419666

Dear MATTHEW BOROWSKI:

Thank you for your participation in the NEXUS program of U.S. Customs and Border Protection (CBP).

NEXUS is a voluntary program available to travelers that pass a comprehensive background investigation. Applicants found to be ineligible for NEXUS participation may still be permitted to enter into the United States although they will not be permitted to use the NEXUS dedicated lanes.

We regret to inform you that your membership in NEXUS has been revoked for the following reason(s):

   You do not meet program eligibility requirements.

If you believe the decision was based upon **inaccurate or incomplete information**, you may be eligible to request reconsideration through the Trusted Traveler Program application website: https://ttp.dhs.gov/.

Reconsideration Requests and attachments to the Ombudsman should be in English and must include the following details:

   1. Date of denial and denial reason(s) from this letter

1/2

2. Summary of information to further clarify a record or explain an incident or arrest;
3. Court disposition documentation in PDF format for all arrests or convictions, even if expunged; and/or
4. Other supporting documentation you feel may influence the Ombudsman's decision. Supported formats: PDF, DOCX, DOC, PNG, JPEG, and GIF.

The review by the Ombudsman will be based on the information provided by you and should include any information to further clarify a record, explain an incident or arrest, or show the disposition of criminal charges. Please remember that the following circumstances may make you ineligible for participation:

1. Providing false or incomplete information on the application;
2. Convictions for any criminal offense or pending criminal charges to include outstanding warrants;
3. Violations of any customs, immigration, or agriculture regulations or laws in any country;
4. Inadmissibility to the United States under immigration laws;
5. Receipt of a criminal pardon from any country; or
6. Other circumstances that indicate to CBP that you have not qualified as "low risk."

In addition to this letter, you may receive an additional letter concerning your NEXUS application from Canada Border Services Agency.

CBP is committed to the fair, impartial and respectful treatment of all members of the trade and traveling public, and has memorialized its commitment to nondiscrimination in existing policies, including the February 2014 CBP Policy on Nondiscrimination in Law Enforcement Activities and all other Administered Programs.

Sincerely,


Supervisor, NEXUS Enrollment Center
U.S. Customs and Border Protection

# EXHIBIT 6

 U.S. Customs and
Border Protection
Official Trusted Traveler Program Website | Department of Homeland Security

Print



Apr 12, 2023

MATTHEW BOROWSKI
4343 UNION RD
BUFFALO, NY 142252337
US

RE: Your NEXUS Program Membership #982419666

Dear MATTHEW BOROWSKI:

Thank you for your interest in the NEXUS program of U.S. Customs and Border Protection (CBP).

A review of your membership by the CBP Ombudsman has been completed. Based on the information you provided, it has been determined that no change is warranted at this time. Please be mindful that being denied from participating in the NEXUS program does not prohibit you from being able to travel.

If you do not know why you were denied, then you will need to submit a request for personal records to the CBP/Freedom of Information Act (FOIA) Division, in accordance with federal privacy laws. For additional information about filing a FOIA request with CBP, please visit our website: http://www.cbp.gov/site-policy-notices/foia. Additional program information is available through the Trusted Traveler Program (TTP) application website: https://ttp.dhs.gov.

Sincerely,

Ombudsman
U.S. Customs and Border Protection

1/1

# EXHIBIT 3

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| SUMMARY OF EXEMPTION CATEGORIES | | |
|---|---|---|
| *For this index, each withholding is accompanied by a coded designation that corresponds to the exemption categories as listed in this chart. For example, "(b)(7)(E)-1" refers to FOIA Exemption 7(E), and the numerical designation of "1" following the "(b)(7)(E)" narrows the main category into the more specific subcategory, as indicated in the chart below.* | | |
| **CATEGORIES** | **INFORMATION WITHHELD** | **BASIS FOR WITHHOLDING** |
| **(b)(5)** | FOIA Exemption (b)(5) was applied to emails containing deliberations concerning the reinstatement of Plaintiff's NEXUS membership. The content of the emails includes deliberations, the expression of opinions, and recommendations as to whether Plaintiff's history within the NEXUS program and compliance with CBP's border inspectional process supports a reinstatement of Plaintiff's trusted traveler status. These opinions and recommendations were prepared for the purpose of assisting, and considered as part of, the Ombudsman's decision ultimately approving the reinstatement of Plaintiff's membership in the NEXUS program on April 25, 2014.<br><br>*Referenced in paragraph 41 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(5) was applied to intra-agency email communications between CBP personnel, subject to the deliberative process privilege, as the emails are both pre-decisional and deliberative. The deliberative process privilege protects the integrity of the deliberative processes within CBP, specifically information documenting CBP's decision-making process. Disclosure of this information would create a chilling effect that would harm internal Agency open discourse, and could create public confusion in releasing non-finalized, pre-decisional records. Specifically, as relevant here, a determination as to whether a particular individual is eligible to participate in the NEXUS program includes intra-agency communication and deliberation to inform the decision-maker ultimately tasked with determining whether an applicant can satisfy CBP of his or her low-risk status or meet other program requirements. Release of the predecisional records containing intra-agency deliberations concerning a NEXUS eligibility determination would reasonably be expected to impede the open and candid expression of recommendations and opinions necessary to making such a determination. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | |
|---|---|---|
| **(b)(6), (b)(7)(C)-1** | Exemptions (b)(6) and (b)(7)(C) have been applied to names of CBP employees.<br><br>*Referenced in paragraph 64 of the Supplemental Declaration of Patrick A. Howard.* | Exemptions (b)(6) and (b)(7)(C) have been applied within these documents, compiled for law enforcement purposes, to names of CBP employees that would identify those individuals if released. Because CBP employees occupy sensitive, law enforcement positions, they face an increased risk of becoming the targets of harassment or attack. Withholding this information protects CBP employees from harassment in their private lives due to the conduct of their official duties, which could result from public disclosure of their identity. Additionally, releasing the names of such employees would not increase the public understanding of government operations, justifying such disclosure. Thus, release of such information would constitute an unwarranted invasion of personal privacy that outweighs the public interest in disclosure of such information. |
| **(b)(6), (b)(7)(C)-2** | Exemptions (b)(6) and (b)(7)(C) have been applied to unique personally identifying information of CBP personnel.<br><br>*Referenced in paragraph 65 of the Supplemental Declaration of Patrick A. Howard.* | Exemptions (b)(6) and (b)(7)(C) have been applied within these documents, compiled for law enforcement purposes, to identifying information of CBP employees that could identify those individuals if released. Because CBP employees occupy sensitive, law enforcement positions, they face an increased risk of becoming the targets of harassment or attack. Withholding this information protects CBP employees from harassment in their private lives due to the conduct of their official duties, which could result from public disclosure of their identity. Additionally, releasing the names of such employees would not increase the public understanding of government operations, justifying such disclosure. Thus, release of such information would constitute an unwarranted invasion of personal privacy that outweighs the public interest in disclosure of such information. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| **(b)(6), (b)(7)(C)-3** | Exemptions (b)(6) and (b)(7)(C) have been applied to names and/or identifying information of third parties.<br><br>*Referenced in paragraph 67 of the Supplemental Declaration of Patrick A. Howard.* | Exemptions (b)(6) and (b)(7)(C) have been applied within these documents, compiled for law enforcement purposes, to personally identifiable information and other identifying details of third-party individuals, that would identify those individuals if released. Third parties maintain significant personal privacy interests in not having their identifying information disclosed in the context of government records, as such release could subject those parties to harassment, undue public attention, speculation, and stigmatizing connotation associated with being identified in a law enforcement record. Further, releasing such names or identifying information would not increase the public understanding of government operations, justifying such disclosure. Thus, release of such information would constitute an unwarranted invasion of personal privacy that outweighs the public interest in disclosure of such information. |
|---|---|---|
| **(b)(7)(E)-1** | Exemption (b)(7)(E) has been applied to non-public law enforcement system and database information, functionalities, and capabilities.<br><br>*Referenced in paragraph 49 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(7)(E) has been applied to investigative techniques and procedures, specifically to non-public database information, functionalities, and capabilities. This includes how CBP's law enforcement databases are utilized in the generation of certain law enforcement reports, and otherwise utilized in executing CBP's law enforcement mission. Such information is not generally known or publicly disclosed. Disclosure of such law enforcement techniques and procedures would be debilitating and detrimental to both CBP and the law enforcement community. Release of non-public database information, either standing alone or in combination with other information, presents a risk that CBP systems could be compromised or, in the event that such systems were compromised, that they could be more effectively navigated and exploited to promote circumvention of the law, detrimental to CBP's mission in securing the U.S. border and facilitating lawful travel and trade. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| (b)(7)(E)-2 | Exemption (b)(7)(E) has been applied to non-public, CBP codes and identifiers which are law enforcement sensitive.<br><br>*Referenced in paragraph 50 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(7)(E) has been applied to investigative techniques and procedures, specifically to non-public, sensitive, CBP codes and identifiers. Such information is not generally known or publicly disclosed. Disclosure of such law enforcement techniques and procedures would be debilitating and detrimental to both CBP and the law enforcement community. Because CBP assigns unique codes and identifiers to certain enforcement efforts, release of this information would provide individuals a means of tracking CBP's border enforcement efforts. Release of non-public, law enforcement sensitive CBP codes and identifiers, either standing alone or in combination with other information, presents a risk that CBP systems could be compromised or, in the event that such systems were compromised, that they could be more effectively navigated and exploited to promote circumvention of the law, detrimental to CBP's mission in securing the U.S. border and facilitating lawful travel and trade. |
|---|---|---|
| (b)(7)(E)-3 | Exemption (b)(7)(E) has been applied to border inspection techniques and procedures utilized in inspecting, and assessing law enforcement risks associated with, travelers crossing the United States border.<br><br>*Referenced in paragraph 53 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(7)(E) has been applied to investigative techniques and procedures, specifically to techniques and procedures utilized by CBP law enforcement in inspecting individuals crossing the United States border. Such information is not generally known or publicly disclosed. Disclosure of such information would reveal law enforcement sensitive techniques utilized in securing the U.S. border and in facilitating lawful trade and travel, thereby corrupting the integrity of law enforcement and other screening activities at the border, and aiding individuals who seek to violate immigration and customs laws. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| (b)(7)(E)-4 | Exemption (b)(7)(E) has been applied to the criteria used by CBP to determine which travelers require additional border inspection.<br><br>*Referenced in paragraph 54 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(7)(E) has been applied to investigative techniques and procedures, specifically to the bases for selecting an individual for additional border inspection. Such information is not generally known or publicly disclosed. Disclosure of such information relating to the criteria used as the basis for selecting individuals for additional inspection procedures would corrupt the integrity of law enforcement and other screening activities at the border, thereby aiding individuals who seek to violate immigration and customs laws, as it would permit individuals crossing the U.S. border to utilize countermeasures to avoid additional inspection, detrimental to CBP's mission in securing the U.S. border and facilitating lawful travel and trade. |
| --- | --- | --- |
| (b)(7)(E)-5 | Exemption (b)(7)(E) has been applied to the methods for processing and querying records in law enforcement systems and databases utilized in inspecting, and assessing risk presented by, a particular traveler, including how information in those systems and databases is accessed, searched, and documented, and the results of such queries.<br><br>*Referenced in paragraph 55 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(7)(E) has been applied to investigative techniques and procedures, specifically to the methods for processing and querying records in law enforcement systems and databases, including how information in those systems and databases is accessed, searched, and documented, and the results of such queries. Such information is not generally known or publicly disclosed. Disclosure of the types of searches conducted, and the results of those searches, would reveal the types of data CBP utilizes in furthering its law enforcement mission. Such disclosure, either standing alone or in combination with other information, presents a risk that CBP systems could be compromised and exploited to promote circumvention of the law, and could corrupt the integrity of law enforcement at the border by aiding individuals who seek to violate immigration and customs laws. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | |
|---|---|---|
| **(b)(7)(E)-6** | Exemption (b)(7)(E) has been applied to investigative conclusions and determinations compiled for law enforcement purposes.<br><br>*Referenced in paragraph 56 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(7)(E) has been applied to investigative techniques and procedures, specifically to investigative conclusions and determinations compiled for law enforcement purposes. Such information is not generally known or publicly disclosed. Such a disclosure would reveal the types of investigative information CBP collects and analyzes in order to further its law enforcement mission. Disclosure of such information would corrupt the integrity of law enforcement and other screening activities at the border, thereby aiding individuals who seek to violate immigration and customs laws. |
| **(b)(7)(E)-7** | Exemption (b)(7)(E) has been applied to non-public, intra-agency contact information.<br><br>*Referenced in paragraph 57 of the Supplemental Declaration of Patrick A. Howard.* | Exemption (b)(7)(E) has been applied to investigative techniques and procedures, specifically to non-public, intra-agency contact information. Such information is not generally known or publicly disclosed. Release of such information could provide the public with potential targets or means to disrupt internal CBP communications, detrimental to CBP's mission in securing the U.S. border and facilitating lawful travel and trade. |

| ***VAUGHN* INDEX** | | | |
|---|---|---|---|
| **Document Name and Description** | **Bates Page(s)** | **Exemptions** | **Document Disposition** |
| Plaintiff's Trusted Traveler Program Records from the Global Enrollment System, including Plaintiff's application history and CBP comments. | 000001-000008 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | | |
|---|---|---|---|
| CBP's Risk Assessment Worksheet relating to Plaintiff's Initial NEXUS Enrollment in 2011, from the Global Enrollment System. | 000009-000011 | (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-5 | Released in part. |
| CBP's Risk Assessment Worksheet relating to Plaintiff's NEXUS renewal application in 2017, from the Global Enrollment System. | 000012-000014 | (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-5 | Released in part. |
| CBP's Risk Assessment Worksheet relating to Plaintiff's NEXUS renewal application in 2022, from the Global Enrollment System. | 000015-000018 | (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-5 | Released in part. |
| Intra-Agency Emails, dated April 2, 2014, to April 22, 2014, from the Global Enrollment System.<br><br>*Referenced in paragraph 34 of the Supplemental Declaration of Patrick A. Howard.* | 000019-000023 | (b)(5); (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(6), (b)(7)(C)-3; (b)(7)(E)-7 | Released in part. |
| Plaintiff's Virginia Criminal Court Order, from the Global Enrollment System. | 000024-000025 | Not applicable. | Released in full. |

**Matthew Borowski v. U.S. Customs and Border Protection**
**Case No. 23-CV-257**
***Vaughn* Index**
**Renewed Motion for Summary Judgment**

| | | | |
|---|---|---|---|
| Plaintiff's signed 2011 NEXUS Briefing, from the Global Enrollment System. | 000026 | (b)(6), (b)(7)(C)-2 | Released in part. |
| Fax Cover Sheet, sent by Plaintiff, with Plaintiff's Virginia Criminal Court Order, from the Global Enrollment System. | 000027 | Not applicable. | Released in full. |
| Narrative from Analytical Framework for Intelligence system, one (1) page in length, relating to Plaintiff's border inspection on March 19, 2013.<br><br>*Referenced in paragraph 34 of the Supplemental Declaration of Patrick A. Howard.* | 000028 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-3 | Released in part. |
| Narrative from Analytical Framework for Intelligence system, one (1) page in length, relating to Plaintiff's border inspection on April 18, 2013. | 000029 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-3 | Released in part. |
| Narrative from Analytical Framework for Intelligence system, one (1) page in length, relating to Plaintiff's border inspection on November 3, 2014. | 000030 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-3 | Released in part. |
| Narrative from Analytical Framework for Intelligence system, two (2) pages in length, relating Plaintiff's border inspection on December 14, 2013.<br><br>*Referenced in paragraph 34 of the Supplemental Declaration of Patrick A. Howard.* | 000031-000032 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-3; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on April 25, 2009, pulled from the Analytical Framework for Intelligence system. | 000033 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on December 3, 2011, pulled from the Analytical Framework for Intelligence system. | 000034-000035 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on September 21, 2012, pulled from the Analytical Framework for Intelligence system. | 000036-000037 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on December 19, 2012, pulled from the Analytical Framework for Intelligence system. | 000038-000039 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on March 19, 2013, pulled from the Analytical Framework for Intelligence system. | 000040-000041 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on April 3, 2016, pulled from the Analytical Framework for Intelligence system. | 000042-000043 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on March 19, 2013, pulled from the Analytical Framework for Intelligence system. | 000044-000045 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on April 18, 2013, pulled from the Analytical Framework for Intelligence system. | 000046-000047 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on December 14, 2013, pulled from the Analytical Framework for Intelligence system. | 000048-000049 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-5 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on November 3, 2014, pulled from the Analytical Framework for Intelligence system. | 000050-000051 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on May 22, 2016, pulled from the Analytical Framework for Intelligence system. | 000052-000053 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-3; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on February 20, 2019, pulled from the Analytical Framework for Intelligence system. | 000054-000055 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on April 5, 2023, pulled from the Analytical Framework for Intelligence system. | 000056-000057 | (b)(6), (b)(7)(C)-1; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on December 19, 2012, pulled from the Analytical Framework for Intelligence system. | 000058-000060 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on March 19, 2013, pulled from the Analytical Framework for Intelligence system. | 000061-000063 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on August 9, 2013, pulled from the Analytical Framework for Intelligence system. | 000064-000066 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on December 9, 2013, pulled from the Analytical Framework for Intelligence system. | 000067-000069 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on June 30, 2014, pulled from the Analytical Framework for Intelligence system. | 000070-000072 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(6), (b)(7)(C)-3; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | (b)(7)(E)-5;<br>(b)(7)(E)-6 | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on November 3, 2014, pulled from the Analytical Framework for Intelligence system. | 000073-000075 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on January 28, 2015, pulled from the Analytical Framework for Intelligence system. | 000076-000078 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on April 22, 2015, pulled from the Analytical Framework for Intelligence system. | 000079-000081 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on July 17, 2015, pulled from the Analytical Framework for Intelligence system. | 000082-000084 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3; | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | (b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on July 22, 2015, pulled from the Analytical Framework for Intelligence system. | 000085-000087 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on October 10, 2015, pulled from the Analytical Framework for Intelligence system. | 000088-000090 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(6), (b)(7)(C)-3;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on October 29, 2015, pulled from the Analytical Framework for Intelligence system. | 000091-000093 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on January 13, 2016, pulled from the Analytical Framework for Intelligence system. | 000094-000096 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2; | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | (b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on April 3, 2016, pulled from the Analytical Framework for Intelligence system. | 000097-000099 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on June 14, 2016, pulled from the Analytical Framework for Intelligence system. | 000100-000105 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(6), (b)(7)(C)-3;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on August 2, 2016, pulled from the Analytical Framework for Intelligence system. | 000106-000107 | (b)(6), (b)(7)(C)-1;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on September 13, 2016, pulled from the Analytical Framework for Intelligence system. | 000108-000110 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2; | Released in part. |

15

*Matthew Borowski v. U.S. Customs and Border Protection*
**Case No. 23-CV-257**
*Vaughn* **Index**
**Renewed Motion for Summary Judgment**

| | | (b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on November 30, 2016, pulled from the Analytical Framework for Intelligence system. | 000111-000113 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on December 21, 2016, pulled from the Analytical Framework for Intelligence system. | 000114-000115 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on April 26, 2017, pulled from the Analytical Framework for Intelligence system. | 000116-000118 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(6), (b)(7)(C)-3;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
**Renewed Motion for Summary Judgment**

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on May 11, 2017, pulled from the Analytical Framework for Intelligence system. | 000119-000121 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on June 1, 2017, pulled from the Analytical Framework for Intelligence system. | 000122-000124 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(6), (b)(7)(C)-3; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on June 8, 2017, pulled from the Analytical Framework for Intelligence system. | 000125-000127 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on August 21, 2017, pulled from the Analytical Framework for Intelligence system. | 000128-000130 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on September 15, 2017, pulled from the Analytical Framework for Intelligence system. | 000131-000134 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on January 3, 2018, pulled from the Analytical Framework for Intelligence system. | 000135-000138 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on January 20, 2018, pulled from the Analytical Framework for Intelligence system. | 000139-000141 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on October 5, 2018, pulled from the Analytical Framework for Intelligence system. | 000142-000144 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | (b)(7)(E)-5;<br>(b)(7)(E)-6 | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on January 25, 2019, pulled from the Analytical Framework for Intelligence system. | 000145-000148 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-5;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on January 31, 2019, pulled from the Analytical Framework for Intelligence system. | 000149-000151 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on February 20, 2019, pulled from the Analytical Framework for Intelligence system. | 000152-000154 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3;<br>(b)(7)(E)-4;<br>(b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on February 26, 2019, pulled from the Analytical Framework for Intelligence system. | 000155-000157 | (b)(6), (b)(7)(C)-1;<br>(b)(6), (b)(7)(C)-2;<br>(b)(7)(E)-1;<br>(b)(7)(E)-2;<br>(b)(7)(E)-3; | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | (b)(7)(E)-4; (b)(7)(E)-6 | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on May 4, 2019, pulled from the Analytical Framework for Intelligence system. | 000158-000160 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-4; (b)(7)(E)-5 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on November 4, 2019, pulled from the Analytical Framework for Intelligence system. | 000161-000163 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on March 9, 2020, pulled from the Analytical Framework for Intelligence system. | 000164-000166 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on September 3, 2020, pulled from the Analytical Framework for Intelligence system. | 000167-000169 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
**Renewed Motion for Summary Judgment**

| Inspection records concerning Plaintiff's border crossing on September 18, 2020, pulled from the Analytical Framework for Intelligence system. | 000170-000172 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-6 | Released in part. |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on April 2, 2021, pulled from the Analytical Framework for Intelligence system. | 000173-000175 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on April 19, 2021, pulled from the Analytical Framework for Intelligence system. | 000176-000178 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on August 6, 2021, pulled from the Analytical Framework for Intelligence system. | 000179-000181 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |

**Matthew Borowski v. U.S. Customs and Border Protection**
**Case No. 23-CV-257**
***Vaughn* Index**
**Renewed Motion for Summary Judgment**

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on November 30, 2021, pulled from the Analytical Framework for Intelligence system. | 000182-000184 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on December 21, 2021, pulled from the Analytical Framework for Intelligence system. | 000185-000187 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-4; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on November 12, 2022, pulled from the Analytical Framework for Intelligence system. | 000188-000190 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-5; (b)(7)(E)-6 | Released in part. |
| Inspection records concerning Plaintiff's border crossing on January 15, 2023, pulled from the Analytical Framework for Intelligence system. | 000191-000194 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-6 | Released in part. |

*Matthew Borowski v. U.S. Customs and Border Protection*
Case No. 23-CV-257
*Vaughn* Index
Renewed Motion for Summary Judgment

| | | | |
|---|---|---|---|
| Inspection records concerning Plaintiff's border crossing on April 5, 2023, pulled from the Analytical Framework for Intelligence system. | 000195-000199 | (b)(6), (b)(7)(C)-1; (b)(6), (b)(7)(C)-2; (b)(7)(E)-1; (b)(7)(E)-2; (b)(7)(E)-3; (b)(7)(E)-4; (b)(7)(E)-6 | Released in part. |
| Spreadsheet depicting Plaintiff's border crossings on and between March 2, 1999, and April 13, 2023, fifty-two (52) pages in length. | 000200-000251 | Not applicable. | Released in full. |

23