## UNITED STATES DISTRICT COURT

## FOR THE

## WESTERN DISTRICT OF NEW YORK

--------------------------------------------------------
                                           )

Matthew Borowski,                  )     Case No. 23-257

                *Plaintiff*         )

                                        )

v.                                )     **MOTION TO EXPAND**

                                      )     **THE ADMINISTRATIVE RECORD**

U.S. Customs and Border Protection,  )     **AND COMPEL PRIVILEGE LOG**

                                        )

*Defendant*                     )
--------------------------------------------------------

## PLAINTIFF'S MOTION TO EXPAND THE ADMINISTRATIVE RECORD AND COMPEL PRIVILEGE LOG

      Plaintiff Matthew Borowski, pro se, hereby moves to expand the administrative record and to compel a privilege log in this matter brought under the APA. Plaintiff reserves his right to make a summary judgment motion and/or to move for discovery in the event that CBP fails to provide all of the documents it used in making its determination to revoke my NEXUS membership.

### I.     RELEVANT LEGAL STANDARD

      "[J]udicial review cannot function if the agency is permitted to decide unilaterally what documents it submits to the reviewing court as the administrative record." *In re United States*, 138 S. Ct. 371, 372 (2017) (Breyer, J., dissenting from grant of stay). The APA specifies that

judicial review is to be based on the "whole record" before the agency. 5 U.S.C. § 706. The Supreme Court has held that the "whole record" means "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). This includes "all documents and materials directly or indirectly considered by the agency." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). Documents indirectly considered by the agency include those that were relied on by subordinates and so were constructively considered by the ultimate decision-maker. See *GeorgiaCarry.org, Inc. v. U.S. Army Corps of Eng'rs*, 212 F. Supp.

3d 1348, 1352 (N.D. Ga. 2016); *Amfac Resorts, LLC v. U.S. Dep't of Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001).

"…[A] defendant agency cannot have sole, unreviewable authority to decide which documents properly comprise the administrative record and which do not. Indeed, excluding courts from this determination would "impede [them] from conducting the 'thorough, probing, in-depth review' of the agency action with which [they are] tasked." *New York v. U.S. Immigration & Customs Enf't*, 438 F. Supp. 3d 216 (S.D.N.Y. 2020), citing *In re Nielsen*, No. 17-3345 (2d Cir. Dec. 27, 2017), Slip Op. at 2 (quoting *Overton Park*, 401 U.S. at 415, 91 S.Ct. 814.). The Court in *New York v. ICE* stated that while "[i]t is uncontested that intra-agency materials that genuinely fall under the deliberative process privilege are not part of the administrative record… It does not follow from this premise, however, that courts should not have a role in reviewing whether this privilege was properly invoked and applied to particular documents so withheld. Courts routinely make determinations of privilege in other contexts, and they are expert at doing so. As to the deliberative process privilege specifically, federal courts

are often asked in FOIA litigation, for example, to determine whether this privilege applies."
*New York v. U.S. Immigration & Customs Enf't*, 438 F. Supp. 3d 216, 218.

The S.D.N.Y. went on to opine that "Without a privilege log, 'the District Court would be unable to evaluate the Government's assertions of privilege,' *Nielsen*, Slip Op. at 3, and therefore unable to determine whether an assertedly-privileged document was properly excluded from the record. And a court that allowed an agency to withhold documents wrongly marked as deliberative would not be performing judicial review in the exacting manner prescribed by the Supreme Court in *Overton Park* and *State Farm*." The Court quoted the Supreme Court which stated that "Indeed, judicial review cannot function if the agency is permitted to decide unilaterally what documents it submits to the reviewing court as the administrative record." *In re United States*, ⎯⎯ U.S. ⎯⎯, 138 S. Ct. 371, 372, 199 L.Ed.2d 417 (Mem.) (2017) (Breyer, J., dissenting). On the other hand, were a court satisfied that all of the documents listed on a privilege log were in fact deliberative, it would not need to inquire into those documents any further. Nothing about a privilege log, therefore, violates the general requirement that judicial review and discovery in an APA action be limited to the administrative record. See *Nat'l Audubon Soc. v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997) (citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985) ); *Sharkey v. Quarantillo*, 541 F.3d 75, 92 n.15 (2d Cir. 2008).

"It is black-letter administrative law that in an [APA] case, a reviewing court should have before it neither more nor less information than did the agency when it made its decision." *CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014) (citations omitted). "An agency may not scrub the record of all evidence that does not support the agency's final decision." *Fort Sill Apache Tribe v. NIGC*, 345 F. Supp. 3d 1, 10 (D.D.C. 2018). It may not exclude pertinent but

3

unfavorable information. "Nor may the agency exclude information on the grounds that it did not 'rely' on the excluded information in its final decision." *Fund for Animals v. Williams*, 249 F. Supp. 2d 49, 55 (D.D.C. 2003) (citations omitted). It "cannot exclude evidence and materials that were available to the agency as part of its decision making process just because the ultimate decision maker did not consider or use that information in coming to his final decision." *Ohio v. U.S. Army Corps of Eng'rs*, No. 1:15 CV 679, 2015 WL 7575935, at *2 (N.D. Ohio Nov. 25, 2015). Instead, an agency "must produce the full record that was before the agency at the time the decision was made." *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 369 (D.D.C. 2007); accord *Stand Up for California! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 117 (D.D.C. 2014).

## II.    ARGUMENT

The record supplied by the administrative agency numbers only 80 pages in length and contains numerous redactions. In fact, there isn't a single page that does not have at least one redaction on it, and some pages are nearly entirely redacted. It's not possible to fully understand what CBP's decision was based upon, because of the redactions. Plaintiff asks for the record to be expanded with the fully redacted pages and any other documents that CBP has, and for a privilege log to be compelled. Plaintiff believes that CBP is taking a narrow view of what information was "considered by CBP when deciding whether to approve or deny Plaintiff's NEXUS applications filed with CBP on May 26, 2022 and December 20, 2022." They are not including any of the voluminous other information which could be seen or accessed by their Trusted Traveler Program staff or supervisors, such as my entire travel history showing that I

have made thousands of border crossings, or documents pertaining to the fact that most of the purported "derogatory" information was put into the system by an officer and his colleagues whom I sued after my wife was brutally attacked and handcuffed by CBPO Mordino in front of my children for no reason. The names of the officers are redacted, so there is no way for the Court or for me to know who made the notes. CBP is truly "hiding the ball."

At page 6 of the administrative record is a document detailing my April 5, 2023 border crossing which contains false information. Specifically, it says "During the primary examination, the subject indicated to the Primary Officer that his citizenship was irrelevant." After this incident, the CBP Ombudsman used this incident as further reason to sustain the revocation of my NEXUS pass, as shown on page 3 of the administrative record ("Applicant's April 2023 [REDACTED] details alone are enough to warrant a sustained denial revocation based on statements of intended noncompliance the applicant made to the Watch Commander after the secondary inspection was complete." I never told a CBP officer that my citizenship is irrelevant. As an immigration lawyer, such a statement would be absurd. And, in fact, I have audio recording of that interaction, and I subsequently played it for the Watch Commander, and he followed up with me telling me that he listened to the audio recording from the booth himself, and that the notes in the system would be amended to correctly reflect that I, in fact, never stated my citizenship was irrelevant. I even wrote a letter to CBP Supervisor Scoma, which is definitely in CBP's files, but was not provided as part of the administrative record. Further, it is clear that CBP has audio and/or video of these encounters, but it has not included those in the administrative record. They just want to cover up the fact that their officers can enter whatever "junk data" into their system as they see fit, and make false claims that I was being "uncooperative" or "confrontational."

The administrative record's table of contents has a document that CBP claims is "Protected by the Deliberative Process Privilege." (See Document 11, table of contents). This conclusory statement should not be permitted to stand on its own, as absolutely no context or information is provided to this Court about why that document is "protected" by that privilege. There is no explanation of what the document contains, says, or why it is relevant enough to be included in the Administrative Record but in fully redacted form. Thus, a privilege log should be provided as otherwise this Court would be acting on blind faith.

The revocation of my NEXUS pass in 2022, after it having been renewed in 2017, due to the existence of false and misleading notes in the system dating back to 2013, 2014, and 2016 (see page 2 of the administrative record), is arbitrary and capricious. How can it possibly be fair for CBP to renew my NEXUS pass, then upon subsequent renewal, revoke it due to the same considerations that they already determined did not warrant revocation in the first instance? The only answer I can come up with is that I advocate for immigrants' rights and I protested against now-convicted felon Donald Trump's portrait in the Immigration Court corridor. I still don't actually know why CBP revoked my NEXUS membership in 2022 after having renewed it in 2017, based upon events dating from 2013-2016, 6 in total, none of which was a crime or rules violation, and in the context of near-daily border crossing (thousands of crossings almost every weekday for over a decade). The reason why I don't know the reason is because the administrative record is redacted and incomplete, because CBP believes it is better to hide things than to be transparent.

CBP's arbitrary and capricious action caused extreme disruption to my daily life as an advocate for immigrants in Western New York, commuting from my home in Ontario, Canada. I relied on the NEXUS pass to attend court hearings, commute to my office in Cheektowaga,

travel to the Buffalo Federal Detention Facility in Batavia, NY, and other local jails where I met my detained clients. CBP and DHS have perhaps unfairly targeted one of a very small group of private attorneys who provide legal representation to perhaps the most vulnerable and under-represented group of people in the country. Over the past 20 months, I have wasted a lot of gasoline and hundreds of hours of time sitting in border line-ups, because of corrupt and unlawful CBP action.

I want this Court to be able to make a fair, correct decision but I do not believe it is possible to do so with a heavily redacted administrative record of only 80 cherry-picked pages when it is almost certain that there are numerous other materials which they left out. That is why I am asking for a privilege log and for CBP to pony up the missing documents and to un-redact everything so we can actually make sense of the documents and any rationale for CBP's revocation of my membership in NEXUS. I do not understand why CBP wants to hide the ball when all I want is a fair adjudication under the APA, but the litigation in this case over the FOIA shows ongoing bad faith so I believe the only remedy is to compel a privilege log and production of any missing documents.

Dated:      August 15, 2024

  Matthew K. Borowski /s/          
Matthew K. Borowski, Esq.
4343 Union Road
Buffalo, NY 14225
(716) 330-1503 tel
(716) 710-5445 fax
E-mail: matthew@borowskilaw.com

*Pro Se*