UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MATTHEW BOROWSKI

                Plaintiff,                    23-CV-257

v.

U.S. CUSTOMS AND BORDER PROTECTION

                Defendant.

---

## DECLARATION OF RAY PROVENCIO

I, Ray Provencio, hereby state as follows:

1. I am currently the Acting Executive Director, Admissibility and Passenger Programs (APP), Office of Field Operations ("OFO"), U.S. Customs and Border Protection ("CBP"), U.S. Department of Homeland Security ("DHS"). I have been in this position since March 2024. During my 26 years of federal service, I have held various leadership positions, including: Supervisory CBP Officer; Chief Supervisory CBP Officer; Watch Commander; Assistant Director, Field Operations; Deputy Director, Field Operations; and Port Director, El Paso. I have also worked in several temporary assignments overseeing national policy, up to the Director level.

2. This declaration is based on my personal knowledge, the information conveyed to me in the course of my official duties and responsibilities, and my review of the Administrative Record filed in this case.

3. This declaration supplements the Declaration of Michael J. Millich, filed May 26, 2023 (ECF No. 7), which provides background on CBP's Trusted Traveler Programs ("TTPs"), and Plaintiff's administrative history within CBP's NEXUS program.

1

4. As Acting Executive Director, APP, I have responsibility for overseeing and coordinating OFO programs and policy related to the admission and processing of individuals crossing the United States border at over 328 ports of entry. I oversee more than 170 employees across ten (10) Director level program offices, including the TTPs office.

5. In my current position, I am responsible for overseeing the establishment of policy to ensure that individuals who apply for participation in one of CBP's TTPs meet all appropriate qualifications for the program and do not pose a risk to the United States. I am therefore responsible for executing the mission of CBP and, in particular, OFO.

6. CBP's mission includes the enforcement of customs, immigration, and agriculture laws of the United States, in addition to hundreds of other laws on behalf of other federal agencies. OFO is the primary CBP office responsible for securing the U.S. border at ports of entry and preclearance locations outside the United States, while facilitating lawful international trade and travel. Among other responsibilities, OFO is responsible for coordinating and directing the enforcement activities of CBP at POEs to deter and prevent terrorists and criminals from entering the United States. CBP's TTPs are a key part of CBP's law enforcement mission, and are specifically designed to facilitate lawful travel by low-risk travelers, allowing CBP to focus its resources on individuals who present a higher risk.

7. The effectiveness of CBP's mission is dependent, largely, on the use of sensitive investigative and law enforcement techniques and methods that are not known to the general public. The disclosure of these techniques and methods would seriously compromise CBP's ability to perform its law enforcement mission.

8. I am familiar with the amended complaint filed in *Borowski v. U.S. Customs and Border Protection*, No. 23-CV-257 (W.D.N.Y.), and Plaintiff's claims contained therein.

9. I am also familiar with Plaintiff's Motion to Expand the Administrative Record and Compel Privilege Log, in which Plaintiff requests the Court to compel CBP to provide all redacted information contained within CBP's filed Administrative Record.

10. The Administrative Record filed in this case contains all of the information that CBP considered in making its April 2023 decision, denying Plaintiff's 2022 application to CBP's NEXUS program. Certain information has been redacted from the Administrative Record.

11. I provide this declaration for the purpose of asserting privilege over CBP information that is contained in, and has been redacted from, the Administrative Record, as delineated in CBP's privilege log, a copy of which is attached hereto as Exhibit A.

### Law Enforcement Privileged Information

12. The Law Enforcement Privileged ("LEP") information redacted from the Administrative Record consists of: non-public law enforcement system and database information, functionalities, and capabilities; non-public, law enforcement sensitive CBP codes and identifiers; techniques and procedures utilized by CBP law enforcement in inspecting individuals crossing the United States border; criteria used by CBP to determine which travelers require additional border inspection; methods for processing and querying records in CBP law enforcement systems and databases; non-public, intra-agency contact information; non-public CBP system website addresses and information pertaining to access of those systems; and investigative conclusions and determinations compiled for law enforcement purposes.

13. The withheld information is not generally known by the public.

14. Release of such information would reveal law enforcement procedures and techniques utilized by CBP in securing the United States border and in facilitating lawful trade and travel, contrary to the public interest.

15. Disclosure of such information would undermine the integrity of law enforcement and other screening activities at the border. The LEP information could be used by individuals attempting to circumvent or violate immigration and customs laws to alter patterns of conduct, predict CBP's investigative strategy, adopt new methods of operation to conceal criminal activity, and develop countermeasures to thwart the effectiveness of CBP's law enforcement efforts. Disclosure could also threaten efforts to foster open communication across agencies and cohesive law enforcement and national security efforts, and it could have far-reaching effects, impairing other agencies' law enforcement operations or their ability to effectively carry out their respective missions.

16. Disclosure of the LEP information could also facilitate the admission of high-risk travelers into TTPs. The acceptance of high-risk travelers into TTPs would create serious security risks at our nation's borders as such travelers, who may otherwise undergo enhanced inspection, could take advantage of the privileges conferred to TTP members, including expedited processing for entry at ports of entry. This could impede CBP's efforts to interdict potentially dangerous travelers.

17. Disclosure of internal non-public law enforcement system and database information, functionalities, capabilities, codes, identifiers, and navigation tools could jeopardize CBP's systems. Disclosure of this LEP information presents a risk that CBP systems and communications could be compromised or improperly accessed, and more effectively navigated or exploited, detrimental to CBP's law enforcement mission.

**Deliberative Process Privileged Information**

18. With respect to the Deliberative Process Privileged ("DPP") redacted information, the DPP applies to certain information redacted from Document 11 of CBP's Administrative

Record—a chain of seven (7) internal emails sent on April 2, 2014, April 4, 2014, April 17, 2014, April 18, 2014, and April 22, 2014. The redacted DPP materials concern deliberations, opinions, and recommendations regarding whether Plaintiff's NEXUS program history and compliance with CBP's border inspectional process supported reinstatement of Plaintiff's NEXUS pass in 2014. These opinions and recommendations were prepared for the purpose of assisting, and considered as part of, CBP's 2014 decision ultimately approving the reinstatement of Plaintiff's membership in the NEXUS program on April 25, 2014, and do not reflect CBP's final determination of Plaintiff's NEXUS membership in 2014. Such deliberations did not concern Plaintiff's 2023 NEXUS eligibility determination.

19. Disclosure of this information would create a chilling effect that would harm internal Agency open discourse, and could create public confusion in releasing non-finalized, pre-decisional records. Further, release of the predecisional records containing intra-agency deliberations concerning a NEXUS eligibility determination would reasonably be expected to impede the open and candid expression of recommendations and opinions necessary to making such a determination. Such a result would greatly diminish the quality of decisionmaking of the government to the public's detriment.

### Personally Identifiable Information

20. Finally, also redacted from the Administrative Record are the names of CBP personnel and personally identifiable information of third parties. Release of this information would constitute an unwarranted invasion of personal privacy and would not otherwise shed light on CBP's 2023 adjudication of Plaintiff's 2022 NEXUS application.

21. I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 17 day of September 2024.

                                        Ray Provencio
                                        Acting Executive Director
                                        Admissibility and Passenger Programs
                                        Office of Field Operations
                                        U.S. Customs and Border Protection

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MATTHEW BOROWSKI

                Plaintiff,                23-CV-257

v.

U.S. CUSTOMS AND BORDER PROTECTION

                Defendant.

---

## PRIVILEGE LOG AS TO AMENDED ADMINISTRATIVE RECORD

| Doc. No. | Bates Page Nos. | Document Description | Privilege(s) | Privilege(s) Description |
|---|---|---|---|---|
| 1 | CBP 001 | CBP Reconsideration Decision Letter, addressed to Plaintiff, dated April 12, 2023 | LEP | LEP information redacted consisting of non-public CBP system website addresses and information pertaining to access of those systems. |
| 2 | CBP 002 – CBP 004 | Plaintiff's Reconsideration Request submitted December 20, 2022, and Reconsideration Request Decision dated April 12, 2023 | LEP | LEP information redacted consisting of non-public CBP system website addresses and information pertaining to access of those systems; methods for processing and querying records in law enforcement systems and databases; non-public, law enforcement sensitive codes and identifiers; and non-public law enforcement system and database information, functionalities, and capabilities. |
| 3 | CBP 005 – CBP 011 | Inspection Records relating to Plaintiff's April 5, 2023 Border Inspection | LEP | LEP information redacted consisting of non-public law enforcement system and database information, |

| | | | | functionalities, and capabilities; non-public, law enforcement sensitive codes and identifiers; border inspection techniques and procedures; and methods for processing and querying records in law enforcement systems and databases. |
|---|---|---|---|---|
| 4 | CBP 012 – CBP 013 | NEXUS Revocation Letter addressed to Plaintiff, dated December 20, 2022 | LEP | LEP information redacted consisting of internal CBP system website addresses and information pertaining to access of those systems. |
| 5 | CBP 014 – CBP 015 | NEXUS Disapproval Letter addressed to Plaintiff, dated December 20, 2022 | LEP | LEP information redacted consisting of internal CBP system website addresses and information pertaining to access of those systems; and non-public, CBP codes and identifiers which are law enforcement sensitive. |
| 6 | CBP 016 – CBP 019 | Risk Assessment Worksheet relating to CBP's December 20, 2022 Determination of Plaintiff's NEXUS Eligibility | LEP | LEP information redacted consisting of non-public law enforcement system and database information, functionalities, and capabilities; non-public, CBP codes and identifiers which are law enforcement sensitive; and methods for processing and querying records in law enforcement systems and databases. |
| 7 | CBP 020 – CBP 024 | Inspection Records relating to Plaintiff's February 20, 2019 Border Inspection | LEP | LEP information redacted consisting of non-public law enforcement system and database information, functionalities, and capabilities; non-public, CBP law enforcement sensitive codes and identifiers; border inspection techniques and procedures; criteria used by |

| | | | | |
|---|---|---|---|---|
| | | | | CBP to determine which travelers require additional border inspection; methods for processing and querying records in law enforcement systems and databases; and investigative conclusions and determinations compiled for law enforcement purposes. |
| 8 | CBP 025 – CBP 028 | Inspection Records relating to Plaintiff's January 3, 2018 Border Inspection | LEP | LEP information redacted consisting of non-public law enforcement system and database information, functionalities, and capabilities; non-public, CBP codes and identifiers which are law enforcement sensitive; border inspection techniques and procedures; criteria used by CBP to determine which travelers require additional border inspection; methods for processing and querying records in law enforcement systems and databases; and investigative conclusions and determinations compiled for law enforcement purposes. |
| 9 | CBP 029 – CBP 030 | Inspection Records relating to Plaintiff's May 22, 2016 Border Inspection | LEP | LEP information redacted consisting of non-public law enforcement system and database information, functionalities, and capabilities; non-public, CBP codes and identifiers which are law enforcement sensitive; border inspection techniques and procedures; and methods for processing and querying records in law enforcement systems and databases. |

| | | | | |
|---|---|---|---|---|
| 10 | CBP 031 – CBP 036 | Inspection Records relating to Plaintiff's November 3, 2014 Border Inspection | LEP | LEP information redacted consisting of non-public law enforcement system and database information, functionalities, and capabilities; non-public, CBP codes and identifiers which are law enforcement sensitive; border inspection techniques and procedures; criteria used by CBP to determine which travelers require additional border inspection; methods for processing and querying records in law enforcement systems and databases; and investigative conclusions and determinations compiled for law enforcement purposes. |
| 11 | CBP 037 – CBP 041 | Intra-Agency Emails from April 2014 | DPP; LEP | DPP information redacted consisting of deliberations, the expression of opinions, and recommendations as to whether Plaintiff's history within the NEXUS program and compliance with CBP's border inspectional process supports a reinstatement of Plaintiff's NEXUS membership, prepared for the purpose of assisting, and considered as part of, the 2014 decision regarding Plaintiff's membership in the NEXUS program.<br><br>LEP information redacted consisting of non-public, intra-agency contact information, and non-public, CBP codes and |

| | | | | identifiers which are law enforcement sensitive. |
|---|---|---|---|---|
| 12 | CBP 042 – CBP 045 | Inspection Records relating to Plaintiff's December 14, 2013 Border Inspection | LEP | LEP information redacted consisting of non-public law enforcement system and database information, functionalities, and capabilities; non-public, CBP codes and identifiers which are law enforcement sensitive; border inspection techniques and procedures; criteria used by CBP to determine which travelers require additional border inspection; methods for processing and querying records in law enforcement systems and databases; and investigative conclusions and determinations compiled for law enforcement purposes. |
| 13 | CBP 046 – CBP 048 | Inspection Records relating to Plaintiff's April 18, 2013 Border Inspection | LEP | LEP information redacted consisting of non-public law enforcement system and database information, functionalities, and capabilities; non-public, CBP codes and identifiers which are law enforcement sensitive; border inspection techniques and procedures; methods for processing and querying records in law enforcement systems and databases; and investigative conclusions and determinations compiled for law enforcement purposes. |
| 14 | CBP 049 – CBP 056 | Inspection Records relating to Plaintiff's March 19, 2013 Border Inspection | LEP | LEP information redacted consisting of non-public law enforcement system and database information, functionalities, and |

|    |                        |                                                                                                                    |     |                                                                                                                                                                                                                                                                                                                                                                                                           |
|----|------------------------|--------------------------------------------------------------------------------------------------------------------|-----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    |                        |                                                                                                                    |     | capabilities; non-public, CBP codes and identifiers which are law enforcement sensitive; border inspection techniques and procedures; criteria used by CBP to determine which travelers require additional border inspection; methods for processing and querying records in law enforcement systems and databases; and investigative conclusions and determinations compiled for law enforcement purposes. |
| 15 | CBP 057                | Plaintiff's Signed NEXUS Briefing, dated December 28, 2011                                                         | LEP | LEP information redacted consisting of non-public, CBP codes and identifiers which are law enforcement sensitive.                                                                                                                                                                                                                                                                                         |
| 16 | CBP 058 – CBP 059      | Spreadsheet Delineating Plaintiff's Secondary Inspections from April 25, 2009, through January 16, 2024            | LEP | LEP information redacted consisting of non-public law enforcement system and database information, functionalities, and capabilities; non-public, CBP codes and identifiers which are law enforcement sensitive; and methods for processing and querying records in law enforcement systems and databases.                                                                                                |
| 17 | CBP 060 – CBP 076      | Plaintiff's NEXUS Application History and Global Enrollment System Records                                         | LEP | LEP information redacted consisting of non-public law enforcement system and database information, functionalities, and capabilities; non-public, CBP codes and identifiers which are law enforcement sensitive; border inspection techniques and procedures; methods for processing and querying records in law enforcement systems and                                                                  |

| | | | | databases; and investigative conclusions and determinations compiled for law enforcement purposes. |
|---|---|---|---|---|