# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

MATTHEW BOROWSKI,     )
     )
    Plaintiff,     )
     )     No. 23-cv-00257-EAW-MJR
    v.     )
     )
U.S. CUSTOMS AND     )
BORDER PROTECTION,     )
     )
    Defendant.     )
_____     )

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT

TRINI E. ROSS
United States Attorney

BY:   S/MARY K. ROACH
     S/SCOTT LEESON SROKA
     Assistant United States Attorneys
     United States Attorney's Office
     Western District of New York
     138 Delaware Avenue
     Buffalo, New York 14202
     716-843-5866
     mary.k.roach@usdoj.gov

## TABLE OF AUTHORITIES

**Federal Cases**

*Associated Press v. DOD*, 554 F.3d 274, 286-87 (2d Cir. 2009)......................................................7

*Bast v. DOJ*, 665 F.2d 1251, 1254-55 (D.C. Cir. 1981). ...............................................................6

*Bibles v. Or. Natural Desert Ass'n,* 519 U.S. 355, 355–56 (1997)...................................................5

*Brennan Ctr. for Just. at N.Y. Univ. Sch. of Law v. DOJ,* 697 F.3d 184, 194 (2d Cir. 2012). ........9

*Commonwealth of Pa. Dep't of Pub. Welfare v. HHS*, No. CIVA 05-1285, 2006 WL 3792628, at *59 (W.D. Pa. Dec. 21, 2006) .................................................................................................5

*Council on Am.-Islamic Rels. - Connecticut v. U.S. Citizenship & Imm. Servs.,* 669 F. Supp.3d 64, 87 (D. Conn. 2023) .........................................................................................................13

*Dep't of Interior v. Klamath Water Users Protective Assn.*, 532 U.S. 1, 8-9 (2001)........................10

*EPA v. Mink*, 410 U.S. 73, 87 (1973);.........................................................................................10

*Farm Sanctuary v. United States Dep't of Agric.*, 706 F. Supp.3d 381, 398 (W.D.N.Y. 2023).....8

*Garcia v. U.S. Dep't of Justice, Office of Information and Privacy*, 181 F. Supp.2d 356, 366 (S.D.N.Y. 2002)...............................................................................................................3

*Halpern v. FBI*, 181 F.3d 279, 295 (2d Cir. 1999) .......................................................................13

*Halpern v. FBI*, No. 94-CV-365A(F), 2002 WL 31012157, at *2 (W.D.N.Y. Aug. 31, 2001) ) ..........................................................................................................................................6,9

*Hayden v. NSA*, 608 F.2d 1381, 1387 (D.C. Cir. 1979)...............................................................14

*Inter Ocean Free Zone, Inc. v. U.S. Customs Serv.*, 982 F. Supp. 867, 871 (S.D. Fla. 1997).........5

*Insider Inc. v. Gen. Servs. Admin.*, 92 F.4th 1131, 1136 (D.C. Cir. 2024)....................................6

*Iraq Refugee Assistance Project v. DHS, No. 12-cv-3461, 2017 WL 1155898, at *5 (S.D.N.Y. Mar. 27, 2017)*......................................................................................................................12

*Jabar v. U.S. Dept. of Justice.,* 62 F.4th 44, 52 (2d Cir. 2023)....................................................13

*Jan-Xin Zang v. FBI*, 756 F. Supp. 705, 708-09 (W.D.N.Y. 1991)...........................................14

*John Doe Corp. v. John Doe Agency*, 850 F.2d 105, 107 n.1 (2d Cir. 1988)................................. 9

*Larson v. Dep't of State*, 565 F.3d 857, 870 (D.C. Cir. 2009) ...................................... 14

*Local 3, Int'l Bhd. of Elec. Workers, AFL-CIO v. NLRB*, 845 F.2d 1177, 1180 (2d Cir. 1988) .. 14

*Long v. OPM*, 692 F.3d 185, 193 (2d Cir. 2012) .................................................... 5,6,7

*Malizia v. DOJ*, 519 F. Supp. 338, 342 (S.D.N.Y. 1981)........................................... 9

*Mayer Brown LLP v. IRS,* 562 F.3d 1190, 1193 (D.C. Cir. 2009) .............................. 12

*Mermelstein v. DOJ*, No. 19-CV-00312, 2021 3455314 at*13 .................................... 12

*Mermelstein v. DOJ*, No. 19-CV-00312, 2021 WL 11628214 (E.D.N.Y. Aug. 19, 2021) ....... 12

*Nix v. United States*, 572 F.2d 998, 1006 (4th Cir. 1978) .............................................. 6

*NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) ........................................ 10

*Pickering v. DOJ,* No. 14-CV-330-A, 2024 WL 2149035, at *10 (W.D.N.Y. May 14, 2024) 12

*Rutigliano v. DOJ*, 847 F. App'x 86, 87 (2d Cir. 2021)................................................ 14

*Schrecker v. DOJ*, 349 F.3d 657, 661 (D.C. Cir. 2003) .............................................. 6

*U.S. Dep't of Just. v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 771 (1989) ....... 5, 6, 10

*United States Fish and Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) ................... 10

*Vazquez v. DOJ,* 887 F. Supp.2d 114, 116 (D.D.C. 2012)........................................... 11

*Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) ........................................... 3

**Statutes**

5 U.S.C. § 552(a)(8)(A)(i), ......................................................................... 13

5 U.S.C. § 706(2)(A) .....................................................................................8

**Rules**

Local Civil Rule 56(a)(1) ...............................................................................1

# TABLE OF CONTENTS

I.    Plaintiff Has Not Responded to CBP'S Statement
of Undisputed Material Facts and Has Not Challenged
the Adequacy of CBP's Search…………………………………….................2

II.   Plaintiff Applies Incorrect Legal Standards in Making His Argument Under
FOIA……………………………………………………………………………3

      A. Plaintiff's personal interest in certain records does not entitle
         him to relief under FOIA. ………………………………………………4
      B. Plaintiff's Fourth Amendment analysis is inapplicable
         in the FOIA context…………………………………………………………7
      C. Plaintiff's allegations of "arbitrary and capricious" and "bad faith"
         actions by CBP should not be considered here……………………………8

III.  CBP's Declaration and *Vaughn* Index Provide Enough Detail
and Specificity to Warrant Granting Summary Judgment In Its
Favor……………………………………………………………………………9

IV.   The Court Should Decline to Conduct an *In Camera* Inspection
of CBP's Records …………………………………………………………………13

Conclusion…………………………………………………………………………..15

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

MATTHEW BOROWSKI,      )
      )
      Plaintiff,      )
      )      No. 23-cv-00257-EAW-MJR
      v.      )
      )
U.S. CUSTOMS AND      )
BORDER PROTECTION,      )
      )
      Defendant.      )
_____ )

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant U.S. Customs and Border Protection (CBP) respectfully submits this reply memorandum of law in further support of its Renewed Motion for Partial Summary Judgment ("the Renewed Motion") (ECF No. 44). In his response to the Renewed Motion, Plaintiff complains about CBP's redactions and asks the Court to conduct an *in camera* review of the records provided by CBP. Because CBP's updated declaration and *Vaughn* index are sufficiently detailed to meet its burden under FOIA, and for the reasons set forth below, the Court should decline Plaintiff's request for an *in camera* review and grant summary judgment in CBP's favor.

## I.   PLAINTIFF HAS NOT RESPONDED TO CBP'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND HAS NOT CHALLENGED THE ADEQUACY OF CBP'S SEARCH.

Local Civil Rule 56(a)(1) requires a movant seeking summary judgment to submit a "separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civil Rule 56(a)(2) requires the party opposing the motion to "include a response to each numbered

paragraph in the moving party's statement, in correspondingly numbered paragraphs and, if necessary, additional paragraphs containing a short and concise statement of additional material facts as to which it is contended there exists a genuine issue to be tried." The rule provides that "[e]ach numbered paragraph in the moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement."

In connection with this motion, CBP submitted Statements of Material Facts As To Which There Is No Genuine Issue To Be Tried. ECF Nos. 19-1; 44-2. In the Renewed Motion, this statement is contained in ECF No. 44-2 ("the Renewed Statement"). Plaintiff failed to respond to either statement. In the Court's May 10, 2024, Decision and Order on CBP's original motion for partial summary judgment, the Court noted that Plaintiff "failed to respond to each numbered paragraph in Defendant's statement" and "therefore treat[ed] the facts set forth in Defendant's statement of undisputed material facts 'admitted for purposes of' the instant motion where supported by admissible evidence in the record." ECF No. 37 at 2 n.2.

Because Plaintiff has again failed to provide any response to the Renewed Statement as required by the Local Civil Rules, the Court should deem admitted and undisputed the facts in the Renewed Statement, which included detailed descriptions of the searches CBP undertook to find records responsive to Plaintiff's request. *See, e.g.,* ECF No. 44-2 at ¶¶ 29-52. Plaintiff did not dispute the adequacy of the searches, either in his responsive memorandum or in a numbered response to CBP's Renewed Statement, which also stated that "CBP re-processed and, on July 2, 2024, re-released all 251 pages to Plaintiff, with fewer redactions on three (3) records." *Id.* at ¶ 55. Specifically, CBP explained that it had "un-redacted portions

of the intra-agency emails" and "also un-redacted the license plate numbers contained within the inspection narratives from Plaintiff's border inspections." *Id.* at ¶¶ 56-57. The Renewed Statement also thoroughly explained the justifications for the FOIA exemptions CBP relied upon in withholding or redacting information. *Id.* at ¶¶ 60-108. Although Plaintiff made general objections to the withholdings in his brief, he failed to respond to the carefully delineated explanations in the Renewed Statement.

As demonstrated in CBP's more detailed declaration concerning its search for responsive records, ECF No. 44-3 at ¶¶ 12-34, CBP has "demonstrate[d] that it has conducted a reasonable search for relevant documents," and therefore "has fulfilled its obligations under FOIA and is entitled to summary judgment on this issue." *Garcia v. U.S. Dep't of Justice, Office of Information and Privacy*, 181 F. Supp.2d 356, 366 (S.D.N.Y. 2002) (citing *Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) ("[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*" (emphasis in original)). CBP's affidavit has shown that it "made a good faith effort to search for the requested documents, using methods 'reasonably calculated' to produce documents responsive to the FOIA request." *Id.* For these reasons, and because Plaintiff has not challenged the adequacy of CBP's search, the Court should find that CBP has met its summary judgment burden with respect to the adequacy of its search.

## II.    PLAINTIFF APPLIES INCORRECT LEGAL STANDARDS IN MAKING HIS ARGUMENT UNDER FOIA.

In opposing the Renewed Motion, Plaintiff has relied upon several legal standards that do not apply to FOIA cases. First, Plaintiff improperly argues that his personal private interest in certain records entitles him to release of those records under FOIA. Second, Plaintiff's Fourth Amendment privacy analysis is inapposite in the FOIA context. Third,

3

Plaintiff's application of an "arbitrary and capricious" standard is appropriate in a claim under the Administrative Procedure Act (APA), but not under FOIA. Finally, Plaintiff's allegations of bad faith against CBP unrelated to CBP's processing of his FOIA request have no merit and were previously rejected by this Court. For the reasons set forth below, the Court should not credit any of these arguments.

### A. *Plaintiff's personal interest in certain records does not entitle him to relief under FOIA.*

Plaintiff's private interest in the names of CBP personnel and other information is insufficient to provide him relief under FOIA. Plaintiff's repeated use of the first-person in his narrative underscores his personal interest in certain records. For example, Plaintiff states:

- "I am a former daily cross-border commuter, immigrants rights advocate and immigration lawyer." ECF No. 61 at 1.
- "I have been vocal in my opposition to numerous DHS anti-migrant policies." *Id.*
- This case arises out of a [FOIA] request filed by me, Matthew Borowski, seeking answers as to why CBP revoked my NEXUS membership after approximately a decade of membership during which I never once broke any of the rules." *Id.* at 1-2.
- "This revocation came shortly after the end of my wife's lawsuit against a CBP officer for assaulting and injuring her." *Id.* at 2.
- "Here, where Plaintiff was personally attacked by CBP officers – his wife was physically injured by Vincent Mordino in 2013, he was lunged at by Vincent Mordino, he was assaulted by two other officers in 2023 after filing this lawsuit – he has an interest in knowing the names of the officers who made remarks or comments on the file CBP maintains on Plaintiff. That interest outweighs whatever privacy interest may be enjoyed by a uniformed law enforcement official." *Id.* at 13.
- "Plaintiff, who has no criminal record, has never circumvented the law and cannot fathom what inspection 'techniques or procedure' that was applied to him was taken with a genuine law enforcement concern in mind." *Id.* at 16.

Plaintiff also injects political commentary into his argument ("This function of the judiciary will become even more important in the coming years should the despotic criminal Donald Trump be re-elected as commander in chief."). *Id.* at 9.

None of these statements are relevant to determining whether Plaintiff is entitled to CBP records, or to whether CBP has met its burden under FOIA. As CBP explained in the Renewed Motion, ECF No. 44-1 at 26, a FOIA requester does not have the right to receive and examine documents just because the information may have some special significance to the requester, but not the public at large. "The identity of the FOIA requester and the requester's reasons for making the request have no bearing upon its entitlement to the information. . . . [W]hat is given to one requester is what is available to all who make the same request." *Commonwealth of Pa. Dep't of Pub. Welfare v. HHS*, No. CIVA 05-1285, 2006 WL 3792628, at *59 (W.D. Pa. Dec. 21, 2006) (quoting *Inter Ocean Free Zone, Inc. v. U.S. Customs Serv.*, 982 F. Supp. 867, 871 (S.D. Fla. 1997) (citing *U.S. Dep't of Just. v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 771 (1989)).

Indeed, the balancing analysis for Exemption 6 requires a court to weigh an individual's privacy interest against the public interest that would be advanced by disclosure. *Long v. OPM*, 692 F.3d 185, 193 (2d Cir. 2012). "The only public interest cognizable under FOIA is the public 'understanding of the operations or activities of the government.'" *Id.* (citing *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 775 (1989); *Bibles v. Or. Natural Desert Ass'n*, 519 U.S. 355, 355–56 (1997)). Notably, "federal courts have observed that disclosure of individual employee names tells nothing about what the government is up to." *Id.* (quotations and citations omitted).

Plaintiff appears to assert a general right to provision of the names of federal law enforcement officers because certain officers interact with the public. Such statement fails to assert how such information would shed any light on government activities and misapprehends the FOIA inquiry. Moreover, "[i]t is well established . . . that government

5

officials do not surrender all rights to personal privacy when they accept a public appointment." *Bast v. DOJ*, 665 F.2d 1251, 1254-55 (D.C. Cir. 1981). Courts have "consistently supported nondisclosure of names or other information identifying individuals appearing in law enforcement records, including investigators, suspects, witnesses, and informants." *Schrecker v. DOJ*, 349 F.3d 657, 661 (D.C. Cir. 2003) (collecting cases). As described by the Court of Appeals for the Fourth Circuit:

> One who serves his state or nation as a career public servant is not thereby stripped of every vestige of personal privacy, even with respect to the discharge of his official duties. Public identification of any of these individuals could conceivably subject them to harassment and annoyance in the conduct of their official duties and in their private lives.

*Nix v. United States*, 572 F.2d 998, 1006 (4th Cir. 1978).

Notably, finding disclosure warranted solely because government employees engage with the public would undermine the very privacy interests the FOIA exemptions are meant to protect. *See, e.g., Long*, 692 F.3d at 193 ("Plaintiffs posit a strong public interest in knowing employee names because 'Government work is done by people.' But if that were weighed in the balance of the Exemption 6 inquiry, little would be left to FOIA's protection for personal privacy.").

FOIA serves a worthy goal, namely "to ensure the Government's activities be opened to the sharp eye of public scrutiny." *Halpern v. FBI*, No. 94-CV-365A(F), 2002 WL 31012157, at *2 (W.D.N.Y. Aug. 31, 2001) (quoting *Reporters Comm.*, 489 U.S. at 774). Plaintiff's arguments do not further that "central purpose." *See Insider Inc. v. Gen. Servs. Admin.*, 92 F.4th 1131, 1136 (D.C. Cir. 2024). Rather, his memorandum betrays a personal motive for the names of CBP employees, which makes the threat to the employees' privacy, and potential for harassment, even more real here—Plaintiff wants to know the names of the officers who

made remarks or comments in CBP's files because, as Plaintiff alleges, he and his wife were personally attacked by CBP officers. "Plaintiff[] [has] identified no appreciable public interest militating in favor of the wholesale disclosure of names of employees in . . . sensitive agencies [dealing with national security, homeland security, or law enforcement] and sensitive occupations." *Long*, 692 F.3d at 195; *see also id.* at 198 n.4 (delineating that the sensitive occupations include "custom patrol officer, customs & border protection, customs & border protection interdiction, customs inspection, . . . [and] immigration inspection"). Thus, the Court should disregard Plaintiff's statements of personal interest, as "they do not illustrate how the disclosure of names serves the purposes of FOIA." *Id.* at 194.

### B. *Plaintiff's Fourth Amendment analysis is inapplicable in the FOIA context.*

Citing the Fourth Amendment, Plaintiff argues that "release of the names of the CBP employees would not constitute an 'unwarranted invasion of personal privacy'" because "[t]here is no reasonable expectation of privacy in a public facing law enforcement career." ECF No. 61 at 12-13. This attempt to shoe-horn a Fourth Amendment analysis into the FOIA equation is not appropriate. *See Associated Press v. DOD*, 554 F.3d 274, 286-87 (2d Cir. 2009) (holding that identities of Guantanamo Bay detainees associated with abuse allegations were entitled to protection, and noting that "[a]lthough the detainees here are indeed like prisoners, their Fourth Amendment reasonable expectation of privacy is not the measure by which we assess their personal privacy interest protected by FOIA."). Rather, as demonstrated above, CBP employees retain personal privacy interests, and the identities of federal, state, and local law enforcement personnel are routinely withheld.

### C. *Plaintiff's allegations of "arbitrary and capricious" and "bad faith" actions by CBP should not be considered here.*

Plaintiff alleges that "CBP may have used reasons to deny [his] NEXUS renewal and revoke [his] membership, that it previously deemed insufficient for revocation." ECF No. 61 at 2. "This," he claims, "would be arbitrary and capricious; if it wasn't likely retaliatory due to [his] outspoken criticism of CBP." *Id.* As the Court is aware, there is a pending claim by Plaintiff against CBP under the APA, 5 U.S.C. § 706(2)(A), which is not the subject of this motion. While an "arbitrary and capricious" standard is applicable in litigation under the APA, *Farm Sanctuary v. United States Dep't of Agric.*, 706 F. Supp.3d 381, 398 (W.D.N.Y. 2023), no such standard applies in this FOIA analysis, and the Court should disregard the reference.

Plaintiff also levels multiple allegations of "bad faith" against CBP in his memorandum: "the clear bad faith actions of CBP against Plaintiff (arresting him, detaining him, attacking his wife, revoking his NEXUS card, assaulting him on two separate occasions after the filing of this lawsuit)," ECF No. 61 at 7; "CBP has shown itself to be a bad actor." *Id.*

Importantly, this issue was already addressed in the Court's May 10, 2024, Decision and Order:

> Plaintiff asserts that the agency is acting in bad faith based in part on its alleged actions stemming from interactions between Plaintiff and his wife and CBP officials at the United States-Canada border crossing and the revocation of Plaintiff's NEXUS membership. . . . Plaintiff has submitted no actual evidence that Defendant has acted in bad faith in responding to his FOIA request. . . . [T]he Court cannot see how this information constitutes evidence of Defendant's bad faith *with respect to responding to Plaintiff's FOIA claim*, which is the issue in the instant motion.

ECF No. 37 at 31-32 (emphasis in original). Plaintiff has again made allegations of bad faith that are unrelated to CBP's response to his FOIA request, and the Court should disregard them.

### III. CBP'S DECLARATION AND *VAUGHN* INDEX PROVIDE ENOUGH DETAIL AND SPECIFICITY TO WARRANT GRANTING SUMMARY JUDGMENT IN ITS FAVOR.

"A *Vaughn* index sufficient to sustain the Government's burden of proof must 'describe with reasonable specificity the nature of the documents at issue and the claimed justification for nondisclosure, and . . . indicate the requested material logically comes within the claimed exemption." *Halpern v. FBI*, No. 94-CV-365A(F), 2002 WL 31012157, at *3 (W.D.N.Y. Aug. 31, 2001) (quoting *Malizia v. DOJ*, 519 F. Supp. 338, 342 (S.D.N.Y. 1981)). "The *Vaughn* affidavit must furnish the court with enough information to determine the validity of a claimed FOIA exemption." *Id.* (citing *John Doe Corp. v. John Doe Agency*, 850 F.2d 105, 107 n.1 (2d Cir. 1988)).

Without addressing any of the case law cited in the Renewed Motion, Plaintiff alleges that CBP's declaration and *Vaughn* index are too non-specific and vague to pass judicial muster. Plaintiff challenges CBP's withholding of information pursuant to the deliberative process privilege contained in Exemption 5 and the privacy protections of Exemptions 6, 7(C), and 7(E).

With respect to Exemption 5, Plaintiff acknowledges that the Renewed Motion provides more detail than the previous motion for summary judgment. ECF No. 61 at 8. Exemption 5 requires that withheld information be "predecisional" and "deliberative." *See Brennan Ctr. for Just. at N.Y. Univ. Sch. of Law v. DOJ*, 697 F.3d 184, 194 (2d Cir. 2012). As noted in CBP's Renewed Statement of Material Facts, the five pages to which Exemption 5

was applied "predate CBP's 2014 decision regarding Plaintiff's NEXUS eligibility," rendering them "predecisional." ECF No. 44-2 at ¶¶ 65-66.

Plaintiff appears to challenge the very basis of the deliberative process privilege when he asks, "What kind of 'chilling effect' does the disclosure of internal agency discourse create, where a public agency is expected to follow the law and not discriminate against members of the public?" ECF No. 61 at 8. The Supreme Court has provided the answer:

> To protect agencies from being "forced to operate in a fishbowl," the deliberative process privilege shields from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." The privilege is rooted in "the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." To encourage candor, which improves agency decisionmaking, the privilege blunts the chilling effect that accompanies the prospect of disclosure.

*United States Fish and Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (citations omitted) (quoting *EPA v. Mink*, 410 U.S. 73, 87 (1973); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975); *Dep't of Interior v. Klamath Water Users Protective Assn.*, 532 U.S. 1, 8-9 (2001)).

Here, the redacted portions of the emails included "deliberations, the expression of opinions, and recommendations as to whether Plaintiff's NEXUS program history and compliance with CBP's border inspection process support[ed] a reinstatement of Plaintiff's trusted traveler status," precisely the kind of communication the exemption was created to protect. ECF No. 44-2 at ¶ 70. Furthermore, "[t]he dates of the communications and the titles of the recipients of those emails are not redacted." ECF No. 44-1 at 21.

With respect to Exemptions 6 and 7(C), Plaintiff asserts that "there is no privacy interest of a law enforcement officer engaged in their duties in a public place." ECF No. 61 at 9. As discussed in Section II(A), *supra,* this unsupported assertion is simply incorrect.

10

Indeed, CBP's filings clearly delineate this privacy interest: "[b]ecause CBP employees occupy sensitive, law enforcement positions, they face an increased risk of becoming the targets of harassment or attack. Withholding this information protects CBP employees from harassment in their private lives due to the conduct of their official duties, which could result from public disclosure of their identity. Additionally, releasing the names of such employees would not meaningfully increase the public understanding of government operations, justifying such disclosure." ECF No. 44-2 at ¶ 103. Plaintiff did not dispute this fact, and, for the reasons set forth at pp. 1-3, *supra*, it should be deemed admitted. It is clear that Plaintiff's asserted personal interest in the identities of various CBP personnel cuts against, rather than in favor of, his argument.

Plaintiff also challenges the withholding of information related to law enforcement techniques and procedures not generally known to the public under Exemption 7(E). ECF No. 61 at 14-16. However, none of the cases he cites support his argument that CBP's application of Exemption 7(E) in this case was improper, and he did not dispute or controvert any of the law relating to Exemption 7(E) set forth in the Renewed Motion. ECF No. 44-1 at 27-33. Indeed, he acknowledges that "[e]ven commonly known procedures may be protected from disclosure if the disclosure could reduce or nullify their effectiveness." ECF No. 61 at 15 (citing *Vazquez v. DOJ,* 887 F. Supp.2d 114, 116 (D.D.C. 2012)).[1]

---

[1] Plaintiff also claims that "[w]hile the government retains the burden of persuasion that information is not subject to disclosure under FOIA, a party who asserts that material is publicly available carries the burden of production on that issue." ECF No. 61 at 14-15. However, because Plaintiff did not produce any evidence that the withheld information is publicly available, this argument is irrelevant.

Plaintiff complains that CBP did not provide "adequate specificity" about the types of techniques and procedures which were withheld. ECF No. 61 at 15. He also terms "boilerplate" and "highly suspect" CBP's assertion that "release of this information 'presents a risk that CBP systems could be compromised or, if such systems were compromised, that they could be more effectively navigated and exploited to promote circumvention of the law.'" ECF No. 61 at 16. His only support for this argument is his own speculation that these records would show that CBP is biased against him. *Id.*

"Records containing information about law enforcement techniques and procedures are 'categorically exempt from FOIA disclosure, "without need for demonstration of harm."'" *Pickering v. DOJ,* No. 14-CV-330-A, 2024 WL 2149035, at *10 (W.D.N.Y. May 14, 2024) (citing *Mermerlstein* v. DOJ,19-CV-00312,2021 WL 3455314, at *13 (E.D.N.Y. Aug. 4,2021), *report and recommendation adopted sub nom. Mermelstein v. DOJ*, No. 19-CV-00312, 2021 WL 11628214 (E.D.N.Y. Aug. 19, 2021) (*quoting Iraq Refugee Assistance Project v. DHS*, No. 12-cv-3461, 2017 WL 1155898, at *5 (S.D.N.Y. Mar. 27, 2017)). "Exemption 7(E) looks not just for circumvention of the law, but for a risk of circumvention; not just for an actual or certain risk of circumvention, but for an expected risk; not just for an undeniably or universally expected risk, but for a reasonably expected risk; and not just for certitude of a reasonably expected risk, but for the chance of a reasonably expected risk." *Mayer Brown LLP v. IRS,* 562 F.3d 1190, 1193 (D.C. Cir. 2009).

Here, the information withheld falls squarely under Exemption 7(E). Plaintiff did not dispute that each category of information withheld by CBP was material compiled for law enforcement purposes and that disclosure can reasonably be expected to risk circumvention of the law. ECF No. 44-2 at ¶¶ 75-93; Supplemental Declaration of Patrick A. Howard, ECF

No. 44-3, Ex. 1, ¶¶ 45-60; *Vaughn* Index, ECF No. 44-3, Ex. 3, generally. Likewise, while the FOIA statute, as amended in 2016, provides that "[a]n agency shall withhold information ... only if the agency reasonably foresees that disclosure would harm an interest protected by an exemption" or if "disclosure is prohibited by law," 5 U.S.C. § 552(a)(8)(A)(i), Plaintiff does not argue that there is no foreseeable harm if the withheld material is released. Thus, it is undisputed that release of the withheld information could potentially "enable individuals to better avoid triggering additional scrutiny and thereby increase their chances of not being identified as persons presenting fraudulent information or having criminal or terrorist intent." *Council on Am.-Islamic Rels. - Connecticut v. U.S. Citizenship & Imm. Servs.,* 669 F. Supp.3d 64, 87 (D. Conn. 2023) (rejecting argument that descriptions of withheld categories were too vague and general for plaintiff to meaningfully challenge the withholdings).

CBP's *Vaughn* index and declarations sufficiently "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record or by evidence of agency bad faith." *Jabar v. DOJ,* 62 F.4th 44, 52 (2d Cir. 2023) (citation omitted). Moreover, "[a]gency affidavits are accorded a presumption of good faith." *Id.* (citations and quotations omitted). Accordingly, CBP should prevail on the instant motion, as CBP has demonstrated "that its search was adequate, that any withheld documents fall within an exemption to the FOIA, and that any reasonably segregable non-exempt portion of an agency record was released." *Id.* (citations and quotations omitted).

IV.    **THE COURT SHOULD DECLINE TO CONDUCT AN *IN CAMERA* INSPECTION OF CBP'S RECORDS.**

"*In camera* review is considered the exception, not the rule, and the propriety of such review is a matter entrusted to the district court's discretion." *Halpern v. FBI*, 181 F.3d 279, 295 (2d Cir. 1999) (quoting *Local 3, Int'l Bhd. of Elec. Workers, AFL-CIO v. NLRB*, 845 F.2d 1177, 1180 (2d Cir. 1988)). "Further, where a FOIA litigant requests the court conduct an *in camera* review of material withheld by the government, no such review is required provided "the government's *Vaughn* indices sufficiently detail the nature of the material withheld and the applicability of the relevant exemption(s)." *Halpern v. FBI*, No. 94-CV-365A(F), 2002 WL 31012157, at *3 (W.D.N.Y. Aug. 31, 2001) (quoting *Jan-Xin Zang v. FBI*, 756 F. Supp. 705, 708-09 (W.D.N.Y. 1991)). "When the agency meets its burden by means of affidavits, *in camera* review is neither necessary or appropriate." *Rutigliano v. DOJ*, 847 F. App'x 86, 87 (2d Cir. 2021) (quoting *Larson v. Dep't of State*, 565 F.3d 857, 870 (D.C. Cir. 2009)).

In *Halpern*, on remand from the Second Circuit, Magistrate Judge Foschio denied the plaintiff's motion for an *in camera* inspection. 2002 WL 31012157, at *14-15. There, as here, the Government submitted an additional declaration explaining why the asserted exemptions applied to the withheld information, and it included a *Vaughn* index consisting of "a chart setting forth each document the FBI determined was exempt from disclosure under FOIA, and the applicable exemption." *Id.* at *4.

As CBP explained in the Renewed Motion, ECF No. 44-1 at 33-35, the revised *Vaughn* index provided to the Court includes a page-by-page explanation of CBP's redactions and withholdings. "If the agency's affidavits 'provide specific information sufficient to place the documents within the exemption category, if this information is not contradicted by the record, and there is no evidence in the record of agency bad faith, then summary judgment is

appropriate without *in camera* review of the documents.'" *Larson*, 565 F.3d at 870 (quoting

*Hayden v. NSA*, 608 F.2d 1381, 1387 (D.C. Cir. 1979)). As set forth, *supra*, Plaintiff has not

contradicted or challenged the factual information provided by CBP, and this Court has not

found any bad faith relating to CBP's response to his FOIA request.

Therefore, the Court should deny Plaintiff's request for an *in camera* inspection and

grant summary judgment in CBP's favor.

## CONCLUSION

For the foregoing reasons, the Court should grant summary judgment in Defendant's

favor.

**DATED**:     Buffalo, New York, October 17, 2024.

<div style="margin-left: 40%;">

TRINI E. ROSS
United States Attorney

BY:    S/MARY K. ROACH
       S/SCOTT LEESON SROKA
       Assistant United States Attorneys
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       716-843-5866
       mary.k.roach@usdoj.gov

</div>