UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MATTHEW BOROWSKI,

                Plaintiff,

v.                                            23-cv-257

CUSTOMS AND BORDER PROTECTION,

                Defendant.

## SECOND JOINT STATUS REPORT

Pursuant to the Court's May 29, 2025 Order, ECF No. 75, the Parties make this Joint Submission regarding proposed next steps in this litigation:

### APA

1. The Government seeks permission to file, within 60 days, a motion to dismiss the APA claim because it is moot. The reason for this request is that on April 12, 2023, Plaintiff filed a new application for NEXUS enrollment which Customs and Border Protection (CBP) reviewed and denied in a decision dated March 26, 2025. Therefore, it is CBP's position that any decision by this Court based on the Amended Administrative Record in this case is moot because of Plaintiff's most recent application and the Agency's review and denial of that application. Plaintiff is opposed to the Court granting permission to file a motion to dismiss on the grounds that the agency action, and the relief he is seeking, is not mooted by the subsequent denial of a new application for NEXUS, and the subsequent denial is a continuation of the same pattern of activity by CBP.

2. If the Court will not entertain the motion to dismiss referenced in paragraph 1, the Government proposes to submit to this Court, within 60 days of the date of

this Court's order, additional information establishing that the law enforcement privilege was properly asserted for the redacted content in the Amended Administrative Record, and also seek a protective order with respect to the personally-identifiable information. Plaintiff is not opposed to the submission of additional information and a request for a protective order within 60 days.

**FOIA**

3. It is the preference of both Parties that CBP be permitted to submit to this Court, for *in camera* review, within 30 days after this Court's order, the documents responsive to Plaintiff's FOIA request together with a supplemental declaration explaining the harm that would come from production of the records. The Parties respectfully raise this request while also recognizing that in the Court's March 20, 2025, Decision and Order, this Court determined that *in camera* review is not warranted at this time. This Court would determine whether release of the five pages of intra-agency emails would harm the deliberative process or impede open and candid discussions, and whether Exemption 7(E) was properly applied.

4. It is the preference of both Parties that if the Court will not perform the *in camera* review described in paragraph 3, the Parties propose that as to the FOIA claim, the Government will submit supplemental information, within 60 days after this Court's order, regarding whether release of the five pages of intra-agency emails would harm the deliberative process or impede open and candid discussions, and whether Exemption 7(E) was properly applied.

Respectfully submitted this 9th day of July 2025

MATTHEW BOROWSKI

S/MATTHEW K. BOROWSKI, ESQ.
4343 Union Road
Buffalo, New York 14225
*Attorney for Plaintiff*

MICHAEL DIGIACOMO
United States Attorney

S/MARY K. ROACH
Assistant U.S. Attorney
Western District of New York
U.S. Attorney's Office
138 Delaware Avenue
Buffalo, New York 14202
*Attorney for Defendant*