UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MATTHEW BOROWSKI,

              Plaintiff,                    **ORDER**

      v.                                      1:23-CV-00257 EAW

U.S. CUSTOMS AND BORDER
PROTECTION,

              Defendant.
_____

        Plaintiff Matthew Borowski ("Plaintiff") brings this action against defendant U.S. Customs and Border Protection ("Defendant"), asserting claims pursuant to the Administrative Procedures Act ("APA") and the Freedom of Information Act ("FOIA"). Following a telephone conference held on May 28, 2025, the Court ordered the parties to submit a second joint status report on proposed next steps in this litigation.[1] (Dkt. 74). In the Second Joint Status Report (Dkt. 78) the parties submit two alternative proposals for the APA and FOIA claims.

        Regarding the APA claim, Defendant requests leave to file a motion to dismiss this cause of action, asserting that Plaintiff's new application to the NEXUS program was recently denied thereby rendering his APA claim moot. (*Id.* at 1). Plaintiff opposes the request on the ground that any argument concerning mootness lacks merit. (*Id.*). The Court concludes that the merit of any mootness argument is best resolved through formal motion

---

[1]    Plaintiff did not appear at this telephone conference. (*See* Dkt. 74).

practice, and therefore Defendant's request is granted.  The parties' alternative proposal—that Defendant submit additional information establishing that the law enforcement privilege was properly applied to redacted content in the Amended Administrative Record (Dkt. 45), and to seek a protective order for personally identifying information contained in the Amended Administrative Record—is accordingly denied without prejudice pending the outcome of the motion to dismiss the APA claim.

Regarding the FOIA claim, the parties propose that Defendant submit, for *in camera* review, the five pages of intra-agency emails withheld pursuant to Exemption 5 with a supplemental declaration explaining the harm that would result from the production of these records, and the material withheld pursuant to Exemption 7(E).  (Dkt. 78 at 2).  Alternatively, the parties propose that Defendant submit supplemental information on the harm that would result from the release of the five intra-agency emails, and further information on whether Exemption 7(E) was properly applied.  (*Id.*).

The Court observed in its Decision and Order on the renewed motion for summary judgment that *in camera* review "is not a substitute for the government's burden of proof, and should not be resorted to lightly."  (Dkt. 65 at 44) (quoting *Halpern v. F.B.I.*, 181 F.3d 279, 295 (2d Cir. 1999)).  After careful consideration, the Court will permit Defendant to submit the five pages of intra-agency emails withheld pursuant to Exemption 5 for *in camera* review along with a supplemental declaration explaining the harm that would result from the release of these documents.  But the Court does not reach the same decision with respect to the approximately 200 pages of material Defendant withheld pursuant to Exemption 7(E).  Any *in camera* review of this material would be overly burdensome and

- 3 -

the Court cannot justify undertaking such a task where Defendant has failed to repeatedly meet its burden.  Instead, with no objection from Plaintiff, the Court will permit Defendant to submit supplemental information detailing whether Exemption 7(E) was properly applied.  Defendant is cautioned that if it fails to meet its burden on this third attempt, there is a strong likelihood that the Court will order the production of the documents.

Accordingly, it is hereby ORDERED that:

1. Defendant may file a motion to dismiss the APA claim addressing whether Plaintiff's recently denied application to the NEXUS program renders his APA claim moot, and any such motion must be filed on or before September 25, 2025, at which point the Court will issue a briefing schedule for further submissions;

2. Defendant may submit to this Court for *in camera* review, on or before August 25, 2025, the five pages of intra-agency emails withheld pursuant to Exemption 5 and a supplemental declaration explaining the harm that would result from the production of these records; and,

3. On or before September 25, 2025, Defendant may submit supplemental information detailing whether Exemption 7(E) was properly applied to the withheld material, with any response to the supplemental submission from Plaintiff due by October 16, 2025.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    July 25, 2025
          Rochester, New York