UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF NEW YORK

--------------------------------------------------------
                                              )
Matthew Borowski,                             )          Case No. 23-257
          Plaintiff                           )
                                              )
v.                                            )          RESPONSE IN OPPOSITION TO
                                              )          SUPPLEMENTAL MOTION FOR
                                              )          SUMMARY JUDGMENT
U.S. Customs and Border Protection,           )
                                              )
Defendant                                     )
--------------------------------------------------------

**PLAINTIFF'S RESPONSE IN OPPOSITION TO SUPPLEMENTAL MOTION FOR
SUMMARY JUDGMENT OF SEPTEMBER 25, 2025**

Plaintiff files this response in opposition to Defendant CBP's supplemental motion for summary judgment dated September 25, 2025, at Document 82. Defendant has submitted with this supplemental motion an amended *Vaughn* index that provides more specificity as to the redactions that were made to the FOIA response pursuant to FOIA Exemption 7(E), and now asks this Court to grant summary judgment with respect to the portions of the FOIA response that were redacted pursuant to that exemption. Plaintiff fully incorporates the statement of law and the arguments made in his Opposition to the Motion for Summary Judgment filed on September 23, 2024 at Document 61. Plaintiff opposes a grant of summary judgment and asks for full disclosure to be ordered.

Exemption 7(E) affords protection to all law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Defendant asserts that 7(E) covers "CBP's techniques and procedures related to the internal analytical processes utilized by CBP Officers as they assess risks and determine whether an individual should be admitted to or should continue to remain in the NEXUS Program." They also assert that it "includes CBP Officers' comments, investigative conclusions and determinations compiled for assessing Plaintiff's eligibility for the NEXUS program and factors considered by CBP for membership in the NEXUS program that are not publicly known. Should these factors become known, it can be anticipated that applicants and members will attempt to conceal any derogatory information on their record or withhold certain information to avoid detection and thus enable them to avoid the type of rigorous evaluation demanded by the Trusted Traveler Programs. This could result in applicants receiving membership into the NEXUS program, which would grant them expedited processing while entering the United States and these unqualified individuals would then be in a position to circumvent and frustrate Agency application of border security laws. Thus, CBP foresees that a harm to the interests protected by (b)(7)(E) is reasonably expected to occur if this information is publicly disclosed." See Document 82-2, page 1-2.

This is an extraordinary attempt to expand the scope of 7(E) exemptions far beyond what is called for by statute. CBP essentially is asserting that the eligibility criteria for a government benefit – the NEXUS program – may be shrouded in secrecy because, should the public become aware of those criteria, bad actors could take steps to make misrepresentations in order to

become beneficiaries of that government benefit. This is an absurd reading of the 7(E)

exemption, which specifically relates to techniques and procedures for law enforcement

investigations or prosecutions. NEXUS is a "Trusted Traveler Program," not an investigative or

prosecution technique or procedure.

We are currently, as a nation, undergoing a relentless push by President Donald Trump's

administration to undermine democratic checks and balances and impose authoritarian rule on

the United States of America. Congress enacted FOIA to "pierce the veil of administrative

secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*,

425 U.S. 352, 361 (1976) (internal quotation marks omitted).The 7(E) exemption must be read

very narrowly, as executive agency actions taken under the cloak of secrecy can undermine

democracy. The "exemptions are explicitly made exclusive, and must be narrowly construed."

*Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011). CBP here takes the untenable position that

"factors considered by CBP for membership in the NEXUS program" should be shielded from

FOIA release. There is no legitimate law enforcement interest under 7(E) to apply an exemption

so broadly.

     The current administration has shown that it is willing to weaponize the justice system

and all federal programs to punish dissent. It is not outside the realm of possibility, or even

likelihood, that one of the factors considered by CBP for admission into the NEXUS program is

the First Amendment protected political opinion of an applicant. Indeed, there are reports that

CBP is denying entry to the United States to foreign visitors who criticize Donald Trump. See,

e.g., "Border Patrol Checking US Visitors' Phones, Social Media: Is It Legal?," Newsweek,

available at https://www.newsweek.com/border-patrol-checking-phones-social-media-messages-

us-immigration-2048147 ("it was reported a French scientist was denied entry to Houston after

U.S. Customs and Border Protection (CBP) officers found messages criticizing President Donald Trump's cuts to science funding"). The entire purpose of FOIA would be undermined if CBP could have an internal policy of revoking NEXUS membership for anyone critical of Trump's policies. Now, CBP is seeking to incorrectly apply the 7(E) exemption to the eligibility criteria of a federal benefit program precisely so they can shroud in secrecy whatever policies are mandated by the administration. The core purpose of FOIA, which is to foster accountability and inhibit corruption, is frustrated by this exercise in authoritarian obscurity.

While the expanded descriptions of CBP's claimed exemptions are certainly interesting to read, Plaintiff cannot effectively respond to them because, absent a review of the actual redacted material, Plaintiff can only surmise at what information the government seeks to keep secret. No assumption of good faith should be afforded to an administration that repeatedly breaks the law. No assumption of good faith should be afforded to an agency that is currently deployed as a paramilitary force in American cities where its officers are attempting to murder American citizens, and then concealing evidence of their crimes. See, e.g., "Federal agent accused of shooting woman in Chicago drove work SUV to Maine; judge demands his return" available at https://www.fox32chicago.com/news/ice-agent-shot-woman-chicago-drove-work-suv-maine-judge-demands-return ("The Border Patrol agent accused of shooting Miramar Martinez, who was hit five times, drove the government-issued SUV involved in the incident all the way from Chicago to Maine, raising fresh concerns about potential evidence mishandling."). Border Patrol is a component of CBP. Unfortunately, this Court also cannot analyze whether or not the claimed exemptions properly apply because CBP, despite providing more verbose descriptions, has not provided adequate specificity in the *Vaughn* index about the types of "techniques and procedures" the withheld text in the FOIA response discusses. These continue to

be boilerplate assertions and they ought not be given any presumption of validity. Again, Plaintiff, who has never been convicted of a crime, has never circumvented the law and cannot fathom what inspection "technique or procedure" that was applied to him was taken with a genuine law enforcement concern in mind. Rather, as stated in the prior opposition to summary judgement, Plaintiff suspects that the redacted information likely shows CBP bias against him, bias which has been vocalized against him on numerous occasions since he dared to speak up and challenge the agency after a CBP officer physically attacked and injured his wife in 2013, and during the first Trump administration, for his vocal support of immigrant rights and vocal criticism for the lawless and corrupt President. Thus, the Court should either order all the records to be released in full with no redactions, or do an *in camera* review of all the withheld information to determine whether such redactions are justified.

**Dated: October 24, 2025**

                                       Respectfully submitted,

                                       _Matthew K. Borowski /s/_____
                                       Matthew K. Borowski, Esq.
                                       4343 Union Road
                                       Buffalo, NY 14225
                                       (716) 330-1503 tel
                                       (716) 710-5445 fax
                                       E-mail: matthew@borowskilaw.com

                                       *Pro Se*