# BOROWSKI WITMER IMMIGRATION LAWYERS

NEW YORK:
4343 Union Rd., Buffalo, NY 14225
716-330-1503

VIRGINIA:
7005 Backlick Ct., Ste. 201 Springfield, VA 22151
703-649-3225

**U.S. & Canadian Immigration Lawyers**

MATTHEW K. BOROWSKI (New York, Virginia, Ontario)
RYAN L. WITMER (Florida)
HARITH MAZRUI (New Jersey)

E-MAIL: staff@borowskilaw.com
FAX: 716-710-5445      WEB: www.borowskilaw.com

*Practice Elsewhere Limited to Federal Immigration Law*

Hon. Elizabeth A. Wolford
Chief United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

November 17, 2025

*Via CM/ECF*

**Re:** **1:23-cv-00257-EAW-MJR, Borowski v. Customs and Border Protection**
**Response to Motion to Dismiss**

Your Honor,

Please accept this letter in lieu of a more formal response to CBP's Motion to Dismiss dated October 24, 2025.

CBP argues in its Motion to Dismiss that they were justified in upholding the denial of my NEXUS renewal. They cite "incidents" that occurred after the filing of this lawsuit, as support for their refusal to restore my NEXUS privileges which were taken away from me in an arbitrary and capricious manner. Essentially the CBP claim is that the 2022 revocation and denial of my NEXUS renewal, which was based on purported incidents that occurred prior to the previous renewal of my NEXUS membership in 2017, is now "moot" because of a subsequent decision they made on my April 2023 re-application.

1

What CBP refers to as me "refus[ing] to answer routine inspection questions at primary inspection" was in fact a protest campaign to enforce my rights after my NEXUS pass was revoked. This protest was, in fact, announced to CBP in advance. Predictably, the CBP response to this campaign was to harass and attempt to intimidate me. CBP cites to an incident where an officer called me "crazy" for refusing to answer her questions. During that incident, the officer ordered me to go to secondary inspection and then - inexplicably - ran after my car screaming at me, proceeded to assault me by grabbing my cell phone out of my hand through my car window, and then called for a team of her fellow CBP colleagues to come and handcuff me. The CBP description of the incident makes it sounds like I am a raging lunatic who belongs in a straightjacket. The reality, of course, would be easy to discern upon review of the security footage and audio of the encounter. Conveniently, CBP has chosen to leave those out of the "administrative record" – and I have no access to them.

Other incidents, which CBP conveniently left out of their motion to dismiss but which were indeed, without a doubt, very well documented by them, include an incident where a CBP officer threw my passport at me through my car window. Immediately after that incident, I went into the building to report it. Unsurprisingly, CBP's Matthew S. Davies makes no mention of that incident in his declaration. I have had CBP officers threaten to have me arrested, call me insulting names, make personal attacks -- all for simply refusing to answer their questions. To be fair (not that CBP is being fair), the majority of the CBP officers understood my right to protest and many even offered words of encouragement or expressed dissatisfaction with the way the agency handles NEXUS pass issues. But the zealous minority of cavalier agents, armed with guns, and very much predisposed against the idea of the citizenry standing up for their rights - are intimidating to most people, but not to me.

My small act of "flexing" my rights by refusing to engage in compelled speech, luckily, did not end with me riddled with bullets or locked in a jail cell – just arrested and harassed, and again denied my NEXUS pass. I'm not sure I would have been as bold had the Trump regime already been in power. Now, DHS officers are unleashing a campaign of terror on American cities, shooting citizens in the back, violently beating and tear gassing citizens engaging in lawful assembly -- it is clear that this agency is rotten to its core and the citizens have lost the battle for a democratic government accountable to the people. Such is the result of Supreme Court decisions such as Citizens United. Fascism has taken root, but make no mistake -- it has been germinating for a long time.

CBP now argues that the case or controversy is moot. They claim that this Court can do nothing more than order CBP to re-evaluate its decision to strip me of my NEXUS pass. They claim that I availed myself of "this exact remedy in every practical sense" by voluntarily filing a new application for NEXUS membership on April 12, 2023. Well, that remedy, if it truly is all that the APA allows for, is clearly illusory, as CBP treats the NEXUS pass as a private club that it has carte blanche to control access to. A bit, perhaps, like Mar-A-Lago.

In true dystopian fashion, CBP claims that "By filing a new application, Borowski afforded himself of the only appropriate relief available should the Court find that CBP's actions were arbitrary and capricious with respect to the first final agency action. Thus, Borowski's APA claim should be dismissed as moot, as there is no further relief that can be granted."

Federal courts may also issue declaratory relief—a legal judgement stating the rights and obligation of relevant parties—under the Declaratory Judgement Act. 28 U.S.C. § 2201. This Court is not limited to merely asking CBP to re-do the matter. This Court can hold the executive

agency to the law and to the Constitution. This Court can find that CBP's actions were retaliatory. The Court can agree that the denial of my NEXUS pass renewal and the revocation in 2022, based upon events that took place prior to the previous 2017 renewal, was arbitrary and capricious. After all, why wasn't the pass revoked in 2017 if those "incidents" disqualified me? Was it the fact that I spoke out against Trump at the Immigration Court in Buffalo? Was it the fact that I sued a CBP officer and the lawsuit was still ongoing in 2017, but after the dismissal of the lawsuit, it was fair game to retaliate against me?

CBP is claiming that the "incidents" that occurred as part of my lawful protest against CBP's unlawful revocation of my action form a valid reason to deny my subsequent NEXUS re-application. They argue that the mere fact that I re-applied moots out this court's jurisdiction to review the previous denial and revocation. No, it doesn't. If this Court finds that CBP's actions were arbitrary and capricious, this Court has the power to issue injunctive relief. The APA authorizes federal courts to set aside agency action found to be unlawful or arbitrary and capricious. 5 U.S.C. § 706. Thus, the Court has the power to set the contours of how CBP decides NEXUS program approvals and revocations -- especially if the agency does so for an impermissible purpose, such as restricting free speech. It is clear from the CBP declaration and the documents filed with the Motion to Dismiss that the reasons the CBP is using -- claiming "uncooperative" or "argumentative" or "confrontational" "behavior" -- by behavior CBP really means "speech."

Using the word "behavior" does not take away from the fact that all of the "incidents" CBP is complaining about involve me speaking. Their explanations of me remaining in my car or refusing to comply with their orders lack any temporal specificity. It is a common tactic of police officers, CBP included, to make wild claims of noncompliance that are belied by the temporal

specifics. It's easy to say that I didn't comply with some request immediately, but when the truth comes out -- which is that I did comply, it just took me a few seconds to process it before "complying" -- then the reality becomes known. Police love to play these mind games. At the core, this is all about free speech. CBP wants people to comply without questioning anything. They ask me if I have any weapons, so I ask what is their definition of a weapon -- suddenly this is seen as non-compliance. Well, I'm a lawyer, and I don't answer questions that are vague. To violate my free speech as a result is an offense of immense proportions.

The executive branch wants absolute power. It wanted it during Biden, and it wanted it during Obama. It wants it even more under the Trump regime. Courts are an annoyance to a power-hungry aspiring king. This Court absolutely must, for the sake of our country and democracy, make it clear that it not only has jurisdiction over this matter, no matter what the corrupt executive branch thinks, but it must also make it clear that it will act as a balance against that executive branch that wishes to dissolve democracy as we know it. Indeed, jurisdiction to review agency action is conferred by 28 U.S.C. § 1331, and the Administrative Procedure Act is not an independent grant of jurisdiction. See *Califano v. Sanders*, 430 U.S. 99, 105-07 (1977).

DHS has made itself evident as the modern-day American Gestapo. If the Courts refuse to stop CBP, ICE, and HSI from their unbridled abuses of power, America will cease to exist as we know it. This is not hyperbole, this is the reality today.

 Sincerely,

___/s/ Matthew Borowski____

Matthew Borowski
*Pro Se*