UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW BOROWSKI

                      Plaintiff,                      1:23-CV-257-EAW

v.

U.S. CUSTOMS AND BORDER PROTECTION

                      Defendant.
_____


**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**


                                      MICHAEL DIGIACOMO
                                      United States Attorney
                                      MICHAEL S. CERRONE
                                      Assistant U.S. Attorney
                                      U.S. Attorney's Office
                                      Western District of New York
                                      138 Delaware Avenue
                                      Buffalo, New York 14202
                                      716-843-5851
                                      michael.cerrone@usdoj.gov

i

## INTRODUCTION

This Reply Memorandum of Law is submitted on behalf of Defendant U.S. Customs and Border Protection ("CBP") in further support of its motion to dismiss Plaintiff Matthew Borowski's ("Borowski") Administrative Procedure Act ("APA") claim on the grounds of mootness.

## ARGUMENT

## POINT I

## BOROWSKI'S APA CLAIM IS MOOT

In opposition to CBP's motion, Borowski first disputes CBP's factual contentions regarding the border incidents that supported the 2022 and 2025 denials of his NEXUS pass applications. Dkt. # 88, pp. 1-2. However, it is not necessary for the Court to resolve the factual dispute about what occurred during these incidents in order to decide CBP's mootness motion. Rather, Borowski's APA claim is moot for the simple reason that Borowski re-applied for a NEXUS pass after his 2022 denial, that additional border incidents occurred after the 2022 denial, and that CBP issued a new denial in 2025 based on those new incidents. Those facts – which Borowski does not and cannot dispute -- is sufficient to render Borowski's suit concerning the 2022 denial moot.

Borowski next asserts that "[t]his Court is not limited to merely asking CBP to re-do the matter," arguing that the Court may issue declarative or injunctive relief rather than just vacating and remanding if the Court finds that CBP acted arbitrarily or capriciously. Dkt. # 88, pp. 3-4. This is incorrect as "[i]n the usual case, when an agency violates its obligations under the APA, we will vacate a judgment and remand to the agency to conduct further proceedings." Guertin v. United States, 743 F.3d 382, 388 (2d Cir. 2014). Thus, the typical

relief in an APA case is vacate and remand. Indeed, the text of the APA itself prescribes the available remedy: "[t]he reviewing court shall— … hold unlawful and set aside agency action." 5 U.S.C. § 706(2). Moreover, even if declaratory or injunctive relief were available in an action like this, the "case or controversy" requirement that underpins the mootness doctrine also applies to the Declaratory Judgment Act and requests for injunctive relief. Marshall v. New York State Pub. High Sch. Athletic Ass'n, Inc., 374 F. Supp. 3d 276, 285 (W.D.N.Y. 2019) (Wolford, C.J.). Accordingly, if Borowski's APA claim is moot then so is any request for declaratory or injunctive relief.

Lastly, Borowski argues that the Court "has the power to set the contours for how CBP decides NEXUS program approvals and revocations." Dkt. # 88, p. 4. Borowski, of course, cites to no authority for this proposition. In fact, the contours for determining NEXUS pass applications are laid out in CBP's Federal Register Notice and on its website, as the Court explained in its February 21, 2024 Decision and Order. Dkt. # 29, pp. 13-14, n.7.

In sum, Borowski has failed to directly confront CBP's mootness argument. He has cited to no cases that addressed the mootness doctrine. And, he has utterly failed to explain how the 2022 denial is still a live controversy in light of CBP's 2025 denial.

## CONCLUSION

For the foregoing reasons, CBP's motion to dismiss should be granted.

DATED: Buffalo, New York, November 24, 2025

                                    MICHAEL DIGIACOMO
                                    United States Attorney

BY:    s/MICHAEL S. CERRONE
        Assistant U.S. Attorney
        U.S. Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        716-843-5851
        michael.cerrone@usdoj.gov