

**BOROWSKI WITMER IMMIGRATION LAWYERS**

NEW YORK:
4343 Union Rd., Buffalo, NY 14225
716-330-1503

VIRGINIA:
7005 Backlick Ct., Ste. 201 Springfield, VA 22151
703-649-3225

U.S. & Canadian Immigration Lawyers

MATTHEW K. BOROWSKI (New York, Virginia, Ontario)
RYAN L. WITMER (Florida)
HARITH MAZRUI (New Jersey)

E-MAIL: staff@borowskilaw.com
FAX: 716-710-5445    WEB: www.borowskilaw.com

*Practice Elsewhere Limited to Federal Immigration Law*

Hon. Elizabeth A. Wolford
Chief United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

November 24, 2025

*Via CM/ECF*

Re:   1:23-cv-00257-EAW-MJR, Borowski v. Customs and Border Protection
      Sur-Reply to Government's Motion to Dismiss

Your Honor,

Please accept this letter in lieu of a more formal response to CBP's Reply Memorandum of Law In Support of Motion to Dismiss dated November 24, 2025.

CBP claims that the Court need not consider CBP's factual contentions in order to decide CBP's "mootness motion." They claim that "Borowski's APA claim is moot for the simple reason that Borowski re-applied for a NEXUS pass after his 2022 denial, that additional border incidents occurred after the 2022 denial, and that CBP issued a new denial in 2025 based on those new incidents."

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome." *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)

1

(quoting *Powell v. McCormack*, 395 U.S. 486, 498 (1969)). See also, e.g., *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (same); *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (same). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie*, 529 U.S. at 287) (internal quotation marks omitted).

CBP contends, without any support, that this Court cannot grant declaratory nor injunctive relief. The text of the APA, which they cite, itself prescribes the available remedy: "[t]he reviewing court shall— … hold unlawful and set aside agency action." 5 U.S.C. § 706(2). Would holding something unlawful not be a synonym for a declaratory judgment? Would "setting aside agency action" not be a synonym for "injunctive relief"?

This Court can order CBP to re-evaluate their decision to revoke/deny my NEXUS pass. I would like to subpoena the CBP officers who made the false entries and notes, and question them about their actions and the statements they made against me. I would like to subpoena video and audio footage that CBP possesses, to show that their allegations are false and embellished. In a land where government action is arbitrary, there exists no rule of law and corruption and lawlessness will take root.

I was forced to leave Canada and return to the U.S. because cross-border commuting became untenable after CBP revoked my NEXUS. They accomplished their goal of inconveniencing me and creating an existential crisis in my daily life.

CBP provides absolutely no support for its contention that no case or controversy continues to exist. CBP's revocation/denial of my NEXUS pass injured me, and continues to injure me. I continued engaging in protected speech and CBP proceeded to continue to injure me

by refusing to return my NEXUS pass to me. The case and controversy continues to exist and has not been changed or modified in any appreciable way. Simply saying it so doesn't make it so. The lawsuit isn't about the 2025 NEXUS denial, it is about the 2022 NEXUS denial/revocation. Just because CBP continued to break the law and behave in an arbitrary and capricious manner doesn't mean the lawsuit dealing with their earlier violations of law is now moot.

With respect to authority for this Court to set the contours of how CBP decides NEXUS program approvals and revocations, the current executive branch administration does not view the judicial branch as a legitimate branch of government, so of course they don't believe that a federal judge has the power to do anything, except maybe indicting their political enemies. That is why they routinely flout judicial orders and their leader, a convicted felon, routinely threatens and insults federal judges. This Court absolutely can issue an order directing CBP to not discriminate on the basis of a constitutionally protected right in its administration of a benefit program. Otherwise CBP can continue to violate people's rights due to their ethnic background, political opinion, gender orientation, or any other basis that suits the fancy of their dangerously unqualified chain of command. The fact that it took several years of litigation just to get CBP to actually articulate their purported reasons for revocation of my NEXUS pass, is in and of itself troubling. That being said, in the event that this Court believes that the 2025 denial of my NEXUS pass moots out the 2022 denial, it should allow leave to amend the complaint to incorporate CBP's continued illegal actions against me and the 2025 denial.

Sincerely,

___/s/ Matthew Borowski____

Matthew Borowski
*Pro Se*