UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MATTHEW BOROWSKI,

Plaintiff,

v. 1:23-cv-257

CUSTOMS AND BORDER PROTECTION,

Defendant.

**MEMORANDUM OF LAW**

Pursuant to the Court's August 31, 2026 Text Order, Dkt. # 99, Petitioner submits briefing on the issue of whether the remaining claim should be tried as a bench trial.

An APA claim is ordinarily reviewed under the deferential standard of 5 U.S.C. § 706(2)(A), but this does not foreclose a bench trial. The administrative record rule is not absolute. Extra-record inquiry, including testimony, may be appropriate where the administrative record is inadequate to permit effective judicial review, where formal findings are absent, or where there is a strong showing of bad faith or improper conduct. *National Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14–15 (2d Cir. 1997); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971).

Those concerns are present here. The existing record does not conclusively establish CBP's actual contemporaneous reasons for revoking Plaintiff's NEXUS membership, whether the record contains all materials directly or indirectly considered by the agency, whether CBP applied its published eligibility criteria, or whether its asserted rationale is post hoc. These are threshold questions concerning the completeness and integrity of the administrative record. Accordingly, a bench trial under Rule 52, limited to those issues and followed by the Court's application of § 706(2)(A), is appropriate.

Defendant will likely argue that a bench trial is inappropriate in the context of an APA claim, but the authorities they cite establish only that summary disposition is generally appropriate in APA cases; they do not hold that it is mandatory where the adequacy and completeness of the administrative record remain genuinely disputed.

Defendant conflates the scope of APA review with the procedural mechanism by which that review may be conducted. *Kakar* involved cross-motions for summary judgment concerning a completed USCIS adjudication supported by a certified administrative record; it did not announce a categorical prohibition against a Rule 52 proceeding or judicial factfinding necessary to identify the challenged agency action, assess the completeness of the record, or determine whether an exception to ordinary record review applies. *Kakar v. USCIS*, 29 F.4th 129, 131–34 (2d Cir. 2022). Indeed, the Second Circuit has applied Rule 52 following a trial of an APA claim and upheld the admission of testimonial and documentary evidence for those limited purposes. *County of Suffolk v. Sec'y of Interior*, 562 F.2d 1368, 1376–77, 1384–85 (2d Cir. 1977); see also *Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14–15 (2d Cir. 1997). And in *NRDC v. Fox*, the district court denied summary judgment on claims under §§ 706(1) and 706(2)(A) because genuine factual disputes remained for resolution. 30 F. Supp. 2d 369, 379–83 (S.D.N.Y. 1998). Plaintiff does not ask the Court to substitute its judgment for CBP's; trial is necessary to determine the disputed factual predicates without which meaningful review of CBP's conduct cannot occur. See also *Biden v. Texas*, 597 U.S. 785, 794–95 (2022) (the Supreme Court noted that the district court conducted a one-day bench trial and then found DHS's action arbitrary and capricious under the APA. The Supreme Court ultimately reversed on other statutory and final-agency-

action grounds; it did not suggest that resolving the APA case after a bench trial was procedurally impermissible).

Respectfully submitted this 10th day of September, 2026

MATTHEW BOROWSKI
S/MATTHEW K. BOROWSKI, ESQ.
4343 Union Road
Buffalo, New York 14225
*Plaintiff*